IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Aladdin Knowledge Systems, Ltd.,<br>15 Beit Oved Street<br>Tel Aviv 61110, Israel<br><br>               Plaintiff,<br><br>   v.<br><br>Feitian Technologies Co., Ltd.,<br>Bldg. 7A, 5th Floor, No. 40 Xueyuan Road<br>Haidian District<br>Beijing, P.R. China 100083<br>         and<br>RF Ideas, Inc., d/b/a Security Tokens,<br>4238 B Arlington Heights Road<br>Arlington Heights, IL 60004<br>         and<br>AZ-Tech Software, Inc.,<br>210 East Franklin Street, Suite 11<br>Richmond, MO 64085-1893<br>         and<br>Softkey E-Solution Sdn Bhd,<br>5-20, Menara KLH Business Centre<br>Lebuhraya Damansara Puchong<br>Slangor Darul Ehsan, Malaysia<br>         and<br>Novaris Innovative Technologies,<br>Koninksweg 28<br>7597 LW Saasveld<br>The Netherlands<br>         and<br>Future Systems, Inc.,<br>7F, 8F Koland Bldg.<br>1009-1 Daechi-dong, Kangnum-Gu<br>Seoul, South Korea 135-851<br>         and<br>RS-Computer<br>12 Elkland Road<br>Melville, NY 11747<br>         and<br>OpenFortress Digital signatures<br>Haarlebrink 5, 7544 WP Enschede<br>The Netherlands | :<br>:<br>:<br>:<br>:<br>:<br>:  CIVIL ACTION<br>:  NO. _____<br>:<br>:<br>:<br>:<br>:<br>:<br>:  JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

|  |  |
|---|---|
| and | : |
| Secure Technology, Inc. | : |
| 7220 San Miguel Drive | : |
| Port Richey, Florida 34668 | : |
|  | : |
| Defendants. | : |

## COMPLAINT

Plaintiff Aladdin Knowledge Systems, Ltd. avers as follows in support of its complaint against Defendants Feitian Technologies Co., Ltd.; RF Ideas, Inc., d/b/a Security Tokens, AZ-Tech Software, Inc., Softkey E-Solution Sdn Bhd, Novaris Innovative Technologies, Future Systems, Inc., RS-Computer, OpenFortress Digital signatures, and Secure Technology, Inc.:

## INTRODUCTION

1. This is an action against Defendants, and each of them, for patent infringement arising out of the lucrative business of computer software protection security and enterprise security products. This patent infringement action against Defendants arises under United States Patent Act, 35 U.S.C. § 101 et seq., for infringing two patents: (a) United States Patent No. 6,748,541 entitled "User-Computer Interaction Method For Use By A Population Of Flexibly Connectable Computer Systems," (the " '541 patent"); and (b) United States Patent No. 6,763,399 entitled "USB Key Apparatus For Interacting With A USB Host Via A USB Port," (the " '399 patent").

## PARTIES

2. Aladdin Knowledge Systems, Ltd. (hereinafter "Aladdin") is a corporation organized and existing under the laws of Israel, with a principal place of business located at 15 Beit Oved Street, Tel Aviv 61110, Israel, and a website address at www.aladdin.com. Aladdin is a global leader in digital security, providing solutions for software Digital Rights Management and Internet security since 1985. Over the decades Aladdin has expended considerable resources

2

on research and development to develop its own proprietary technology. Aladdin has obtained United States and foreign patents that protect its investment in this technology.

3.  Upon information and belief, Defendant Feitian Technologies Co., Ltd. (hereinafter "Feitian") is a limited company existing under the laws of China, with a principal place of business located at Bldg 7A, 5th Floor, No.40 Xueyuan Road, Haidian District, Beijing, P.R China, and a website address at www.ftsafe.com. Feitian sells, offers for sale and advertises infringing products in this District through its English-language interactive Internet website and other sources, as well as through Defendants, identified by Feitian as its "Solutions Partners" for direct sales of the infringing products exported by Feitian throughout the United States and to this District. Hyperlinks to other Defendants' websites are contained on Feitian's website. Upon information and belief, more than 30% of Feitian's exports, including exports of infringing products, are directed to the United States. Feitian advertises in the United States and in this District and regularly participates in industry-specific conferences in the United States. Upon information and belief, Feitian has employees in the United States.

4.  Upon information and belief, Defendant RF Ideas, Inc., d/b/a Security Tokens, Inc. ("RF Ideas") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 4238 B Arlington Heights Road # 244, Arlington Heights, IL 60004, and a website address at www.securitytokens.com. RF Ideas is a "Solutions Partner" of Feitian for direct sales of the infringing products and holds itself out as one of Feitian's U.S. distributors of the infringing products. Upon information and belief, an officer, director or manager of RF Ideas is a former employee of Aladdin's wholly owned U.S. subsidiary, Aladdin Knowledge Systems, Inc. RF Ideas offers for sale, sells and advertises

infringing products in this District through its active Internet website, which also contains a hyperlink to Feitian's website, and through other sources.

5. Upon information and belief, Defendant AZ-Tech Software, Inc. ("AZ-Tech") is a corporation organized and existing under the laws of the State of Missouri, with a principal place of business located at 201 East Franklin Street, Suite 11, Richmond, MO 64085-1893, and a website address at www.az-tech.com. AZ-Tech is a "Solutions Partner" of Feitian for direct sales of the infringing products and describes itself as one of Feitian's partners for the sale of the infringing products. AZ-Tech offers for sale, sells and advertises infringing products in this District through its active Internet website, which contains contact information for Feitian and which contains hyperlinks to user guides, copyrighted by Feitian, for the infringing products.

6. Upon information and belief, Defendant Softkey E-Solution Sdn Bhd ("Softkey") is a corporation organized and existing under the laws of Malaysia, with a principal place of business located at 5-20 (5th Lobby, 5th Floor No. 20), Menara KLH Business Centre, Lebuhraya Damansara Puchong, 47100 Puchong, Selangor Darul Ehsan, Malaysia, and a website address at www.rockey.com.my. Softkey is a "Solutions Partner" of Feitian for direct sales of the infringing products. Softkey also holds itself out as the South East Asia regional representative of Feitian and offers for sale, sells and advertises infringing products in this District through its active English-language Internet website, and through other sources.

7. Upon information and belief, Defendant Novaris Innovative Technologies ("Novaris") is a corporation organized and existing under the laws of the Netherlands, with a principal place of business located at Koninksweg 28, 7597 LW Saasveld, The Netherlands, and a website address at www.novaris.nl.com. Novaris offers for sale, sells and advertises infringing

4

products in this District through its active English-language Internet website, which contains a hyperlink to Feitian's website, and through other sources.

8.      Upon information and belief, Defendant Future Systems, Inc. ("Future Systems") is a corporation organized and existing under the laws of South Korea, with a principal place of business located at 7F, 8F Koland Bldg., 1009-1, Daechi-dong, Kangnum-Gu, Seoul, South Korea, 135-851, and a website address at www.future.co.kr.com. Future Systems is a "Solutions Partner" of Feitian for direct sales of the infringing products. Future Systems offers for sale, sells and advertises infringing products in this District through its English-language Internet website and through other sources.

9.      Upon information and belief, Defendant RS-Computer is a commercial business entity existing under the laws of Germany with a principal place of business located at 12 Elkland Road, Melville, NY 11747, and a website address at www.rs-computer.com. RS-Computers is a "Solutions Partner" of Feitian for direct sales of the infringing products. RS-Computer offers for sale, sells and advertises infringing products in this District through its active English-language Internet website and through other sources.

10.     Upon information and belief, Defendant OpenFortress Digital signatures ("OpenFortress") is a commercial business entity existing under the laws of The Netherlands, with a principal place of business located at Haarlebrink 5, 6544 WP Enschede, The Netherlands, and a website address at www.openfortress.com. OpenFortress is a "Solutions Partner" of Feitian for direct sales of the infringing products. OpenFortress offers for sale, sells and advertises infringing products in this District through its active English-language Internet website, which contains a hyperlink to Novaris' website, and thereby to Feitian's website, and through other sources.

11. Upon information and belief, Defendant Secure Technology, Inc. ("Secure Technology") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 7220 San Miguel Drive, Port Richey, FL 34668, and a website address at www.secure-technology.com. Secure Technology is a "Solutions Partner" of Feitian for direct sales of the infringing products. Secure Technology offers for sale, sells and advertises infringing products in this District through its Internet website, and through other sources.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a).

13. This Court has jurisdiction over this action under 28 U.S.C. § 1338(a) because the action arises under the laws of the United States and because the suit involves a Federal question.

48. Upon information and belief, Defendants, and each of them, specifically intended to interact with Delaware residents through their respective interactive commercial websites and did so act.

15. Upon information and belief, Defendants, and each of them, purposefully availed themselves of conducting activity in Delaware, including by directly targeting their respective interactive commercial websites to Delaware or knowingly interacting with residents of Delaware through their respective interactive commercial websites.

16. Upon information and belief, residents of Delaware have accessed the respective interactive commercial websites of Defendants and have conducted business through the websites in this District.

17. Upon information and belief, Defendants, and each of them, intentionally and knowingly transacted business with residents of Delaware and had other significant contacts with this District besides those generated by their respective commercial Internet websites.

18. This Court may exercise personal jurisdiction over Defendants because, individually and collectively, they regularly and continuously conduct business in the State of Delaware and in this District and because a substantial part of the committed acts of infringement giving rise to Aladdin's claims occurred and are continuing to occur in the State of Delaware and in this District. Further, the acts of infringement have caused and continue to cause harm to Aladdin in this District. In addition, RF Ideas and Secure Technology are Delaware corporations.

19. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) and 1400(b) in that Defendants have committed and are committing acts of infringement in this judicial district and/or the claims substantially arose in this judicial district as a result of acts committed by Defendants within this judicial district in the course of Defendants doing business in this District.

## BACKGROUND FACTS

20. Yanki Margalit and Dany Margalit invented the subject matter of the '541 patent, a copy of which is attached as Exhibit "A," and the United States Patent and Trademark Office duly and legally issued the '541 patent on June 8, 2004. Aladdin is the owner of the '541 patent by virtue of an assignment from Messrs. Margalit of all right, title and interest in and to the '541 patent.

21. Yanki Margalit, Dany Margalit, and Rami Kastershtien invented the subject matter of the '399 patent, a copy of which is attached as Exhibit "B," and the United States Patent and Trademark Office duly and legally issued the '399 patent on July 13, 2004. Aladdin

is the owner of the '399 patent by virtue of an assignment from Yanki Margalit, Dany Margalit, and Rami Kastershtien of all right, title and interest in and to the '399 patent.

22.     Effective May 1, 1997, Aladdin and Feitian entered into a Distribution Contract, a copy of which is attached as Exhibit "C," pursuant to which Aladdin granted Feitian a non-exclusive license to market and distribute certain Aladdin products in certain provinces of China.

23.     During the term of the Distribution Contract, Aladdin provided Feitian with Aladdin's hardware based (i.e., portable key) computer software protection and enterprise security devices for resale by Feitian in certain provinces of China. The devices provided by Aladdin to Feitian for resale by Feitian are disclosed and claimed in the '399 and '541 patents.

24.     During the term of the Distribution Contract, Feitian had unfettered access to the products provided to it by Aladdin for resale, including the types of internal and external components used in the products as well as their mechanical and electrical arrangements and connections.

25.     Following Feitian's breach of the Distribution Contract, Aladdin terminated the Distribution Contract in or around October 1999.

26.     Feitian manufactures hardware based (i.e., portable key) computer software protection and enterprise security devices and sells such devices to customers directly and through the other Defendants who are distributors in the United States and elsewhere under the trademarks "Rockey" and "ePass." Feitian's Internet website is an interactive commercial English-language website that describes the "Rockey" and "ePass" products and offers those products for sale. Hyperlinks to each of the English-language Internet websites of RF Ideas, AZ-Tech, Softkey, Novaris, Future Systems, RS-Computer, OpenFortress, and Secure Technology are contained on or through Feitian's website.

27.  Feitian's "Rockey" and "ePass" products infringe either or both of Aladdin's '399 and '541 patents.

28.  Feitian exports, distributes and sells products that infringe either or both of Aladdin's '399 and '541 patents in the United States and in this District.

29.  Upon information and belief, RF Ideas, AZ-Tech, Softkey, Novaris, Future Systems, RS-Computer, OpenFortress, and Secure Technology are United States importers and resellers of Feitian's "Rockey" and "ePass" products. Feitian's infringing products are described on, and purchases of them may be made directly from, the active commercial websites of RF Ideas, AZ-Tech, Softkey, Novaris, RS-Computer, and OpenFortress.

30.  Defendants, and each of them, have infringed and will continue to infringe either or both of the '399 and '541 patents in the United States and within this District by using, selling, offering to sell, or importing Feitian's "Rockey" and "ePass" products.

## COUNT I
### (Patent Infringement of the '541 Patent)

31.  The allegations set forth in paragraphs 1 through 30 are incorporated by reference as if fully set forth.

32.  Upon information and belief, Defendants, and each of them, in violation of 35 U.S.C. § 271, have been and are currently infringing the '541 patent in the United States and within this District by, among other things, making, using, offering to sell or selling, without authority or license from Aladdin, infringing software and hardware products, including at least Aladdin's HASP, eSafe and eToken family of products and all versions thereof (collectively, the "'541 Accused Products").

33.  Upon information and belief, Defendants, and each of them, have actively induced and are currently actively inducing the infringement of the '541 patent, including at least

claims 1 through 11, in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to use infringing software and hardware products without license or authority from Aladdin, including at least the '541 Accused Products. Upon information and belief, these third parties have infringed and will infringe the '541 patent, in violation of 35 U.S.C. § 271(a) by using Defendants' infringing software and hardware products, including some or all of the '541 Accused Products.

34. Upon information and belief, Defendants, and each of them, have contributorily infringed and are currently contributorily infringing the '541 patent, in violation of 35 U.S.C. § 271(c), by selling or offering for sale to third parties in the United States and in this District, without authority or license from Aladdin, infringing software and hardware products, including at least the '541 Accused Products, designed to practice the methods of the '541 patent.

35. Upon information and belief, each of the '541 Accused Products is material or apparatus for use in practicing a patented process, which constitutes a material part of the invention of the '541 patent.

36. Upon information and belief, Defendants, and each of them, have sold or offered to sell, and continues to sell or offer to sell, the '541 Accused Products, knowing that the '541 Accused Products are especially made or especially adapted for use in infringement of the '541 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use. Upon information and belief, these third parties have infringed and will continue to infringe the '541 patent, in violation of 35 U.S.C. § 271(a) by using Defendants' infringing software and hardware products, including some or all of the '541 Accused Products.

37. Upon information and belief, infringement of the '541 patent by Defendants, and each of them, has been and continues to be willful.

38.    Unless enjoined, Defendants, and each of them, will continue to infringe the '541 patent, and Aladdin will suffer irreparable injury as a direct and proximate result of the conduct of each of the Defendants. Aladdin has been damaged by the conduct of each of the Defendants and until an injunction issues will continue to be damaged in an amount yet to be determined.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Aladdin Knowledge Systems, Ltd. prays for relief against Defendants, and each of them, as follows:

A.    For a judicial determination and a declaration that the patent-in-suit, the '541 patent, is valid and enforceable;

B.    For a judicial determination and a declaration that Defendants infringe the patent-in-suit, the '541 patent, and that Defendants' infringement is willful;

C.    For an order preliminarily and permanently enjoining Defendants, and their respective officers, directors, employees, partners, subsidiaries, parents, employees, agents, representatives, successors, assigns, attorneys, and all persons in active concert or participation with any of the foregoing from further acts of infringement, contributory infringement, or inducement of infringement of the patent-in-suit, the '541 patent;

D.    For damages resulting from Defendants' infringement of the patent-in-suit, the '541 patent, and the trebling of such damages due to the willful nature of Defendants' infringement;

E.    For an award of interest on damages;

F.    For a declaration that this case is exceptional pursuant to 35 U.S.C. § 285 and an award of attorney's fees and costs; and,

G.    For an award of such other and further relief as the Court deems just and proper.

## COUNT II
### (Patent Infringement of the '399 Patent)

39. The allegations set forth in paragraphs 1 through 38 are incorporated by reference as if fully set forth.

40. Upon information and belief, Defendants, and each of them, in violation of 35 U.S.C. § 271, in the United States and within this District have been and are currently infringing the '399 patent, by, among other things, making, using, offering to sell and/or selling, without authority or license from Aladdin, infringing software and hardware products, including at least Aladdin's HASP, eSafe and eToken family of products and all versions thereof (collectively, the " '399 Accused Products").

41. Upon information and belief, Defendants, and each of them, have actively induced and are currently actively inducing the infringement of the '399 patent, in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to use infringing software and hardware products without license or authority from Aladdin, including at least the '399 Accused Products. Upon information and belief, these third parties have infringed and will infringe the '399 patent, in violation of 35 U.S.C. § 271(a) by using Defendants' infringing software and hardware products, including some or all of the '399 Accused Products.

42. Upon information and belief, Defendants, and each of them, have contributorily infringed and are currently contributorily infringing the '399 patent, in violation of 35 U.S.C. § 271(c), by selling or offering for sale to third parties in the United States and in this District without authority or license from Aladdin, infringing software and hardware products, including at least the '399 Accused Products, designed to practice the methods of the '399 patent.

43. Upon information and belief, each of the '399 Accused Products is material or apparatus for use in practicing a patented process, which constitutes a material part of the invention of the '399 patent.

44. Upon information and belief, Defendants, and each of them, have sold or offered to sell, and continues to sell or offer to sell, the '399 Accused Products, knowing that the '399 Accused Products are especially made or especially adapted for use in infringement of the '399 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use. Upon information and belief, these third parties have infringed and will continue to infringe the '399 patent, in violation of 35 U.S.C. § 271(a) by using Defendants' infringing software and hardware products, including some or all of the '399 Accused Products.

45. Upon information and belief, infringement of the '399 patent by Defendants, and each of them, has been and continues to be willful.

46. Unless enjoined, Defendants, and each of them, will continue to infringe the '399 patent, and Aladdin will suffer irreparable injury as a direct and proximate result of the conduct of each of the Defendants. Aladdin has been damaged by the conduct of each of the Defendants and until an injunction issues will continue to be damaged in an amount yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Aladdin Knowledge Systems, Ltd. prays for relief against Defendants, and each of them, as follows:

A. For a judicial determination and a declaration that the patent-in-suit, the '399 patent, is valid and enforceable;

B. For a judicial determination and a declaration that Defendants infringe the patent-in-suit, the '399 patent, and that Defendants' infringement is willful;

C. For an order preliminarily and permanently enjoining Defendants, and their respective officers, directors, employees, partners, subsidiaries, parents, employees, agents, representatives, successors, assigns, attorneys, and all persons in active concert or participation with any of the foregoing from further acts of infringement, contributory infringement, or inducement of infringement of the patent-in-suit, the '399 patent;

D. For damages resulting from Defendants' infringement of the patent-in-suit, the '399 patent, and the trebling of such damages due to the willful nature of Defendants' infringement;

E. For an award of interest on damages;

F. For a declaration that this case is exceptional pursuant to 35 U.S.C. § 285 and an award of attorney's fees and costs; and,

G. For an award of such other and further relief as the Court deems just and proper.

KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP

Dated: March 11, 2005        BY:    /s/ David S. Eagle
David S. Eagle (Del. Bar 3387)
Patrick A. Costello (Del. Bar 4535)
919 Market Street, Suite 1000
Wilmington, DE 19801-3602
(302) 552-5508
Deagle@Klehr.com
Pcostello@Klehr.com

and

Michael K. Coran
Mary Ellen O'Laughlin
Damian Biondo
260 South Broad Street, 4th Floor
Philadelphia, PA 19102
Telephone: 215-568-6060
Attorneys for Plaintiff
Aladdin Knowledge Systems, Ltd.

PHIL1 601828-3