IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALADDIN KNOWLEDGE SYSTEMS, LTD., <br><br> Plaintiff, <br><br> v. <br><br> FEITIAN TECHNOLOGIES CO., LTD., RF IDEAS, INC., d/b/a SECURITY TOKENS, AZ-TECH SOFTWARE, INC., SOFTKEY E-SOLUTION SDN BHD, NOVARIS INNOVATIVE TECHNOLOGIES, FUTURE SYSTEMS, INC., RS-COMPUTER, OPENFORTRESS DIGITAL SIGNATURES, and SECURE TECHNOLOGY, INC., <br><br> Defendants. | C.A. No. 05-149-GMS |

## RS-COMPUTER'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO QUASH SERVICE AND DISMISS FOR LACK OF PERSONAL JURISDICTION

MORRIS, NICHOLS, ARSHT & TUNNELL
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
   Attorneys for Defendant RS-Computer

OF COUNSEL:

Matthew G. Reeves
LOCKE LIDDELL & SAPP LLP
600 Travis, Suite 600
Houston, TX  77002-3095
(713) 226-1200

May 6, 2005

# TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF CITATIONS | ii |
| INTRODUCTION | 1 |
| STATEMENT OF FACTS | 1 |
| ARGUMENT | 1 |
| I. THE COURT SHOULD QUASH PLAINTIFF'S ATTEMPT TO SERVE RS. | 1 |
| II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION. | 2 |
|     A. Legal Standards. | 2 |
|     B. RS Does Not Have Minimum Contacts With The State Of Delaware. | 3 |
|     C. The Court's Assertion Of Personal Jurisdiction Over RS Would Violate Traditional Notions Of Fair Play And Substantial Justice. | 4 |
| CONCLUSION | 5 |

# TABLE OF CITATIONS

| Cases | Page(s) |
|---|---|
| *Asahi Metal Industries, Co. v. Superior Court*, 480 U.S. 192 (1987) | 2 |
| *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816 (8th Cir. 1994) | 2 |
| *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) | 2 |
| *Commissariat a l'Energie Atomique v. Chi Mei Optical Electronics Corp.*, 395 F.3d 1315 (Fed. Cir. 2005) | 2 |
| *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408 (1984) | 3 |
| *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) | 5 |
| *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003) | 3 |
| *Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products*, 75 F.3d 147 (3d Cir. 1996) | 3 |
| *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) | 2 |

## INTRODUCTION

Defendant RS-Computer ("RS") moves pursuant to Fed. R. Civ. P. 12 to quash service and to dismiss the Complaint for lack of personal jurisdiction.

## STATEMENT OF FACTS

Plaintiff Aladdin Knowledge Systems, Ltd. has sued defendant RS for patent infringement of two computer-related patents.

RS is a non-resident of Delaware and has had no purposeful contact with the State of Delaware. RS is not a Delaware corporation and does not reside or do business in Delaware.

RS has made no sales of the accused products, or indeed, any products, to any resident of Delaware. Nor does RS direct its advertising to Delaware.

## ARGUMENT

I.  **THE COURT SHOULD QUASH PLAINTIFF'S ATTEMPT TO SERVE RS.**

According to the return of service filed with the Court for RS, plaintiff served an entity located at 12 Elkland Road, Melville, NY 11747 (D.I. 5). Defendant RS has no place of business at that location. RS has no employees, officers, directors, or agents at that location or anywhere in the United States. The only business known to RS at that location is Sysgen, Ltd., which is a customer and vendor to RS. Sysgen is a separate entity that is not owned, controlled, or affiliated with RS in any way. Exhibit A, Declaration of Peter Rasch, ¶ 12. RS has never been served with process in this suit, and therefore, asks the Court to quash service.

2.

II.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED
      FOR LACK OF PERSONAL JURISDICTION.

   A.   Legal Standards.

Before a court can assert personal jurisdiction in a patent infringement case over a non-resident defendant, plaintiff must show both that the state long-arm statute applies, and that the requirements of due process are satisfied. *Commissariat a l'Energie Atomique v. Chi Mei Optical Electronics Corp.*, 395 F.3d 1315, 1319 (Fed. Cir. 2005). There is a question whether the Delaware Long-Arm Statute extends to the full extent that due process would permit. *Id.* at 1320. In this case, however, it will be assumed that the Delaware statute extends to the extent of due process. Even so, federal courts do not have jurisdiction over a non-resident defendant unless the non-resident defendant has purposefully established "minimum contacts" with the forum state, and the exercise of jurisdiction comports with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985); *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980).

Under a minimum contacts analysis, the court must determine whether the non-resident defendant has purposefully availed itself of the benefits and protection of the forum state by conducting activities within the forum state. *Asahi Metal Industries, Co. v. Superior Court*, 480 U.S. 192, 198 (1987). In measuring minimum contacts, the court should consider the nature and quality of the contacts with the forum state, the quantity of the contacts, the relation of the cause of action to the contacts, the interest of the forum state in providing a forum for its residents, and the convenience of the parties. *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 818-19 (8th Cir. 1994). Minimum contacts are not established unless the court finds that it has either specific or general jurisdiction over

3.

defendants. *Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products*, 75 F.3d 147, 150 (3d Cir. 1996).

The Court cannot exercise specific jurisdiction over a non-resident defendant unless the non-resident defendant's activities were purposefully directed to the forum state, and the litigation resulted from alleged injuries that arise out of those activities. *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984). Mere operation of a commercially interactive web site does not subject the operator to personal jurisdiction in a forum state. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003). There must be additional evidence that the defendant purposefully availed itself of conducting activity in the forum state by directly targeting its web site to the state, knowingly interacting with residents of the state via the website, or through sufficient other related contacts. *Id.*

The Court cannot exercise general jurisdiction over a non-resident defendant unless there are continuous and systematic contacts between the non-resident defendant and the forum state. *Helicopteros*, 466 U.S. at 416.

  B. RS Does Not Have Minimum Contacts With The State Of Delaware.

The Court has neither general nor specific jurisdiction over RS because RS has had no contacts with Delaware whatsoever. RS is a German corporation with its principal place of business at Frankenring 9, 30855, Langenhagen, Germany. RS is not qualified to do business in Delaware. RS has no employees residing or domiciled in Delaware, nor has it contracted with persons residing in Delaware to act on its behalf with respect to marketing, distributing or servicing any of its goods or services. Rasch Declaration at ¶¶ 2-4.

4.

RS has no branch office or comparable facilities in Delaware and has no telephone listings, offices, or mailing address in Delaware. RS has no bank accounts or other tangible personal or real property in Delaware. RS does not direct any of its advertising specifically toward Delaware residents, nor does it advertise in any newspapers or other publications that are directed primarily toward Delaware residents. Rasch Declaration at ¶¶ 5-6.

RS has made no sales of the accused products in Delaware whatsoever. RS has made no sales of any product or service of any kind in Delaware, nor has it received any revenue from any resident of Delaware. Rasch Declaration at ¶¶ 7–8.

RS has made no business trips to Delaware. RS has not directed any telephone or fax communications to Delaware; it has no vendors in Delaware, does not attend trade shows in Delaware, and it has no purchase contracts with Delaware residents or contracts that apply the law of Delaware. Rasch Declaration at ¶¶ 9-11.

RS does not have a place of business at 12 Elkland Road, Melville, NY 11747. It does not have any employees, officers, directors, or agents at that location or anywhere in the United States. The only business known to RS at that location is Sysgen, Ltd., which is a customer and vendor to RS. Sysgen is a separate entity that is not owned, controlled, or affiliated with RS in any way. All of RS's business is conducted in Germany. Rasch Declaration at ¶¶ 12-13.

      C.    The Court's Assertion Of Personal Jurisdiction Over RS Would Violate Traditional Notions Of Fair Play And Substantial Justice.

The Court's assertion of jurisdiction over RS would offend traditional notions of fair play and substantial justice and will be inconsistent with the constitutional

requirements of due process. *International Shoe Co. v. Washington,* 326 U.S. 310 (1945). The Court should decline to exercise jurisdiction over RS because RS has no minimum contacts with Delaware or anywhere in the United States that would support jurisdiction. Further, Delaware has no interest in adjudicating this dispute. As discussed earlier, RS has no contacts with Delaware whatsoever. Plaintiff, too, is a non-resident of Delaware. Therefore, there is no one in Delaware with any interest in this dispute and asserting personal jurisdiction over RS would serve no interest of this Court.

## CONCLUSION

RS has had no minimum contacts with Delaware. The Court's assertion of jurisdiction over RS will offend traditional notions of fair play and substantial justice and would violate RS's due process rights. For these reasons, RS asks the Court to dismiss plaintiff's Complaint for lack of personal jurisdiction.

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ Rodger D. Smith II*
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
   Attorneys for Defendant RS Computer

OF COUNSEL:

Matthew G. Reeves
LOCKE LIDDELL & SAPP LLP
600 Travis, Suite 600
Houston, TX 77002-3095
(713) 226-1200

May 6, 2005
464184

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on May 6, 2004, I caused to be electronically filed RS-Computer's Opening Brief in Support of its Motion to Quash Service and Dismiss for Lack of Personal Jurisdiction, which will send notification of such filing(s) to the following:

> David S. Eagle (#3387)
> Klehr, Harrison, Harvey, Branzburg & Ellers LLP
> 919 Market Street, Suite 1000
> Wilmington, DE 19801-3062
> (302) 426-1189

> */s/ Rodger D. Smith II*
> Rodger D. Smith II (#3778)
> Morris, Nichols, Arsht & Tunnell
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200
> rsmith@mnat.com

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALADDIN KNOWLEDGE SYSTEMS, LTD., | § § § | |
| Plaintiff | § § | C.V. NO. 05-149-GMS |
| v. | § § | (Gregory M. Sleet) |
| FEITIAN TECHNOLOGIES CO., LTD., et al | § § | |

## DECLARATION OF PETER RASCH
## IN SUPPORT OF MOTION TO DISMISS
## FOR LACK OF PERSONAL JURISDICTION AND LACK OF SERVICE

I declare:

1. My name is Peter Rasch. I am the _President_ (title) of Defendant, RS-Computer Vertriebs GmbH & Co.KG. I have personal knowledge of all facts stated herein, which are true and correct.

2. Defendant is a corporation existing under the laws of Germany with its principal place of business at Frankenring 9, 30855 Langenhagen, Germany.

3. Defendant is not qualified to do business in Delaware.

4. Defendant has no employees residing or domiciled in Delaware, nor has it contracted with persons residing in Delaware to act on its behalf with respect to marketing, distributing or servicing any of Defendant's goods or products.

5. Defendant has no branch office or comparable facilities in Delaware and has no telephone listings, offices, or mailing address in Delaware.

6. Defendant has no bank accounts or other tangible personal or real property in Delaware. Defendant does not direct any of its advertising specifically toward

Delaware residents, nor does it advertise in any newspapers or other publications that are directed primarily toward Delaware residents.

7. Defendant has made no sales of the accused products in Delaware whatsoever.

8. Defendant has made no sales of any product or service of any kind in Delaware, nor has Defendant received any revenue from any resident of Delaware.

9. Defendant has made no business trips to Delaware.

10. Defendant has not directed any telephone or fax communications to Delaware.

11. Defendant has no vendors in Delaware, does not attend trade shows in Delaware, and has no purchase contracts with Delaware residents or contracts that apply the law of Delaware.

12. Defendant does not have a place of business at 12 Elkland Road, Melville, NY 11747.

13. It would be unreasonable to require Defendant to defend this action in courts in Delaware because Defendant is a small business and it would be burdensome and expensive to defend a case so far from its principal place of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 27, 2005.

Peter Rasch

RS - Com
Vertriebs GmbH
Frankenring
30855 Langenhagen

HOUSTON: 022327.00001: 1001863v1

2