IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALADDIN KNOWLEDGE SYSTEMS, LTD., <br><br> Plaintiff, <br><br> v. <br><br> FEITIAN TECHNOLOGIES CO., LTD., RF IDEAS, INC., d/b/a SECURITY TOKENS, AZ-TECH SOFTWARE, INC., SOFTKEY E-SOLUTION SDN BHD, NOVARIS INNOVATIVE TECHNOLOGIES, FUTURE SYSTEMS, INC., RS-COMPUTER, OPENFORTRESS DIGITAL SIGNATURES, and SECURE TECHNOLOGY, INC., <br><br> Defendants. | C.A. No. 05-149-GMS |

**SECURE TECHNOLOGY'S OPENING BRIEF IN SUPPORT OF MOTION TO QUASH SERVICE AND DISMISS FOR LACK OF PERSONAL JURISDICTION**

                                                    MORRIS, NICHOLS, ARSHT & TUNNELL
                                                    Rodger D. Smith II (#3778)
                                                    1201 N. Market Street
                                                    P.O. Box 1347
                                                    Wilmington, DE  19899-1347
                                                    (302) 658-9200
                                                       Attorneys for Defendant Secure Technology

OF COUNSEL:

Matthew G. Reeves
LOCKE LIDDELL & SAPP LLP
600 Travis, Suite 600
Houston, TX  77002-3095
(713) 226-1200

May 6, 2005

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF CITATIONS | ii |
| INTRODUCTION | 1 |
| STATEMENT OF FACTS | 1 |
| ARGUMENT | 1 |
|     I. THE COURT SHOULD QUASH PLAINTIFF'S ATTEMPT TO SERVE STUS. | 1 |
|     II. THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION. | 2 |
|         A. Legal Standards. | 2 |
|         B. STUS Does Not Have Minimum Contacts With The State Of Delaware. | 3 |
|         C. The Court's Assertion Of Personal Jurisdiction Over STUS Would Violate Traditional Notions Of Fair Play And Substantial Justice. | 5 |
| CONCLUSION | 6 |

## TABLE OF CITATIONS

Cases                                                                                  Page(s)

*Asahi Metal Industries, Company v. Superior Court,*
    480 U.S. 192 (1987) .......................................................................... 2

*Bell Paper Box, Inc. v. U.S. Kids, Inc.,*
    22 F.3d 816 (8th Cir. 1994) ............................................................... 2

*Burger King Corp. v. Rudzewicz,*
    471 U.S. 462 (1985) .......................................................................... 2

*Commissariat A L'Energie Atomique v.*
    *Chi Mei Optoelectronics Corp.,*
    395 F.3d 1315 (Fed. Cir. 2005) ........................................................ 2

*Helicopteros Nacionales de Colombia S.A. v. Hall,*
    466 U.S. 408 (1984) .......................................................................... 3

*International Shoe Co. v. Washington,*\
    326 U.S. 310 (1945) .......................................................................... 5

*Toys "R" Us, Inc. v. Step Two, S.A.,*
    318 F.3d 446 (3d Cir. 2003) .............................................................. 3

*Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products,*
    75 F.3d 147 (3d Cir. 1996) ................................................................ 3

*Worldwide Volkswagen Corp. v. Woodson,*
    444 U.S. 286 (1980) .......................................................................... 2

## INTRODUCTION

Defendant Secure Technology US ("STUS") moves pursuant to Fed. R. Civ. P. 12 to quash service and to dismiss the Complaint for lack of personal jurisdiction.

## STATEMENT OF FACTS

Plaintiff Aladdin Knowledge Systems, Ltd. sued defendant Secure Technology, Inc., in this Court for patent infringement of two computer-related patents.

STUS is a non-resident of Delaware and has had no purposeful contact with the State of Delaware. Defendant is not a Delaware corporation and does not reside or do business in Delaware.

## ARGUMENT

I.  THE COURT SHOULD QUASH PLAINTIFF'S ATTEMPT TO SERVE STUS.

According to the return of service filed with the Court, plaintiff served an entity named "Secure Technology, Inc.," allegedly a Delaware company with a registered agent at The Corporation Trust Co., 1209 Orange St., Wilmington, DE 19801 (D.I. 3). STUS has no such registered agent and no connection to or knowledge of the entity named Secure Technology, Inc. that was allegedly served by Plaintiff. Exhibit A, Declaration of Rick Bertram at ¶¶ 13-14. STUS has never been served with process in this suit. *Id.* Therefore, STUS asks the Court to quash service.

## II. THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION.

### A. Legal Standards.

Before a court can assert jurisdiction in a patent infringement case over a non-resident defendant, the plaintiff must show both that the state long-arm statute applies and that the requirements of due process are satisfied. *Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1319 (Fed. Cir. 2005). There is a question whether the Delaware Long-Arm statute extends to the full extent that due process would permit. *Id.* at 1320. But even assuming that it does, federal courts do not have jurisdiction over a non-resident defendant unless the non-resident defendant has purposefully established "minimum contacts" with the forum state, and the exercise of jurisdiction comports with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985); *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980).

Under a minimum contacts analysis, the court must determine whether the non-resident defendant has purposefully availed itself of the benefits and protection of the forum state by conducting activities within the forum state. *Asahi Metal Industries, Company v. Superior Court*, 480 U.S. 192, 198 (1987). In measuring minimum contacts, the court should consider the nature and quality of the contacts with the forum state, the quantity of the contacts, the relation of the cause of action to the contacts, the interest of the forum state in providing a forum for its residents, and the convenience of the parties. *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 818-19 (8th Cir. 1994). Minimum contacts are not established unless the court finds that it has either specific or general

jurisdiction over defendants. *Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products*, 75 F.3d 147, 150 (3d Cir. 1996).

The Court cannot exercise specific jurisdiction over a non-resident defendant unless the non-resident defendant's activities were purposefully directed to the forum state, and the litigation resulted from alleged injuries that arise out of those activities. *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984). Mere operation of a commercially interactive web site does not subject the operator to personal jurisdiction in a forum state. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003). There must be additional evidence that the defendant purposefully availed itself of conducting activity in the forum state by directly targeting its web site to the state, knowingly interacting with residents of the state via the web site, or through sufficient other related contacts. *Id.*

The Court cannot exercise general jurisdiction over a non-resident defendant unless there are continuous and systematic contacts between the non-resident defendant and the forum state. *Helicopteros*, 466 U.S. at 416.

      B.    STUS Does Not Have Minimum Contacts With The State Of Delaware.

The Court has neither general nor specific jurisdiction over STUS because STUS has had no contacts with Delaware whatsoever. STUS is a sole proprietorship with its principal place of business at 7220 San Miguel Drive, Port Richey, Florida 34668. Bertram Declaration at ¶ 2. It is not qualified to do business in Delaware and has no employees residing or domiciled in Delaware, nor has it contracted with persons residing in Delaware to act on its behalf with respect to marketing, distributing or servicing any of its goods or services. Bertram Declaration at ¶¶ 3-4.

STUS has no branch office or comparable facilities in Delaware and has no telephone listings, offices, or mailing address in Delaware. It has no bank accounts or other tangible personal or real property in Delaware. It does not direct any of its advertising specifically toward Delaware residents, nor does it advertise in any newspapers or other publications that are directed primarily toward Delaware residents. Bertram Declaration at ¶¶ 5-6.

STUS has made no sales of the accused products in Delaware whatsoever. In fact, it has made no sales of any product or service of any kind in Delaware, nor has STUS ever received any revenue from any resident of Delaware. Bertram Declaration at ¶¶ 7-8.

STUS has made no business trips to Delaware, nor has it directed any telephone or fax communications to Delaware. It has no vendors in Delaware, does not attend trade shows in Delaware, and has no purchase contracts with Delaware residents or contracts that apply the law of Delaware. Bertram Declaration at ¶¶ 9-11.

STUS is mentioned on, but it does not own, control or operate, the web site at www.secure-technology.com. Moreover, the web site is not interactive and visitors cannot place orders to STUS through the web site. STUS has never interacted with any resident of Delaware through the web site, and indeed, the web site is informational only. Visitors cannot contact STUS through the web site itself. And the web site is not directed to Delaware residents. Bertram Declaration at ¶ 12.

STUS has no knowledge of or any connection to any entity named, or doing business under the name, Secure Technology, Inc., in Delaware. STUS has no registered agent for service of process in Delaware. Bertram Declaration at ¶¶ 13-14.

  C.  The Court's Assertion Of Personal Jurisdiction Over STUS Would Violate Traditional Notions Of <u>Fair Play And Substantial Justice.</u>

The Court's assertion of jurisdiction over STUS would offend traditional notions of fair play and substantial justice and would be inconsistent with the constitutional requirements of due process. *International Shoe Co. v. Washington,* 326 U.S. 310 (1945). The Court should decline to exercise jurisdiction over STUS because the burden on STUS would be heavy. STUS is a small business consisting of only one employee and it would be burdensome and expensive to defend a case so far from its principal place of business. All of STUS's documents are located in Florida.

Further, Delaware has no interest in adjudicating this dispute. As discussed earlier, STUS has no contacts with Delaware whatsoever. The plaintiff, too, is a non-resident of Delaware. Therefore, there is no one in Delaware with any interest in this dispute and asserting personal jurisdiction over STUS would serve no interest of this Court.

## CONCLUSION

STUS has had no minimum contacts with Delaware. Further, the Court's assertion of jurisdiction over STUS would offend traditional notions of fair play and substantial justice and would violate STUS's due process rights. For these reasons, STUS asks the Court to dismiss all of plaintiff's claims against it.

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ Rodger D. Smith II*
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
  Attorneys for Defendant Secure Technology

OF COUNSEL:

Matthew G. Reeves
LOCKE LIDDELL & SAPP LLP
600 Travis, Suite 600
Houston, TX 77002-3095
(713) 226-1200

May 6, 2005
464212

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on May 6, 2004, I caused to be electronically filed Secure Technology's Opening Brief in Support of its Motion to Quash Service and Dismiss for Lack of Personal Jurisdiction, which will send notification of such filing(s) to the following:

> David S. Eagle (#3387)
> Klehr, Harrison, Harvey, Branzburg & Ellers LLP
> 919 Market Street, Suite 1000
> Wilmington, DE 19801-3062
> (302) 426-1189

> */s/ Rodger D. Smith II*
> Rodger D. Smith II (#3778)
> Morris, Nichols, Arsht & Tunnell
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200
> rsmith@mnat.com

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

ALADDIN KNOWLEDGE SYSTEMS, LTD., §
§
   Plaintiff §
§
                                                   §    C.V. NO. 05-149-GMS
v.                                            §    (Gregory M. Sleet)
§
FEITIAN TECHNOLOGIES CO., LTD., et al §

## DECLARATION OF RICK BERTRAM
## IN SUPPORT OF MOTION TO DISMISS
## FOR LACK OF PERSONAL JURISDICTION AND LACK OF SERVICE

I declare:

1. My name is Rick Bertram. I have personal knowledge of all facts stated herein, which are true and correct.

2. Defendant, Secure-Technology, USA, is a sole proprietorship with its principal place of business at 7220 San Miguel Drive, Port Richey, Florida 34668.

3. Defendant is not qualified to do business in Delaware.

4. Defendant has no employees residing or domiciled in Delaware, nor has it contracted with persons residing in Delaware to act on its behalf with respect to marketing, distributing or servicing any of Defendant's goods or services.

5. Defendant has no branch office or comparable facilities in Delaware and has no telephone listings, offices, or mailing address in Delaware.

6. Defendant has no bank accounts or other tangible personal or real property in Delaware. Defendant does not direct any of its advertising specifically toward Delaware residents, nor does it advertise in any newspapers or other publications that are directed primarily toward Delaware residents.

HOUSTON- 022327.0001 000832v1

7. Defendant has made no sales of the accused products in Delaware whatsoever.

8. Defendant has made no sales of any product or service of any kind in Delaware, nor has Defendant received any revenue from any resident of Delaware.

9. Defendant has made no business trips to Delaware.

10. Defendant has not directed any telephone or fax communications to Delaware.

11. Defendant has no vendors in Delaware, does not attend trade shows in Delaware, and has no purchase contracts with Delaware residents or contracts that apply the law of Delaware.

12. Defendant is mentioned on, but it does not own, operate or control the website at www.secure-technology.com. The website is not interactive and visitors cannot place orders to STUS through the website. STUS has never interacted with any resident of Delaware through the web site, and indeed, the web site is informational only. Visitors cannot contact STUS through the website itself. And the website is not directed to Delaware residents.

13. Defendant has no knowledge of or any connection to any entity named, or doing business under the name, Secure Technology, Inc. in Delaware.

14. Defendant has no registered agent for service of process in Delaware and it has not been served in this lawsuit.

15. It would be unreasonable to require Defendant to defend this action in courts in Delaware because Defendant is a small business consisting of only one employee, and it would be burdensome and expensive to defend a case so far from its principal place of business. Further, Plaintiff has an alternative forum for resolution of this

2

dispute in the Federal Courts of the State of Florida. All of Defendant's documents are located in Florida.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 5/3/_____, 2005.

*Rick Bertram* (signature)
Rick Bertram

3