IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALADDIN KNOWLEDGE SYSTEMS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-149 (GMS) |
| | ) | |
| FEITIAN TECHNOLOGIES CO., LTD., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**SOFTKEY'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO QUASH SERVICE
AND DISMISS FOR LACK OF PERSONAL JURISDICTION**

Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19897-1347
(302) 658-9200
rsmith@mnat.com
  *Attorney for Defendant Softkey E-Solution Sdn Bhd.*

OF COUNSEL:

Matthew G. Reeves
LOCKE LIDDELL & SAPP LLP
600 Travis, Suite 600
Houston, Texas  77002-3095
(713) 226-1200

June 16, 2005

TABLE OF CONTENTS

Page

TABLE OF CITATIONS                                                          ii

INTRODUCTION                                                                 1

STATEMENT OF FACTS                                                           1

ARGUMENT                                                                     1

   I.     PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF
         PERSONAL JURISDICTION.                                      1

   II.    THE COURT SHOULD QUASH PLAINTIFF'S ATTEMPT TO SERVE
         SOFTKEY.                                                    4

CONCLUSION                                                                   5

ii.

## TABLE OF CITATIONS

Page(s)

**Cases**

*Asahi Metal Industries, Co. v. Superior Court*,
    480 U.S. 192 (1987)      2

*Bell Paper Box, Inc. v. U.S. Kids, Inc.*,
    22 F.3d 816 (8th Cir. 1994)      2

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985)      2

*Commissariat a l'energie Atomique v. Chi Mei Optical Electronics Corp.*,
    395 F.3d 1315 (Fed. Cir. 2005)      1

*Helicopteros Nacionales de Colombia S.A. v. Hall*,
    466 U.S. 408 (1984)      2, 3

*International Shoe Co. v. Washington*,
    326 U.S. 310 (1945)      4

*Toys "R" Us, Inc. v. Step Two, S.A.*,
    318 F.3d 446 (3d Cir. 2003)      2

*Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products*,
    75 F.3d 147 (3d Cir. 1996)      2

*Worldwide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980)      2

**Other Authorities**

Fed. R. Civ. P. 12      1

## INTRODUCTION

Defendant Softkey E-Solution Sdn Bdh ("Softkey") files this Motion to Quash Service and to Dismiss the Complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12.

## STATEMENT OF FACTS

Plaintiff, Aladdin Knowledge Systems, Ltd., sued defendant Softkey for patent infringement of two computer-related patents.

Softkey is a non-resident of Delaware and has had no purposeful contact with the State of Delaware. Softkey is not a Delaware corporation and does not reside or do business in Delaware.

Softkey has made no sales of the accused products, or indeed, any products, to any resident of Delaware. Nor does Softkey direct its advertising to Delaware.

## ARGUMENT

I.     **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION.**

A.     **Legal Standards**

Before a court can assert personal jurisdiction in a patent infringement case over a non-resident defendant, plaintiff must show both that the state long-arm statute applies, and that the requirements of due process are satisfied. *Commissariat a l'energie Atomique v. Chi Mei Optical Electronics Corp.*, 395 F.3d 1315, 1319 (Fed. Cir. 2005). There is a question whether the Delaware Long-Arm Statute extends to the full extent that due process would permit. *Commissariat*, 395 F.3d at 1320. In this case, however, it will be assumed that the Delaware statute extends to the extent of due process. Even so, federal courts do not have jurisdiction over

a non-resident defendant unless the non-resident defendant has purposefully established "minimum contacts" with the forum state, and the exercise of jurisdiction comports with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985); *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980).

Under a minimum contacts analysis, the Court must determine whether the non-resident defendant has purposefully availed itself of the benefits and protection of the forum state by conducting activities within the forum state. *Asahi Metal Industries, Co. v. Superior Court*, 480 U.S. 192, 198 (1987). In measuring minimum contacts, the Court should consider the nature and quality of the contacts with the forum state, the quantity of the contacts, the relation of the cause of action to the contacts, the interest of the forum state in providing a forum for its residents, and the convenience of the parties. *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 818-19 (8th Cir. 1994). Minimum contacts are not established unless the court finds that it has either specific or general jurisdiction over defendants. *Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products*, 75 F.3d 147, 150 (3d Cir. 1996).

The Court cannot exercise specific jurisdiction over a non-resident defendant unless the non-resident defendant's activities were purposefully directed to the forum state, and the litigation resulted from alleged injuries that arise out of those activities. *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984). Mere operation of a commercially interactive web site does not subject the operator to personal jurisdiction in a forum state. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003). There must be additional evidence that the defendant purposefully availed itself of conducting activity in the forum state by directly targeting its web site to the state, knowingly interacting with residents of the state via the website, or through sufficient other related contacts. *Id*.

The Court cannot exercise general jurisdiction over a non-resident defendant unless there are continuous and systematic contacts between the non-resident defendant and the forum state. *Helicopteros*, 466 U.S. at 416.

**B.    Softkey Does Not Have Minimum Contacts With The State Of Delaware.**

The Court has neither general nor specific jurisdiction over Softkey because Softkey has had no contacts with Delaware whatsoever. Softkey is a Malaysian entity with its principal place of business at 5-20 Menara KLH Business Centre, Lebuhraya Damansara-Puchong, 47100 Puchong, Selangor Darul Ehsan, Malaysia. *See* Law Declaration ¶ 2 (attached hereto as Exhibit A).

Softkey is not qualified to do business in Delaware, it has no employees residing or domiciled in Delaware, nor has it contracted with persons residing in Delaware to act on its behalf with respect to marketing, distributing or servicing any of its goods or services. *See* Law Declaration ¶¶ 3-4.

Softkey has no branch office or comparable facilities in Delaware and has no telephone listings, offices, or mailing address in Delaware. It has no bank accounts or other tangible personal or real property in Delaware. Softkey does not direct any of its advertising specifically toward Delaware residents, nor does it advertise in any newspapers or other publications that are directed primarily toward Delaware residents. *See* Law Declaration ¶¶ 5-6.

Softkey has made no sales of the accused products in Delaware whatsoever. Softkey has made no sales of any product or service of any kind in Delaware, nor has Softkey received any revenue from any resident of Delaware. *See* Law Declaration ¶¶ 7-8.

Softkey has made no business trips to Delaware. It has not directed any telephone or fax communications to Delaware. It has no vendors in Delaware, does not attend trade shows

in Delaware, and has no purchase contracts with Delaware residents or contracts that apply the law of Delaware. Softkey has no registered agent for service of process in Delaware, and it has not been served in this lawsuit. Softkey's website is not directed to Delaware residents. It would be unreasonable to require Softkey to defend this action in courts in Delaware because Softkey has no contacts with Delaware and is located in Malaysia. *See* Law Declaration ¶¶ 9-14.

**C.     The Court's Assertion Of Personal Jurisdiction Over Softkey Would Violate Traditional Notion Of Fair Play And Substantial Justice.**

The Court's assertion of jurisdiction over Softkey will offend traditional notions of fair play and substantial justice and will be inconsistent with the constitutional requirements of due process. *International Shoe Co. v. Washington,* 326 U.S. 310 (1945). The Court should decline to exercise jurisdiction over Softkey because Softkey has no minimum contacts with Delaware. Further, Delaware has no interest in adjudicating this dispute. As discussed earlier, Softkey has no contacts with Delaware, whatsoever. The Plaintiff, too, is a non-resident of Delaware. Therefore, there is no one in Delaware with any interest in this dispute and asserting personal jurisdiction over Softkey would serve no interest of this Court.

**II.     THE COURT SHOULD QUASH PLAINTIFF'S ATTEMPT TO SERVE SOFTKEY.**

According to the return of service filed with the Court, plaintiff attempted service on defendant Softkey by delivering an English-language copy of the summons and complaint, without translation, to an unspecified person at Softkey's Malaysian address (D.I. 19). Softkey has not been served in this lawsuit. *See* Law Declaration ¶ 12. Softkey asks the Court to quash the attempted service.

## CONCLUSION

Softkey has had no minimum contacts with Delaware. The Court's assertion of jurisdiction over Softkey will offend traditional notions of fair play and substantial justice and would violate Softkey's due process rights guaranteed under the United States Constitution. For these reasons, Softkey asks the Court to dismiss plaintiff's Complaint for lack of personal jurisdiction.

MORRIS, NICHOLS, ARSHT & TUNNELL

_____/s/ Rodger D. Smith II_____
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19897-1347
(302) 658-9200
rsmith@mnat.com
*Attorney for Defendant Softkey E-Solution Sdn Bhd.*

OF COUNSEL:

Matthew G. Reeves
LOCKE LIDDELL & SAPP LLP
600 Travis, Suite 600
Houston, Texas 77002-3095
(713) 226-1200

June 16, 2005

470308

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALADDIN KNOWLEDGE SYSTEMS, LTD., | § | |
| | § | |
| Plaintiff | § | |
| | § | C.V. NO. 05-149-GMS |
| v. | § | (Gregory M. Sleet) |
| | § | |
| FEITIAN TECHNOLOGIES CO., LTD., et al | § | |

## DECLARATION OF EDWARD LAW
## IN SUPPORT OF MOTION TO DISMISS
## FOR LACK OF PERSONAL JURISDICTION AND LACK OF SERVICE

I declare:

1.  My name is Edward Law. I have personal knowledge of all facts stated herein, which are true and correct.

2.  Defendant, Softkey E-Solution Sdn Bhd., is a Malaysian entity with its principal place of business at 5-20 Menara KLH Business Centre, Lebuhraya Damansara-Puchong, 47100 Puchong, Selangor Darul Ehsan, Malaysia.

3.  Defendant is not qualified to do business in Delaware.

4.  Defendant has no employees residing or domiciled in Delaware, nor has it contracted with persons residing in Delaware to act on its behalf with respect to marketing, distributing or servicing any of Defendant's goods or services.

5.  Defendant has no branch office or comparable facilities in Delaware and has no telephone listings, offices, or mailing address in Delaware.

6.  Defendant has no bank accounts or other tangible personal or real property in Delaware. Defendant does not direct any of its advertising specifically toward

HOUSTON: 022327.00001: 1012014v1

Delaware residents, nor does it advertise in any newspapers or other publications that are directed primarily toward Delaware residents.

7. Defendant has made no sales of the accused products in Delaware whatsoever.

8. Defendant has made no sales of any product or service of any kind in Delaware, nor has Defendant received any revenue from any resident of Delaware.

9. Defendant has made no business trips to Delaware.

10. Defendant has not directed any telephone or fax communications to Delaware.

11. Defendant has no vendors in Delaware, does not attend trade shows in Delaware, and has no purchase contracts with Delaware residents or contracts that apply the law of Delaware.

12. Defendant has no registered agent for service of process in Delaware, and it has not been served in this lawsuit.

13. Defendant's website is not directed to Delaware residents.

14. It would be unreasonable to require Defendant to defend this action in courts in Delaware because Defendant has no contacts with Delaware and is located in Malaysia.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 13th June 2005.

_____
Edward Law

HOUSTON: 022327.00001: 1012014v1

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on June 16th, 2005 I caused to be electronically filed Softkey's Opening Brief In Support Of Its Motion To Quash Service And Motion To Dismiss For Lack Of Personal Jurisdiction, which will send notification of such filing(s) to the following:

> David S. Eagle, Esquire
> Klehr, Harrison, Harvey, Branzburg & Ellers
> 919 Market Street
> Suite 1000
> Wilmington, DE  19801

I also certify that copies were caused to be served on June 16th, 2005 upon the following in the manner indicated:

### BY HAND

> David S. Eagle, Esquire
> Klehr, Harrison, Harvey, Branzburg & Ellers
> 919 Market Street
> Suite 1000
> Wilmington, DE  19801

> /s/ Rodger D. Smith (#3778)_____
> Morris, Nichols, Arsht & Tunnell
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE  19899
> (302) 658-9200
> rsmith@mnat.com