IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Aladdin Knowledge Systems, Ltd., | : | |
|         Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 05-149 |
| | : | |
| Feitian Technologies Co., Ltd., | : | |
|     and | : | JURY TRIAL DEMANDED |
| RF Ideas, Inc., d/b/a Security Tokens, | : | |
|     and | : | |
| AZ-Tech Software, Inc., | : | |
|     and | : | |
| Softkey E-Solution Sdn Bhd, | : | |
|     and | : | |
| Novaris Innovative Technologies, | : | |
|     and | : | |
| Future Systems, Inc., | : | |
|     and | : | |
| RS-Computer | : | |
|     and | : | |
| OpenFortress Digital signatures | : | |
|     and | : | |
| Secure Technology, Inc. | : | |
| | : | |
|         Defendants. | : | |

**MEMORANDUM OF LAW OF PLAINTIFF ALADDIN KNOWLEDGE SYSTEMS, INC.
LTD. IN OPPOSITION TO THE MOTION OF DEFENDANT
RS-COMPUTER TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP
David S. Eagle, Esquire (Bar No. 3387)
Patrick A. Costello, Esquire (Bar No. 4535)
919 Market Street
Suite 1000
Wilmington, DE 19801-3062
Telephone (302) 552-5508
deagle@klehr.com
pcostello@klehr.com

- and –

Michael K. Coran, Esquire
Mary Ellen O'Laughlin, Esquire
Damian Biondo, Esquire
260 South Broad Street, 4th Floor
Philadelphia, PA 19102
Telephone (215) 568-6060

Counsel for Plaintiff Aladdin Knowledge Systems, Ltd.

PHIL1 628732-1

Table of Contents

Table of Contents ................................................................................................. i

Table of Authorities ............................................................................................ ii

BACKGROUND .................................................................................................. 1

STATEMENT OF FACTS .................................................................................. 2

LEGAL STANDARD .......................................................................................... 4

ARGUMENT ........................................................................................................ 7

A   Since RSC Maintains An Interactive Internet Website, Where Infringing Products Can Be Ordered, Exercising Personal Jurisdiction Is Likely Proper, If Only "Something More" Can Be Shown ................................. 8

B.   RSC Holds Itself Out to the Public as an Affiliate or Alter-Ego of Sysgen ........................................................... 9

C.   Aladdin Should Therefore Be Given an Opportunity to Conduct Discovery into the True Nature of the Relationship Between RSC and Sysgen and the Truth of Other Statements Contained in the Rausch Declaration. .................................................................... 10

# TABLE OF AUTHORITIES

## FEDERAL CASES

ALTECH Industrial v. Al Technology Specialty Steel Corp.,
  542 F. Supp. 53 (D. Del. 1982) ............................................................................. 5

Applied Biosystems, Inc. v. Cruachem, Ltd.,
  772 F. Supp. 1458 (D.Del.1991) ............................................................................ 9

Asahi Metal Industrial Co., Ltd. v. Superior Court of California,
  480 U.S. 102, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987) ........................................ 5

In re Automotive Refinishing Paint Antitrust Litigation,
  2002 WL. 31261330 (E.D.Pa. July 31, 2002) ........................................................ 6

Barrett v. Catacombs Press,
  44 F. Supp. 2d 717 (E.D. Pa. 1990) ....................................................................... 8

Boone v. Oy Partek Ab,
  724 A.2d 1150 (Del.Super.1997) ........................................................................... 4

Burger King Corp. v. Rudzewicz,
  471 U.S. 462, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) ....................................... 5

Centralized Health Systems, Inc. v. Cambridge Medical Instruments, Inc.,
  1989 WL. 136277 (E.D.Pa. Nov.8, 1989) ............................................................. 6

Compaq Computer Corp. v. Packard Bell Electronics, Inc.,
  948 F. Supp. 338 (D.Del.1996) .............................................................................. 4

E.I. DuPont de Nemours & Co. v. Rhodia Fiber & Resin Intermediates, S.A.S.,
  197 F.R.D. 112 (D. Del. 2000) ............................................................................... 6

Harmon v. Eudaily,
  407 A.2d 232 (Del. Supr. Ct. 1979) ....................................................................... 5

Int'l Shoe Co. v. Washington,
  326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) ............................................ 5

Jeffreys v. Exten,
  784 F. Supp. 146 (D.Del.1992) .......................................................................... 4, 5

Massachusetts School of Law at Andover, Inc. v. American Bar Association,
  107 F.3d 1026 (3d Cir.1997) .................................................................................. 6

Max Daetwyler Corp. v. Meyer,
  762 F.2d 290 (3d Cir.1985), cert. denied, 474 U.S. 980, 106 S.Ct. 383, 88
  L.Ed.2d 336 (1985) ................................................................................................. 4

McNiel Nutrionals, LLC v. The Sugar Assoc.,
    Civ. A. No. 05-69, (D. Del. Apr. 29, 2005) (Sleet, J.) .................................................. 7

Mellon Bank (East) PSFS, National Association v. Farino,
    960 F.2d 1217 (3d Cir.1992) ....................................................................................... 6

Mobil Oil Corp. v. Linear Films, Inc.,
    718 F. Supp. 260 (D.Del.1989) ................................................................................... 9

Pinker v. Roche Holdings Ltd.,
    292 F.3d 361 (3d Cir. 2002) ..................................................................................... 5, 6

Sears, Roebuck & Co. v. Sears plc,
    744 F. Supp. 1297 (D.Del.1990) ................................................................................. 9

Toys "R" Us v. Two Step, S.A.,
    318 F.3d 446 (3d. Cir. 2003) .................................................................................. 7, 8

W. Africa Trading & Shipping Co., et al. v. London International Group, et al.,
    968 F. Supp. 996 (D.N.J.1997) ................................................................................... 6

Waters v. Deutz Corp.,
    460 A.2d 1332 (Del.Super.1983) ................................................................................ 9

Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.,
    863 F. Supp. 186 (D.Del.1993) .............................................................................. 9, 10

World-Wide Volkswagen Corp. v. Woodson,
    444 U.S. 286, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980) .............................................. 6

## STATUTES

Fed. R. Civ. P. 12(b)(2) ..................................................................................................... 1, 2

10 Del. C. § 3104(c) ............................................................................................................. 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Aladdin Knowledge Systems, Ltd., | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION<br>NO. 05-149 |
| Feitian Technologies Co., Ltd.,<br>and<br>RF Ideas, Inc., d/b/a Security Tokens,<br>and<br>AZ-Tech Software, Inc.,<br>and<br>Softkey E-Solution Sdn Bhd,<br>and<br>Novaris Innovative Technologies,<br>and<br>Future Systems, Inc.,<br>and<br>RS-Computer<br>and<br>OpenFortress Digital signatures<br>and<br>Secure Technology, Inc. | : JURY TRIAL DEMANDED |
| Defendants. | : |

**MEMORANDUM OF LAW OF PLAINTIFF ALADDIN KNOWLEDGE SYSTEMS, LTD. IN OPPOSITION TO THE MOTION OF DEFENDANT RS-COMPUTER TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Plaintiff Aladdin Knowledge Systems, Ltd. ("Aladdin") submits this memorandum of law in opposition to the motion of Defendant RS Computer ("RSC") to dismiss for lack of personal jurisdiction.

**BACKGROUND**

Aladdin initiated this action by filing its complaint on March 11, 2005. On May 6, 2005, RSC moved this Court, pursuant to Fed. R. Civ. P. 12(b)(2), to dismiss for lack of personal jurisdiction. Principally, RSC asserts that it has no relationship to the US-based entity named

Sysgen Data Ltd. ("Sysgen") located at 12 Elkland Road, Melville, NY 11747.[1] Based upon the documentary evidence, submitted herewith, that contradicts this assertion, Plaintiff requests the Court to deny RSC's motion to dismiss or, in the alternative, to order limited jurisdictional discovery pursuant to FED. R. CIV. P. 12(b)(1) for Plaintiff to properly deduce the relationship between RSC and Sysgen, to determine the extent to which RSC maintains a "U.S. customer base," to explore the extent to which Sysgen maintains contacts with Delaware, and, if necessary, to identify the correct party to be sued. Alternatively, if the Court determines to dismiss the complaint, Plaintiff requests that the dismissal be without prejudice so that Plaintiff may re-file the complaint in New York.

## STATEMENT OF FACTS

Aladdin has sued RSC along with eight (8) other defendants for infringement of two (2) patents on computer-security technology. RSC was named as a Defendant in the complaint, but Sysgen was not.

### The RSC Website

RSC is a foreign corporation whose "core business" by its own description "is in the system/network/software/design for customers, utilizing brand names as well as no-name components and peripheral devices." RSC maintains an Internet website at URL <http://www.rs-computer.com> ("RSC Website"). RSC asserts that it is a corporation existing under the laws of Germany, with a principal place of business at Frankfurt 9, 30855 Langenhagen, Germany. P. Rasch Decl., ¶ 2. RSC also asserts it has no place of business at 12 Elkland Road, Melville, NY 11747. P. Rasch. Decl., ¶ 12. The RSC Website, however, states, "RS Computer also maintains a branch office in New York where it services its U.S. customer

---

[1] The only New York address listed on RCS's website is, in fact, 12 Elkland Road, Melville, NY 11474, the same address provided by Sysgen Data Ltd. on its website. *See* http:www.sysgen.com/about_us.php?page=contact _us_overview&blevel=contact_us. (last visited June 16, 2005).

2

base." The RSC Website lists Sysgen Data Ltd., 12 Elkland Road, Melville, NY 11747 as an address under its "Contact Us" webpage, and elsewhere graphically represents the location of its services centers as being in both in Germany <u>and</u> in New York. The RSC Website is equipped to provide all or substantially all of its information in English as well as German. Additionally, the RSC Website provides means whereby customers may order products directly from the Internet that infringe one or more of Aladdin's patents in suit. Relevant printouts from the RSC Website are attached hereto as Exhibit "A".

**The Sysgen Website**

Sysgen Data Ltd. maintains an Internet website at URL <http://www.sysgen.com/index.php?content=home> ("Sysgen Website") in a style and format roughly similar to that of RSC. Sysgen describes itself as a "full-service, privately held Internet and Information Technology firm founded in 1979 with offices in New York, USA and Hanover, Germany." The "Contact Us" webpage of the Sysgen Website lists the 12 Elkland Road address as the United States Office, and provides further, *verbatim*:

> European Office
> **RS Computer / Sysgen**
> Vertriebs GmbH & Co KG
> Frankenring 9
> 30855 Langenhagen
> Hannover, Germany.

The Sysgen Website provides information in English only and provides a means for web visitors to request further information about the company in the form of a data-input template capable of accepting U.S.-specific postal mail addresses. Relevant printouts from the Sysgen Website are attached hereto as Exhibit "B."

3

PHIL1 628732-1

## LEGAL STANDARD

The determination of whether to exercise personal jurisdiction over a defendant involves a two-step analysis. First, the Court must determine whether the Delaware long-arm statute authorizes the exercise of jurisdiction. *See Max Daetwyler Corp. v. Meyer*, 762 F.2d 290, 293 (3d Cir.1985), cert. denied, 474 U.S. 980, 106 S.Ct. 383, 88 L.Ed.2d 336 (1985); *Jeffreys v. Exten*, 784 F.Supp. 146, 150 (D.Del.1992). Second, if such statutory authority exists, the Court must decide whether exercising that authority comports with the requirements of the Due Process Clause. *Id.*; *see also Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 948 F.Supp. 338, 342 (D.Del.1996).

### Delaware's Long-Arm Statute

The Delaware long-arm statute provides that personal jurisdiction is proper over any nonresident who, in person or through an agent:

> (1) Transacts any business or performs any character of work or service in the State;
> (2) Contracts to supply services or things in this State;
> (3) Causes tortious injury in the State by an act or omission in this State;
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;

10 Del. C. § 3104(c).

The above provisions have been construed "liberally so as to provide jurisdiction to the maximum extent possible" in order "to provide residents a means of redress against those not subject to personal service within the State." *Boone v. Oy Partek Ab*, 724 A.2d 1150, 1156-57 (Del.Super.1997) Where the claim is one for tortious injury under subsection (c)(3), a single act or omission in the state in which the injury was caused will suffice to establish personal

4

jurisdiction. *See E.I. DuPont de Nemours & Co. v. Rhodia Fiber & Resin Intermediates, S.A.S.*, 197 F.R.D. 112 (D. Del. 2000); *accord Jeffreys v. Exten*, 784 F.Supp. 146 (D. Del. 1992).

When *in personam* jurisdiction is challenged by a motion to dismiss, the Plaintiff has the burden to show a basis for long-arm jurisdiction; however, this burden is met by a threshold prima facie showing that jurisdiction is conferred by the statute. *See Harmon v. Eudaily*, 407 A.2d 232 (Del. Supr. Ct. 1979). The record, furthermore, is construed most strongly against the moving party. *Id.* The allegations of the complaint are therefore accepted as true in considering the jurisdictional question. *See ALTECH Indus. v. Al Tech Specialty Steel Corp.*, 542 F.Supp. 53 (D. Del. 1982).

### Federal Due Process

Beyond this basic nexus, for a finding of specific personal jurisdiction, the Due Process Clause requires (1) that the "defendant ha[ve] constitutionally sufficient 'minimum contacts' with the forum," *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)), and (2) that "subjecting the defendant to the court's jurisdiction comports with 'traditional notions of fair play and substantial justice,'" *id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). The first requirement, "minimum contacts," has been defined as "'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 109, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) (quoting *Burger King Corp.*, 471 U.S. at 475, 105 S.Ct. 2174). Second, jurisdiction exists only if its exercise "comports with traditional notions of fair play and substantial justice," i.e., the defendant "should reasonably anticipate being haled into court" in

5

that forum. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

### Jurisdictional Discovery

Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, *Pinker*, 292 F.3d at 368, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is "clearly frivolous." *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir.1997). If a plaintiff presents factual allegations that suggest "with reasonable particularity" the possible existence of the requisite "contacts between [the party] and the forum state," *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir.1992), the plaintiff's right to conduct jurisdictional discovery should be sustained.

Where the plaintiff has made this required threshold showing, courts within this Circuit have sustained the right to conduct discovery before the district court dismisses for lack of personal jurisdiction. *See, e.g., In re Automotive Refinishing Paint Antitrust Litigation*, 2002 WL 31261330, at *9 (E.D.Pa. July 31, 2002) (denying motion to dismiss and permitting jurisdictional discovery where plaintiff made a "threshold prima facie showing of personal jurisdiction over Defendants"); *W. Africa Trading & Shipping Co., et al. v. London Int'l Group, et al.*, 968 F.Supp. 996, 1001 (D.N.J.1997) (denying defendant's motion to dismiss where the plaintiffs' "request for jurisdictional discovery is critical to the determination of whether [the court can] exercise personal jurisdiction over the defendant."); *Centralized Health Systems, Inc. v. Cambridge Medical Instruments, Inc.*, 1989 WL 136277, at *1 (E.D.Pa. Nov.8, 1989) (holding motion to dismiss in abeyance to permit party to take discovery on jurisdiction where distribution arrangement might satisfy minimum contacts). This Court, in fact, has construed quite liberally

6

the "some indication" requirement needed to establish the need for limited jurisdictional discovery. *See McNiel Nutrionals, LLC v. The Sugar Assoc.*, Memorandum and Order, at 7, Civ. A. No. 05-69, (D. Del. Apr. 29, 2005) (Sleet, J.).

## ARGUMENT

RSC maintains a globally accessible interactive Internet website. As such, a slightly lower showing of "something more" need only be shown to establish personal jurisdiction over RSC. This "something more" can be provided by both Internet and non-Internet related activities. The Third Circuit has held that ignoring the likely prospect that the required "something more" can be demonstrated after jurisdictional discovery is conducted constitutes error. *See, Toys "R" Us v. Two Step, S.A.*, 318 F.3d 446, 455-56 (3d. Cir. 2003) (district court erred in denying jurisdictional discovery when "unwavering focus on the web site precluded consideration of Internet and non-Internet contacts—indicated in various parts of the record—which if explored, might provide the "something more" needed to bring [defendant] within our jurisdiction").

In light of the means whereby RSC and Sysgen hold themselves out to the public, it is reasonable to expect a typical consumer to consider the two companies to be affiliated or alter egos of one another. As such, additional legal doctrines operable in Delaware state and federal courts would come into play in establishing personal jurisdiction over RSC. The evidence available so far demonstrates that the additional facts needed to invoke these supplemental legal doctrines would likely be revealed by limited jurisdictional discovery.

RSC, furthermore, has provided statements in the Declaration of Peter Rausch that are contrary to the statements and other representations made available on both the RSC Website and the Sysgen Website. At a minimum, Aladdin is entitled to discovery sufficient to discern the true

7

character of RSC's relationship and business dealings with Sysgen, and to investigate the truth of other jurisdiction-specific statements RSC has made in its motion and supporting documents.

### A. Since RSC Maintains An Interactive Internet Website, Where Infringing Products Can Be Ordered, Exercising Personal Jurisdiction Is Likely Proper, If Only "Something More" Can Be Shown.

As the attached documents establish, RSC maintains a globally accessible interactive Internet website from which customers may place orders for products that infringe Aladdin's patents. RSC further has designed its website specifically to target customers from within the United States and boasts of maintaining a "U.S. customer base." In Delaware the law of personal jurisdiction currently requires "something more" than a globally interactive website. *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003) (citing *Barrett v. Catacombs Press*, 44 F.Supp.2d 717, 726 (E.D. Pa. 1990)). The "something more" has been satisfied by communications or business trips to the forum, purchase contracts with forum residents, contracts that apply the law of the forum state, and advertising or other marketing activities directed to the forum. *Id.* As such, the "something more" required by the case law is considered a lower threshold requirement than would be imposed in the absence of a worldwide interactive Internet website. *Id.*

The information RSC posts on its website reveals that a very substantial likelihood exists that the "something more" required by the law is present and satisfied by the activities of Sysgen. The facts collected thus far indicate that Sysgen is a U.S. company with an office located in New York, close to the forum state. That Sysgen may be operating as an alter ego or agent of RSC and that Sysgen has established minimum contacts with Delaware, which in turn would impute to RSC, are both demonstrated to a substantial likelihood on the basis of the statements contained in the RSC Website and the Sysgen Website. Aladdin should, at the very minimum, be granted

8

PHIL1 628732-1

limited jurisdictional discovery to investigate the true circumstances surrounding the relationship between RSC and Sysgen and the contacts each has with Delaware.

**B.      RSC Holds Itself Out to the Public as an Affiliate or Alter-Ego of Sysgen.**

By virtue of representations made on their respective Internet websites, RSC and Sysgen hold themselves out to be closely aligned companies—either alter egos of one another, or perhaps engaged in some other affiliation. Statements on the RSC Website reveal a close relationship between RSC and Sysgen, terming the relationship alternatively as "branch office" and "service center." Additionally, the Sysgen Website makes the very same representations using identical language. Furthermore, the Sysgen Website indicates the two corporations can be seen as alternative identities for each other—i.e., that the New York office location belongs both to RSC and to Sysgen.

Delaware law provides two theories that would allow a court to establish jurisdiction over RSC based upon the actions of Sysgen: the "alter ego theory" and the "agency theory." *See Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F.Supp. 1458, 1463 (D.Del.1991); *Sears, Roebuck & Co. v. Sears plc*, 744 F.Supp. 1297, 1304 (D.Del.1990). Under the alter ego theory, a court may attribute the actions of a subsidiary to its parent and ignore corporate boundaries if the court finds that the subsidiary is a mere "alter ego" of the parent. *See Mobil Oil Corp. v. Linear Films, Inc.*, 718 F.Supp. 260, 266 (D.Del.1989). Additionally, a company that sets up an agent to sell its products, or who creates a network of independently-owned distributorships is "undoubtedly amenable to suit" in Delaware. *Waters v. Deutz Corp.*, 460 A.2d 1332, 1337 (Del.Super.1983). In *Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*, 863 F.Supp. 186, 188-89 (D.Del.1993), this Court found it proper to exercise jurisdiction over a manufacturing company whose affiliate was responsible for all of the distribution of its products in Delaware and elsewhere. The Court found that the companies were "two arms of the same business

group," and that they "apparently operate in lockstep." *Id.*

It is not apparent from the facts currently of record whether RSC and Sysgen are corporate affiliates, alter egos of one another, or whether Sysgen is simply acting within an agency relationship on behalf of RSC. Either way, the relevant forum-directed activities of Sysgen would be imputed to RSC for the establishment of personal jurisdiction in Delaware. As such, there is a substantial likelihood that Aladdin would secure personal jurisdiction over RSC on this basis by virtue of Sysgen's activities within the forum. At a minimum, Aladdin is entitled to jurisdictional discovery concerning these facts.

C.      **Aladdin Should Therefore Be Given an Opportunity to Conduct Discovery into the True Nature of the Relationship Between RSC and Sysgen and the Truth of Other Statements Contained in the Rausch Declaration.**

Despite its Internet representations to the contrary, RSC has denied any relationship to Sysgen. *See* P. Rausch Decl., ¶ 12 ("Defendant does not have a place of business at 12 Elkland Road, Melville, NY 11747); RS-Comp's Mot. to Dismiss, at 1 ("Sysgen is a separate entity that is not owned, controlled, or affiliated with RS in any way."). It strains credulity how RSC can make these assertions while at the same time holding out to the public that, "RS Computer also maintains a **branch office** in New York, where it services its U.S. customer base." RSC Website, Exhibit "A" (emphasis added).

If, in fact, Sysgen is the alter ego of RSC, or even a company engaged in forum-specific marketing activities on behalf of RSC under some form of agency agreement, the exercise of personal jurisdiction in Delaware would be proper. As such, Aladdin should be entitled to limited discovery on the jurisdictional issue so as to make its own investigation of the true nature of RSC and Sysgen's business relationship.

|  |  |
|---|---|
| Date: June 17, 2005 | KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP<br><br>By: /s/ *signature*<br>David S. Eagle, Esquire (Bar No. 3387)<br>Patrick A. Costello, Esquire (Bar No. 4535)<br>919 Market Street<br>Suite 1000<br>Wilmington, DE  19801-3062<br>Telephone (302) 552-5508<br>*deagle@klehr.com*<br>*pcostello@klehr.com*<br><br>- and –<br><br>Michael K. Coran, Esquire<br>Mary Ellen O'Laughlin, Esquire<br>Damian Biondo, Esquire<br>260 South Broad Street, 4th Floor<br>Philadelphia, PA  19102<br>Telephone (215) 568-6060<br><br>Attorneys for Plaintiff<br>Aladdin Knowledge Systems, Ltd. |