IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Aladdin Knowledge Systems, Ltd., | : | |
|         Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 05-149 |
| | : | |
| Feitian Technologies Co., Ltd., | : | |
|     and | : | JURY TRIAL DEMANDED |
| RF Ideas, Inc., d/b/a Security Tokens, | : | |
|     and | : | |
| AZ-Tech Software, Inc., | : | |
|     and | : | |
| Softkey E-Solution Sdn Bhd, | : | |
|     and | : | |
| Novaris Innovative Technologies, | : | |
|     and | : | |
| Future Systems, Inc., | : | |
|     and | : | |
| RS-Computer | : | |
|     and | : | |
| OpenFortress Digital signatures | : | |
|     and | : | |
| Secure Technology, Inc. | : | |
|         Defendants. | : | |

**MEMORANDUM OF LAW OF PLAINTIFF ALADDIN KNOWLEDGE SYSTEMS, INC. LTD. IN OPPOSITION TO THE MOTION OF DEFENDANT <u>SECURE TECHNOLOGY, INC.TO DISMISS</u>**

| | |
|---|---|
| KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP | - and – |
| David S. Eagle, Esquire (Bar No. 3387) | Michael K. Coran, Esquire |
| Patrick A. Costello, Esquire (Bar No. 4535) | Mary Ellen O'Laughlin, Esquire |
| 919 Market Street | Damian Biondo, Esquire |
| Suite 1000 | 260 South Broad Street, 4th Floor |
| Wilmington, DE 19801-3062 | Philadelphia, PA 19102 |
| Telephone (302) 552-5508 | Telephone (215) 568-6060 |
| deagle@klehr.com | |
| pcostello@klehr.com | |

Counsel for Plaintiff Aladdin Knowledge Systems, Ltd.

Table of Contents

Table of Contents ...................................................................................................... i

Table of Authorities ................................................................................................. ii

I.   FACTS ........................................................................................................... 1

II.  ARGUMENT .................................................................................................. 2

     A.   Service Properly Has Been Effected .................................................... 2

     B.   Personal Jurisdiction Exists .................................................................. 2

Conclusion ................................................................................................................ 4

PHIL1 628727-1

# TABLE OF AUTHORITIES

## CASES

<u>In re Automotive Refinishing Paint Antitrust Litigation</u>,
  2002 WL. 31261330 (E.D.Pa. July 31, 2002)..................................................4

<u>Centralized Health Systems, Inc. v. Cambridge Medical Instruments, Inc.</u>,
  1989 WL. 136277 (E.D.Pa. Nov.8, 1989) ......................................................4

<u>Massachusetts School of Law at Andover, Inc. v. American Bar Association</u>,
  107 F.3d 1026 (3d Cir.1997)............................................................................3

<u>McNiel Nutritionals, LLC v. The Sugar Assoc.</u>, ............................................4
  Civ. A. No. 05-69, (D. Del. Apr. 29, 2005) (Sleet, J.)

<u>Mellon Bank (East) PSFS, National Association v. Farino</u>,
  960 F.2d 1217 (3d Cir.1992)............................................................................4

<u>Pinker v. Roche Holdings Ltd.</u>,
  292 F.3d 361 (3d Cir. 2002)............................................................................3

<u>W. Africa Trading & Shipping Co., et al. v. London International Group, et al.</u>,
  968 F. Supp. 996 (D.N.J.1997) ......................................................................4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Aladdin Knowledge Systems, Ltd., | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 05-149 |
| | : | |
| Feitian Technologies Co., Ltd., | : | |
| and | : | JURY TRIAL DEMANDED |
| RF Ideas, Inc., d/b/a Security Tokens, | : | |
| and | : | |
| AZ-Tech Software, Inc., | : | |
| and | : | |
| Softkey E-Solution Sdn Bhd, | : | |
| and | : | |
| Novaris Innovative Technologies, | : | |
| and | : | |
| Future Systems, Inc., | : | |
| and | : | |
| RS-Computer | : | |
| and | : | |
| OpenFortress Digital signatures | : | |
| and | : | |
| Secure Technology, Inc. | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW OF PLAINTIFF ALADDIN KNOWLEDGE SYSTEMS, INC. LTD. IN OPPOSITION TO THE MOTION OF DEFENDANT SECURE TECHNOLOGY, INC. TO DISMISS**

I.   **FACTS**

Plaintiff Aladdin Knowledge Systems, Ltd. ("Aladdin") initiated this action on March 11, 2005 by filing its complaint. On May 6, 2005, Defendant Secure Technology, Inc. ("Secure Technology") moved this court to quash service of and dismiss the complaint. Principally, Secure Technology asserts that it has no relationship to the Delaware-based entity named "Secure Technology, Inc.," and it has not been properly served. For the reasons set forth below,

PHIL1 628727-1

Secure Technology's motion should be denied or, in the alternative, the Court should order discovery limited to the issue of personal jurisdiction.

II.   **ARGUMENT**.

This is an action for patent infringement brought against eight (8) different defendants whom Aladdin contends make, sell, distribute, or offer for sale products that infringe Aladdin's patented computer-security technology. Aladdin contends that Secure Technology offers infringing products for sale in Delaware and elsewhere.

A.   **Service Properly Has Been Effected**.

Initially, Aladdin made service upon Secure Technology by serving The Corporation Trust Company in Wilmington, which was identified as its agent for service of process. See Affidavit of Service, attached as Exhibit "A".[1] Then, after Secure Technology filed this motion, Aladdin also served Secure Technology at the address in Port Richey, Florida which it claims is its principal place of business. See Affidavit of Service dated May 18, 2005, attached hereto as Exhibit "B". See also Declaration of Rick Bertram in Support of Motion to Dismiss at ¶2 (listing principal place of business in Port Richey, Florida). Since Secure Technology has now been served at the location it avers is its principal place of business, there no longer can be an argument concerning service and this ground in support of the motion to dismiss should be rejected.

B.   **Personal Jurisdiction Exists**.

Attached hereto as Exhibit "C" is a true and correct copy of the Delaware Secretary of State, Corporations Division, filing for Secure Technology, Inc. ("STI") available through electronic search of the Westlaw databases. The document reflected that an entity named Secure

---

[1]   Aladdin's Delaware counsel received correspondence from the registered agent indicating that Secure Technology, Inc. claimed that it was not the proper defendant.

2

Technology, Inc. is a corporation organized under the laws of Delaware on May 30, 2002, and with a registered agent for the service of process listed as The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801. Without any documentary support, Secure Technology claims in its motion that it is not the same entity as this Delaware corporation. At minimum, Aladdin should be given limited jurisdictional discovery to determine the true nature of the relationship between the entities.

First, it is telling that Secure Technology (of Florida) became aware of Aladdin's service of process on the Delaware registered agent. In the absence of a connection between the two entities, it is unlikely that service upon the Delaware agent for one company would effectuate service upon an entity in another state that purports to have no connection to the entity served.

Second, there is evidence that the defendant has been conducting business under the name "Secure Technology, Inc.," thus tending to corroborate that the entities are one and the same or related. Attached hereto as Exhibit "D" is a true and correct copy of an Internet webpage stating that "Secure Technology, Inc." is a subsidiary of London-based Secure Technology Group Ltd., is headed by Rick Bertram, the same individual submitting an affidavit in support of Secure Technology's motion to dismiss, and is located at the specified address in Port Ritchey, Florida. *See* <http://www.keydrive2.com/en/contact.html>.

Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002), courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is "clearly frivolous." *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir.1997). If a plaintiff presents factual allegations that suggest "with reasonable

3

particularity" the possible existence of the requisite "contacts between [the party] and the forum state," *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir.1992), the plaintiff's right to conduct jurisdictional discovery should be sustained.

Where the plaintiff has made this required threshold showing, courts within this Circuit have sustained the right to conduct discovery before the district court dismisses for lack of personal jurisdiction. *See, e.g., In re Automotive Refinishing Paint Antitrust Litigation*, 2002 WL 31261330, at *9 (E.D.Pa. July 31, 2002) (denying motion to dismiss and permitting jurisdictional discovery where plaintiff made a "threshold prima facie showing of personal jurisdiction over Defendants"); *W. Africa Trading & Shipping Co., et al. v. London Int'l Group, et al.*, 968 F.Supp. 996, 1001 (D.N.J.1997) (denying defendant's motion to dismiss where the plaintiffs' "request for jurisdictional discovery is critical to the determination of whether [the court can] exercise personal jurisdiction over the defendant."); *Centralized Health Systems, Inc. v. Cambridge Medical Instruments, Inc.*, 1989 WL 136277, at *1 (E.D.Pa. Nov.8, 1989) (holding motion to dismiss in abeyance to permit party to take discovery on jurisdiction where distribution arrangement might satisfy minimum contacts). This Court, in fact, has construed quite liberally the "some indication" requirement needed to establish the need for limited jurisdictional discovery. *See McNiel Nutritionals, LLC v. The Sugar Assoc.*, Memorandum and Order, at 7, Civ. A. No. 05-69, (D. Del. Apr. 29, 2005) (Sleet, J.).

## CONCLUSION

Secure Technology's motion to dismiss should be denied. First, service was properly effected. Second, Aladdin has demonstrated facts that call into question Secure Technology's claim that it is distinct from Secure Technology, Inc., a registered Delaware corporation. In the alternative, Aladdin has met its burden of demonstrating that discovery on the limited issue of

4

personal jurisdiction is warranted prior to a final ruling on this motion. In the event that Aladdin's claims against Secure Technology are dismissed, dismissal should be without prejudice so that Aladdin may re-file in Florida.

KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP

Date: June 17, 2005

By: _____
David S. Eagle, Esquire (Bar No. 3387)
Patrick A. Costello, Esquire (Bar No. 4535)
919 Market Street
Suite 1000
Wilmington, DE 19801-3062
Telephone (302) 552-5508
*deagle@klehr.com*
*pcostello@klehr.com*

- and –

Michael K. Coran, Esquire
Mary Ellen O'Laughlin, Esquire
Damian Biondo, Esquire
260 South Broad Street, 4th Floor
Philadelphia, PA 19102
Telephone (215) 568-6060

Counsel for Plaintiff
Aladdin Knowledge Systems, Ltd.

5