IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALADDIN KNOWLEDGE SYSTEMS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No. 05-149 (GMS) |
| | ) | |
| v. | ) | |
| | ) | |
| FEITIAN TECHNOLOGIES CO., LTD., RF IDEAS, INC., d/b/a SECURITY TOKENS, AZ-TECH SOFTWARE, INC., SOFTKEY E-SOLUTION SDN BHD, NOVARIS INNOVATIVE TECHNOLOGIES, FUTURE SYSTEMS, INC., RS-COMPUTER, OPENFORTRESS DIGITAL SIGNATURES, and SECURE TECHNOLOGY, INC., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**SECURE TECHNOLOGY'S REPLY BRIEF
<u>IN SUPPORT OF ITS TO MOTION TO DISMISS</u>**

          MORRIS, NICHOLS, ARSHT & TUNNELL
          Rodger D. Smith II (#3778)
          1201 N. Market Street
          P.O. Box 1347
          Wilmington, DE 19897-1347
          (302-658-9200
          rsmith@mnat.com
            *Attorney for Defendant*
            *Secure Technology, Inc.*

OF COUNSEL:

Matthew G. Reeves
LOCKE LIDDELL & SAPP LLP
600 Travis, Suite 600
Houston, Texas 77002-3095
(713) 226-1200

June 27, 2005

i.

## TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF CITATIONS | ii |
| ARGUMENT | 1 |
| CONCLUSION | 2 |

ii.

## TABLE OF CITATIONS

Page(s)

**Cases**

*B.L. Poe v. Babcock Int'l,*
    662 F. Supp. 4 (M.D. Pa. 1985) ............................................................................. 1

*Hansen v. Neumueller GmbH,*
    163 F.R.D. 471 (D. Del. 1995) .............................................................................. 1

*Telcordia Technologies, Inc. v. Alcatel S.A.,*
    C.A. No. 04-874-GMS (D. Del. May 27, 2005) ................................................. 1

1.

## ARGUMENT

Plaintiff has pled that "Secure Technology, Inc. offers for sale, sells, and advertises infringing products in this District through its Internet website, and through other sources." D.I. 1, ¶ 11. This is not true, and Secure Technology has moved to dismiss this suit for lack of personal jurisdiction.

Plaintiff's only response to Secure Technology's motion to dismiss is to stubbornly insist that there might be a connection between Defendant Secure Technology and a Delaware entity named "Secure Technology, Inc.," which Plaintiff mistakenly served with process in this suit. Plaintiff makes this allegation despite the fact that Secure Technology's motion to dismiss is supported by a declaration from Mr. Rick Bertram to the contrary. Plaintiff has no evidence supporting personal jurisdiction, it merely speculates concerning the veracity of Mr. Bertram's declaration, and on the strength of this, asks the Court to allow jurisdictional discovery.

But as this Court recently pointed out in *Telcordia Technologies, Inc. v. Alcatel S.A.*, C.A. No. 04-874-GMS (D. Del. May 27, 2005) (Ex. A), *slip op.* at 16-17, "[when a plaintiff meets] a defendant's affidavit evidence with mere speculation, plaintiff's request for an opportunity to conduct discovery on the matter must be denied. It would be inappropriate for this court to allow plaintiff to conduct a fishing expedition in order to construct a basis for jurisdiction." *Citing, B.L. Poe v. Babcock Int'l,* 662 F. Supp. 4, 7 (M.D. Pa. 1985). Rather, "there must be some competent evidence to demonstrate that personal jurisdiction over a defendant might exist before allowing discovery to proceed." *Hansen v. Neumueller GmbH,* 163 F.R.D. 471, 475 (D. Del. 1995).

The Court should not allow jurisdictional discovery on the basis of Plaintiff's speculation. First, as underscored by the case law above, Plaintiff cannot as a matter of law meet

2.

the Bertram declaration by simply questioning its veracity without evidence. Second, both parties have granted several extensions in this case, and Plaintiff has had ample time to conduct informal discovery by, for example, picking up the phone and calling the Delaware company if it wanted to assure itself of the truth of the Bertram declaration. Finally, if anyone's veracity should be called into question it is Plaintiff's. Plaintiff pled "[u]pon information and belief" that Secure Technology "offers for sale, sells and advertises infringing products in this District," not just over the Internet but through "other sources" as well. D.I. 1, ¶ 11. It is now obvious that Plaintiff had no "information" of any of this -- other than the solitary fact that a company with the name "Secure Technology, Inc." is registered in Delaware.

Finally, Secure Technology (of Florida) became aware of Plaintiff's service of process on the Delaware registered agent for Secure Technology, Inc. through the return of service that Plaintiff filed with the Court. The only thing that is "telling" is that Plaintiff chose to ignore this rather obvious possibility in its brief.

## CONCLUSION

Plaintiff has not demonstrated facts that support personal jurisdiction. Instead, it has presented only unsupported allegations and mere speculation, which are insufficient to either carry its burden of supporting personal jurisdiction or to justify a request for jurisdictional discovery. In addition, Plaintiff has not still shown that Secure Technology was

3.

properly served. Therefore, the Court should deny Plaintiff's request for jurisdictional discovery and grant Secure Technology's motion to dismiss.

          MORRIS, NICHOLS, ARSHT & TUNNELL

          */s/ Rodger D. Smith II*
          _____
          Rodger D. Smith II (#3778)
          1201 N. Market Street
          P.O. Box 1347
          Wilmington, DE 19897-1347
          (302-658-9200
          rsmith@mnat.com
            *Attorney for Defendant*
            *Secure Technology, Inc.*

OF COUNSEL:

Matthew G. Reeves
LOCKE LIDDELL & SAPP LLP
600 Travis, Suite 600
Houston, Texas 77002-3095
(713) 226-1200

June 27, 2005
471702

## CERTIFICATE OF SERVICE

I, Rodger D. Smith, hereby certify that on June 27, 2005, I caused to be electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>David S. Eagle, Esquire
>KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS
>Wilmington, DE  19801

I also certify that copies were caused to be served on June 27, 2005, upon the following in the manner indicated:

### BY HAND

>David S. Eagle, Esquire
>KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS
>919 Market Street
>Suite 1000
>Wilmington, DE  19801

>*/s/ Rodger D. Smith II*
>Rodger D. Smith II (#3778)
>MORRIS, NICHOLS, ARSHT & TUNNELL
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE  19899
>(302) 658-9200
>  *Attorneys for Defendant*
>  *Secure Technology, Inc.*
>rsmith@mnat.com