IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALADDIN KNOWLEDGE SYSTEMS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No. 05-149 (GMS) |
| | ) | |
| v. | ) | |
| | ) | |
| FEITIAN TECHNOLOGIES CO., LTD., | ) | |
| RF IDEAS, INC., d/b/a SECURITY TOKENS, | ) | |
| AZ-TECH SOFTWARE, INC., SOFTKEY E- | ) | |
| SOLUTION SDN BHD, NOVARIS | ) | |
| INNOVATIVE TECHNOLOGIES, FUTURE | ) | |
| SYSTEMS, INC., RS-COMPUTER, | ) | |
| OPENFORTRESS DIGITAL SIGNATURES, | ) | |
| and SECURE TECHNOLOGY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**RS-COMPUTER'S REPLY BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS**

MORRIS, NICHOLS, ARSHT & TUNNELL
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19897-1347
(302-658-9200
rsmith@mnat.com
  *Attorney for Defendant
  RS-Computer*

OF COUNSEL:

Matthew G. Reeves
LOCKE LIDDELL & SAPP LLP
600 Travis, Suite 600
Houston, Texas  77002-3095
(713) 226-1200

June 27, 2005

i.

## TABLE OF CONTENTS

Page

TABLE OF CITATIONS      ii

ARGUMENT      1

CONCLUSION      2

## TABLE OF CITATIONS

Page(s)

**Cases**

*B.L. Poe v. Babcock Int'l,*
    662 F. Supp. 4 (M.D. Pa. 1985)    1

*Hansen v. Neumueller GmbH,*
    163 F.R.D. 471 (D. Del. 1995)    1

*Telcordia Technologies, Inc. v. Alcatel S.A*
    C.A. No. 04-874-GMS (D. Del. May 27, 2005)    1

## ARGUMENT

Plaintiff has pled that "RS-Computer offers for sale, sells, and advertises infringing products in this District through its active English-language website and through other sources." D.I. 1, ¶ 9. This is not true, and RS-Computer has moved to dismiss this suit for lack of personal jurisdiction. Plaintiff opposes the motion, but even a quick reading of its Answering Brief reveals that Plaintiff does not have, and never did have, any evidence to support its allegations. So, Plaintiff now asks this Court for jurisdictional discovery, hoping that with luck it might stumble on a basis for personal jurisdiction.

But as this Court recently pointed out in *Telcordia Technologies, Inc., v. Alcatel S.A.,* C.A. No. 04-874-GMS (D. Del. May 27, 2005) (Ex. A), *slip op.* at 16-17, "[when a plaintiff meets] a defendant's affidavit evidence with mere speculation, plaintiff's request for an opportunity to conduct discovery on the matter must be denied. It would be inappropriate for this court to allow plaintiff to conduct a fishing expedition in order to construct a basis for jurisdiction." *Citing, B.L. Poe v. Babcock Int'l,* 662 F. Supp. 4, 7 (M.D. Pa. 1985). Rather, "there must be some competent evidence to demonstrate that personal jurisdiction over a defendant might exist before allowing discovery to proceed." *Hansen v. Neumueller GmbH,* 163 F.R.D. 471, 475 (D. Del. 1995).

Here, RS-Computer has provided affidavit evidence showing that it has no contacts – at all – with the State of Delaware. Plaintiff has not met this with any competent evidence to the contrary, despite telling the Court that it had "information and belief" supporting its claims. *See,* D.I. 1, ¶ 9. Instead, Plaintiff offers wild speculation, namely that a company called Sysgen – which is not named or even mentioned in the Complaint – *might* be operating as an alter ego of RS-Computer, and that Sysgen *might* have minimum contacts with Delaware, and *if so,* these contacts *might* impute to RS. There is no evidence of any of this.

Sysgen is a New York company, and there is no evidence that it has any Delaware contacts.  Thus, even if Plaintiff could show a relationship between RS-Computer and Sysgen, there is no reason to think that it would support jurisdiction in Delaware.  Allowing jurisdictional discovery on a hypothetical relationship between a German company and a New York company to establish jurisdiction in Delaware would be expensive and unnecessary, particularly where there is no evidence that either company has any Delaware contacts.  Moreover, Plaintiff has no evidence that Sysgen is an alter ego, or that it has any other relationship with RS-Computer that could impute personal jurisdiction.  In any event, it would not be enough to show some kind of relationship between the companies, and to show that Sysgen had contacts with Delaware.  Plaintiff would also have to show that those contacts somehow related to the accused products in suit.  Again, there is no evidence of this.  In fact, if Plaintiff had any evidence that Sysgen was selling the accused products in Delaware (or anywhere else for that matter), it would have named Sysgen as a defendant here.

The fact is Plaintiff has presented nothing more than unsupported allegations and bare speculation in support of its claim of personal jurisdiction over RS-Computer.  It would be inappropriate, therefore, to allow Plaintiff to conduct a fishing expedition to construct a basis for personal jurisdiction.

## <u>CONCLUSION</u>

Plaintiff has not demonstrated facts that support personal jurisdiction.  Instead, it has presented only unsupported allegations and mere speculation, which are insufficient to either carry its burden of supporting personal jurisdiction or to justify a request for jurisdictional discovery.    In  addition,  Plaintiff  has  not  shown  that  RS-Computer  was  properly

3.

served.   Therefore, the Court should deny Plaintiff's request for jurisdictional discovery and

grant RS-Computer's motion to dismiss.

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19897-1347
(302-658-9200
rsmith@mnat.com
  *Attorney for Defendant*
  *RS-Computer*

OF COUNSEL:

Matthew G. Reeves
LOCKE LIDDELL & SAPP LLP
600 Travis, Suite 600
Houston, Texas  77002-3095
(713) 226-1200

June 27, 2005
471704

## <u>CERTIFICATE OF SERVICE</u>

I, Rodger D. Smith, hereby certify that on June 27, 2005, I caused to be electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> David S. Eagle, Esquire
> KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS
> Wilmington, DE  19801

I also certify that copies were caused to be served on June 27, 2005, upon the following in the manner indicated:

### <u>BY HAND</u>

> David S. Eagle, Esquire
> KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS
> 919 Market Street
> Suite 1000
> Wilmington, DE  19801

> */s/ Rodger D. Smith II*
> Rodger D. Smith II (#3778)
> MORRIS, NICHOLS, ARSHT & TUNNELL
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE  19899
> (302) 658-9200
> *Attorneys for Defendant*
> *RS-Computer*
> rsmith@mnat.com