# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TELCORDIA TECHNOLOGIES, INC.,       )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )        Civil Action No. 04-874 GMS
                                    )
ALCATEL S.A. and ALCATEL USA,       )
INC.,                               )
                                    )
        Defendants.                 )

## MEMORANDUM

**I.      INTRODUCTION**

On July 16, 2004, the plaintiff, Telcordia Technologies, Inc. ("Telcordia"), filed this patent

infringement action against Alcatel S.A. ("Alcatel S.A.") and Alcatel USA, Inc. ("Alcatel USA").

Presently before the court is Alcatel S.A.'s motion to dismiss for lack of personal jurisdiction. For

the following reasons, the court will grant the motion.

**II.     BACKGROUND**

Alcatel S.A. is a French corporation with its principal place of business in Paris, France.

Alcatel S.A. is the parent company of Alcatel USA, a Delaware corporation with its principal place

of business in Plano, Texas. (D.I. 18 Ex. 2 ¶¶ 2-3.) It is a holding company that does not

manufacture, sell, advertise, offer to sell, trade or import any goods or services in the United States

or anywhere in the world. (*Id.* ¶¶ 3-5.) It does not maintain any offices or other facilities in

Delaware, or the United States. (*Id.* ¶ 7.) It neither owns nor leases any real property in Delaware

or the United States, but it does own United States patents. (*Id.* ¶ 8.) Alcatel S.A. does not maintain

any bank accounts in Delaware and has never contracted to supply services or things in Delaware

or the United States. (*Id.* ¶¶ 9-10.)

Telcordia, a Delaware Corporation with its principal place of business in Piscataway, New Jersey, is the assignee and owner of the patent-in-suit, U.S. Patent No. 4,893,306 (the "'306 patent").[1] The '306 patent relates to a method and apparatus for multiplexing circuit and packet traffic. The patent discloses a data transmission technique, or Dynamic Time Division Multiplexing ("DTDM"), that is compatible with the digital circuit transmission format, as well as the packet transmission format, thereby providing "a flexible migration strategy between present circuit networks and future broadband packet networks." (U.S. Patent No. 4,893,306 Abstract.) The complaint alleges that Alcatel S.A. and Alcatel USA have infringed, induced infringement of, and/or contributorily infringed one or more claims of the '306 patent by making, using, offering for sale, selling and/or importing into the United States communication network products embodying the patented invention. (D.I. 1 ¶¶ 13-14.)

## III.    STANDARD OF REVIEW

Alcatel S.A. moves to dismiss the complaint for lack of personal jurisdiction over the defendant. "Rule 12(b)(2) of the Federal Rules of Civil Procedure requires a court to dismiss a case when the court lacks personal jurisdiction over the defendant[]." *E.I. DuPont de Nemours & Co. v. Rhodia Fiber & Resin Intermediates*, 197 F.R.D. 112, 119 (D. Del. 2000). In determining whether personal jurisdiction exists, courts engage in a two step analysis. First, the court must decide whether jurisdiction is authorized by the long-arm statute of the state in which the court sits. *Transportes Aeros de Angola v. Ronair, Inc.*, 544 F. Supp. 864-65 (D. Del. 1982). If jurisdiction is proper per the long-arm statute, the court must then determine whether exercising jurisdiction

---

[1] The '306 patent was issued on January 9, 1990 and assigned to Bell Communications Research, Inc. ("Bellcore"), which became Telcordia in 1999.

2

comports with the requirements of the Due Process Clause of the Fourteenth Amendment. *Id.* (noting, however, "intent of the legislature to exercise jurisdiction over non-residents whenever feasible"); *Compaq Computer Corp. v. Packard Bell Elec., Inc.*, 948 F. Supp. 338, 342 (D. Del. 1996) (citation omitted). To satisfy the second prong of this analysis, the court must find the existence of "minimum contacts" between the defendant and the forum state, "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). Specifically, Telcordia must show that Alcatel S.A. "purposefully avail[ed] itself of the privilege of conducting activities within the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)); *see also Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 108-09 (1987). Unless the contacts are continuous and systematic, they must be related to the present cause of action. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984).

In determining the jurisdictional question, the court must accept as true the allegations in the complaint. *Altech Indus., Inc. v. Al Tech Specialty Steel Corp.*, 542 F. Supp. 53, 55 (D. Del. 1982). However, Telcordia, the plaintiff, bears the burden of alleging facts sufficient to make a *prima facie* showing of personal jurisdiction over Alcatel S.A. *ICT Pharms., Inc. v. Boehringer Ingelheim Pharms., Inc.*, 147 F. Supp. 2d 268, 270-71 (D. Del. 2001). To meet this burden, Telcordia must adduce facts which "'establish with reasonable particularity'" that jurisdiction over Alcatel S.A. exists. *Id.* (quoting *Joint Stock Soc'y v. Heublein, Inc.*, 936 F. Supp. 177, 193 (D. Del. 1996)).

## IV.    DISCUSSION

3

A.     **Delaware's Long-Arm Statute**

The first step in the court's analysis is to determine whether any of the provisions of Delaware's long-arm statute, Del. Code Ann. tit. 10 § 3104, warrant the exercise of jurisdiction over Alcatel S.A.  Alcatel S.A. contends that the court has no basis to assert jurisdiction, while Telcordia maintains that the conduct of Alcatel S.A. satisfies the requirements of subsections (c)(1) and (c)(3) of the long-arm statute.

Under subsection (c)(1), the court may exercise jurisdiction over a nonresident or agent of a nonresident who "transacts any business or performs any character of work or service in the State." DEL. CODE ANN. tit. 10 § 3104(c)(1).  Subsection (c)(3) gives the court the authority to exercise jurisdiction over a nonresident or agent of a nonresident who "causes tortious injury in the State by an act or omission in this State."  DEL. CODE ANN. tit. 10 § 3104(c)(3).  Delaware courts construe the long-arm statute broadly to confer jurisdiction to the maximum extent possible so as to "provide residents a means of redress against those not subject to personal service within the state." *Boone v. Oy Partek Ab*, 724 A.2d 1150, 1156-57 (Del. Super. 1997).  The Delaware Supreme Court has interpreted subsections (c)(1) and (c)(3) as specific jurisdiction provisions that require a "nexus" between the plaintiff's cause of action and the conduct of the defendant that is used as a basis for jurisdiction.  *See LaNuova D&B, S.p.A. v. Bowe Co.*, 513 A.2d 764, 768 (Del. 1986).  In order to meet the requirements of subsections (c)(1) and (c)(3), Alcatel S.A.'s actions must be directed at residents of Delaware and the protection of Delaware laws. *Thorn EMI N. Am. Inc. v. Micron Tech., Inc.*, 821 F. Supp. 272, 274 (D. Del. 1993).

Telcordia asserts that the court should exercise jurisdiction under § 3104(c)(1) and/or (c)(3) because Alcatel S.A.'s contacts with Delaware are attributable to its subsidiary, Alcatel USA, under

4

the principles of agency.[2]  The principles of agency allow a court to establish jurisdiction over the parent based upon its jurisdiction over a subsidiary.  Under the agency theory, "the court may attribute the actions of a subsidiary company to its parent where the subsidiary acts on the parent's behalf or at the parent's direction."  *C.R. Bard Inc. v. Guidant Corp.*, 997 F. Supp. 556, 559 (D. Del. 1998) (citing *Mobil Oil Corp. v. Linear Films, Inc.*, 718 F. Sup. 260, 266 (D. Del. 1989)).  Thus, the agency theory "examines the degree of control which the parent exercises over the subsidiary." *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1463 (D. Del. 1991).  The factors relevant to the court's examination include: (1) "the extent of overlap of officers and directors"; (2) "methods of financing"; (3) "the division of responsibility for day-to-day management"; and (4) "the process by which each corporation obtains its business.  No one factor is either necessary or determinative; rather it is the specific combination of elements which is significant."  *Id.*  If the court determines that an agency relationship exists, it may attribute certain actions of the subsidiary, Alcatel USA, to the parent corporation, Alcatel S.A., in assessing whether Telcordia has satisfied the requirements of the long-arm statute.  *See id.*  However, the mere existence of an agency relationship is not sufficient to confer jurisdiction.  The court must still apply the Delaware long-arm statute.  *See id.* at 1455 ("[A] finding of agency does not render the long-arm statute inapplicable, but simply implicates its 'or through an agent' provision.")

---

[2] Delaware law provides two theories that allow a court to exercise jurisdiction over a parent corporation based on its jurisdiction over a subsidiary: the alter ego theory and the agency theory.  *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1463 (D. Del. 1991). Under the alter ego theory, the party showing jurisdiction must show fraud or inequity in the use of the corporate form for a court to "pierce the corporate veil," or attribute the actions of a subsidiary to the parent corporation.  *Id.*; *see Mobile Oil Corp. v. Linear Films, Inc.*, 718 F. Supp. 260, 266 (D. Del. 1989).  Telcordia has neither asserted the existence of any fraud in the corporate structure of Alcatel S.A. and Alcatel USA nor introduced evidence that would support a finding of fraud.  Accordingly, the court will not address this jurisdictional theory.

Telcordia contends that Alcatel S.A. should be subject to jurisdiction under the agency theory because "Alcatel S.A. and Alcatel USA are closely knit together, effectively operating as one." (D.I. 20, at 10.) Telcordia alleges the following to support its contention of an agency theory of jurisdiction: (1) Alcatel S.A. makes it abundantly clear that the United States market is very important to it and raises funds in the United States; (2) it owns patents, *i.e.* property, in the United States; (3) it fails to distinguish among its multinational subsidiaries – that is, it consolidates descriptions of its activities with those of its subsidiaries; (4) it chose to incorporate Alcatel USA in Delaware; (5) its Senior Vice President, Mike Quigley ("Quigley") is the CEO of Alcatel USA; and (6) its website solicits requests for information concerning its products, including allegedly infringing products from Delaware residents. (*Id.* at 3-5, 10.) Telcordia further contends that, "at the very least," Alcatel USA has offered to sell in Delaware products accused of infringing the '306 patent and, therefore, transacts business in the state. In addition, because Alcatel USA committed these acts as Alcatel S.A.'s agent, they are attributable to Alcatel S.A. (D.I. 20, at 10.)

Before the court can determine whether it should attribute Alcatel USA's alleged acts in Delaware to Alcatel S.A., it must determine whether an agency relationship exists between the two corporations. As previously stated, in order to make this determination, the court must consider the extent of overlap of officers and directors between Alcatel USA and Alcatel S.A., the methods of financing with respect to the two corporations, the division of responsibility for day-to-day management between the two, and the process by which each corporation obtains its business. After having considered these factors, the court concludes that Telcordia has not carried its burden. As to the first factor, Telcordia points to one overlap in officers between the two corporations: Quigley is Senior Executive Vice President of Alcatel S.A. and CEO of Alcatel USA. According to Alcatel

S.A., there is a second overlap between the two corporations: its President and COO, Philippe Germond, is a member of the Board of Directors of Alcatel USA. (D.I. 23, at 3; D.I. 22 ¶ 6.) This minor overlap, however, is not dispositive, as "it is entirely appropriate for directors of a parent corporation to serve as directors of a subsidiary, and that fact alone may not serve to expose the parent corporation to liability for its subsidiary's acts." *United States v. Bestfoods*, 524 U.S. 51, 69 (1998) (citations omitted) (noting that it is "well established principle . . . that directors and officers holding positions with a parent and its subsidiary can and do 'change hats' to represent the two corporations separately, despite their common ownership"). As such, this factor does not weigh in favor of a finding of agency.

Likewise, the remaining factors do not weigh in favor of applying the agency theory in the present case. First, Alcatel S.A. is merely a holding company that does not manufacture, sell, or advertise in the United States, or anywhere in the world. (D.I. 18 ¶¶ 3-5.) Thus, this is not a case in which Alcatel S.A. manufactures a product and uses an independent distributor to sell its product. *Cf. C.R. Bard*, 997 F. Supp. at 561. In addition, Alcatel USA maintains its own executive team, which is responsible for the day-to-day management of Alcatel USA, and no employee of Alcatel S.A. is a member of the executive team of Alcatel USA. (D.I. 22 ¶ 5.) It also maintains its own financial statements, separate from those kept by Alcatel S.A. (D.I. 22 ¶ 10.) Alcatel USA files a consolidated United States federal income tax return that is separate from tax returns filed by Alcatel S.A. (*Id.* ¶ 12.) Alcatel USA finances its day-to-day activities through funds generated from its business activities, including the manufacture, marketing and distribution of the accused infringing products. (*See id.* ¶ 13.) Accordingly, the court finds that while there is a minor overlap of officers and directors between the parent and subsidiary, Telcordia has not produced sufficient evidence for

the court to conclude that the specific combination of agency factors militates in favor of a finding

that Alcatel USA was acting as Alcatel S.A.'s agent.  Thus, sections (c)(1) and (c)(3) do not warrant

the exercise of jurisdiction over Alcatel S.A.[3]

## B.     Federal Rule of Civil Procedure 4(k)(2)

Telcordia next asserts that, even if the Delaware long-arm statute does not apply in the

present case, the court should not grant Alcatel S.A.'s motion to dismiss because it has the authority

to exercise personal jurisdiction over Alcatel S.A. pursuant to Rule 4(k)(2) of the Federal Rules of

Civil Procedure.  Rule 4(k)(2) provides:

> If the exercise of jurisdiction is consistent with the Constitution and laws of the
> United States, serving a summons or filing a waiver of service is also effective, with
> respect to claims arising under federal law, to establish personal jurisdiction over the
> person of any defendant who is not subject to the jurisdiction of the courts of general
> jurisdiction of any state.

FED. R. CIV. P. 4(k)(2).  In order to establish jurisdiction pursuant to Rule 4(k)(2), (1) Telcordia's

claim must arise under federal law; (2) Alcatel S.A. must lack sufficient contacts with any state to

subject it to personal jurisdiction; and (3) Alcatel S.A. must have sufficient contacts with the United

States as a whole to satisfy due process.  *See BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229

F.3d 254, 258-59 (3d Cir. 2000).  Telcordia contends that all three requirements of Rule 4(k)(2) are

satisfied.  The court disagrees.

First, the parties do not dispute, nor could they, that Telcordia's claims arise under federal

law.  The complaint alleges that Alcatel S.A. has infringed, induced infringement of, and/or

---

[3] The court need not address whether jurisdiction in Delaware comports with the
requirements of the Due Process Clause because it has no statutory authority under the Delaware
long-arm statute to exercise jurisdiction over Alcatel S.A.

contributorily infringed the '306 patent. Patents and the protection of patent rights are the subject of Title 35 of the United States Code. 35 U.S.C. § 271 specifically provides the elements of patent infringement. Additionally, 28 U.S.C. § 1338 gives district courts original jurisdiction over patent actions. A patent infringement action, therefore, is one that arises under federal law. Telcordia has thus satisfied the first requirement of Rule 4(k)(2).

Having found that the first requirement of Rule 4(k)(2) is satisfied, the court next must determine whether Alcatel S.A. is not subject to jurisdiction in any state. *See United States v. Offshore Marine Ltd.*, 179 F.R.D. 156, 160 (D.V.I. 1998); *Revak v. Locatum A.B.*, No. Civ. A. 03-4822, 2005 WL 1017771, at *2 (E.D. Pa. Apr. 28, 2005). As a preliminary matter, the court must determine whether Telcordia or Alcatel S.A. bears the burden of proving that Alcatel S.A. is not subject to the jurisdiction of any state. In *Offshore Marine Ltd.*, the United States District Court for the District of the Virgin Islands noted that "[t]he question [of] which party bears the burden of proving . . . that the defendant is not subject to jurisdiction in any state appears to be an issue of first impression in this Court and in this Circuit, probably because it is generally the plaintiff's duty to allege and prove personal jurisdiction." *Offshore Marine Ltd.*, 179 F.R.D. at 160. Indeed, it appears that the Third Circuit has not yet addressed whether the plaintiff or defendant bears the burden of proving that the defendant is beyond the jurisdictional reach of any state court of general jurisdiction, or what is known as the negation requirement. *See Base Metal Trading Ltd. v. OJSC "Novokuzetsky Aluminum Factory"*, 47 Fed. Appx. 73, 75 (3d Cir. 2002) (unpublished) (determining that negation issues need not be reached because the Due Process requirement of Rule 4(k)(2) was

not satisfied).[4]  Various district courts of the Third Circuit, however, have addressed the negation requirement and concluded that the plaintiff bears the burden of demonstrating that the defendant is not subject to jurisdiction in any state.  *See Offshore Marine Ltd.*, 179 F.R.D. at 160 ("Accordingly to survive a motion to dismiss for want of personal jurisdiction, the plaintiff bears the burden to prove that [the defendant] is not otherwise subject to service of process in any state."); *see also Commissariat A L'Energie Atomiquie v. Chi Mei Optoelectronics Corp.*, 293 F. Supp. 2d 423, 430 (D. Del. 2003), *vacated on other grounds by* 395 F.3d 1315 (Fed. Cir. 2005) (issue abandoned on appeal) ("Plaintiffs must also demonstrate that defendant is 'not subject to the jurisdiction of *any* state' under Rule 4(k)(2).  Therefore, Rule 4(k)(2) "provides 'a narrow exception which may subject an alien defendant to a federal court's jurisdiction.'") The court agrees with the Third Circuit district courts that have addressed the negation requirement and concludes that Telcordia bears the burden of demonstrating that Alcatel S.A. is not subject to jurisdiction in any state.

Here, Telcordia addresses the negation requirement only by asserting that, based on the information provided by Alcatel S.A. in its opening brief and the publicly available information regarding Alcatel S.A., an analysis of whether any other state has personal jurisdiction over Alcatel S.A. would not be "significantly different" from the analysis regarding Alcatel S.A.'s personal jurisdiction under the Delaware long-arm statute.  (D.I. 20, at 13.)  According to Telcordia, if the court cannot exercise jurisdiction over Alcatel S.A. pursuant to the Delaware long-arm statute then Rule 4(k)(2) applies.  (*Id.*)  The court is not persuaded by this argument, however, and concludes

---

[4] Likewise, it appears that the Federal Circuit has not had occasion to address the negation issue.

that Telcordia's conclusory statement does not support a finding that Alcatel S.A. lacks sufficient contacts with any state to subject it to personal jurisdiction. Thus, Telcordia has not satisfied the second requirement of Rule 4(k)(2).

Even assuming Telcordia was able to show that Alcatel S.A. was not subject to jurisdiction in any other state, it cannot satisfy the third requirement of Rule 4(k)(2) because the record evidence demonstrates that Alcatel S.A. lacks sufficient contacts with the United States as a whole to satisfy due process. The Due Process Clause requires that, in order to subject a defendant who is "not present within the territory of the forum" to personal jurisdiction, the court must first make sure that the party "ha[s] certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of justice and fair play.'" *See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted). In order for the court to find that Alcatel S.A. has "minimum contacts" with the United States, Telcordia must demonstrate either specific or general personal jurisdiction. *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 414 (1984). The court can assert specific jurisdiction over a nonresident defendant that has "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or related to' those activities." *Burger King*, 471 U.S. at 472 (citations omitted). The court can assert general jurisdiction over a defendant when its contacts with the forum, regardless of their relation to the litigation, are "continuous and systematic." *Helicopteros Nacionales*, 466 U.S. at 416. The court will address the reasons it cannot exercise specific or general jurisdiction over Alcatel S.A. in turn.

When determining whether a defendant's contacts give rise to specific jurisdiction, "[i]t is essential in each case that there be some act by which the defendant purposely avails itself of the

privilege of conducting activities within the forum . . . thus invoking the benefits and protections of its laws." *BP Chems.*, 229 F.3d at 259 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 475). In other words, the defendant's contact must be of the nature that would cause it to reasonably foresee that it might be "haled before a court" in the forum as a result of its conduct. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Thus, a court usually must determine the character of the defendant's activity in the forum, and whether the plaintiff's claim arises out of or has a substantial connection with that activity. *See Burger King*, 471 U.S. at 475-76. In the present case, however, the court need not make this determination because Telcordia bases its argument on the specific jurisdiction subsections of the Delaware long-arm statute which, as discussed in Section IV.A., *supra*, do not warrant the exercise of jurisdiction over Alcatel S.A. because Alcatel USA is not its United States agent.

The court also concludes that Alcatel S.A.'s contacts with the United States that are unrelated to the present litigation are not "continuous and systematic" so as to give rise to general jurisdiction. Telcordia contends that general jurisdiction exists because there is "ample evidence of Alcatel S.A.'s contacts with the United States." (D.I. 20, at 12.) According to Telcordia, this evidence includes the following: (1) Alcatel S.A. is listed on the New York Stock Exchange; (2) Alcatel S.A. owns property in the United States, specifically hundreds of patents; (3) Alcatel S.A.'s website fails to distinguish among its multinational subsidiaries and uses its name in the name of its subsidiaries; (4) Alcatel S.A.'s website describes its worldwide activities, including its activities in the United States, but never discloses that its United States activities are performed by one of its subsidiaries; and (5) Alcatel S.A. incorporated its subsidiary, Alcatel USA in Delaware. The court does not find the evidence sufficient to support Telcordia's assertion.

First, as previously discussed, Alcatel S.A. is a French holding company that does not make, sell, export or import any products into the United States. Alcatel S.A. does not maintain any offices in the United States, or lease or own any real property in the United States. It does not maintain any bank accounts in Delaware and has never contracted to supply services or things in Delaware or the United States. Alcatel S.A.'s employees also all reside outside of the United States.

Moreover, while Alcatel S.A. is listed on the New York Stock Exchange as an American Depository Receipt ("ADR"), this factor alone does not justify the exercise of jurisdiction. *See Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 244 F. Supp. 2d 289, 330 (S.D.N.Y. 2003); *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) ("[T]he Court is not persuaded that Congress intended for the courts to assert jurisdiction under Rule 4(k)(2) whenever a corporation lists its stock on a United States exchange."). Likewise, "[o]wnership of a United States patent, without more, cannot support the assertion of personal jurisdiction over a foreign patentee in any state besides the District of Columbia." *Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, No. C-95-3577 DLJ, 1996 WL 467293, at *6 n. 5 (N.D. Cal. July 24, 1996) (citing 35 U.S.C. § 293). Furthermore, incorporating a subsidiary in the United States does not give rise to jurisdiction unless the litigation is related to the act of incorporation and, here, it is not related. *See Applied Biosystems*, 772 F. Supp. at 1468. Additionally, "the mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world. Rather, there must be evidence that the defendant 'purposefully availed' itself of conduct activity in the forum, knowingly interacting with residents of the forum state via its web site." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003). Here, Telcordia has not adduced evidence to support a finding that Alcatel S.A.'s web site was intended to reach customers in Delaware, or any other state in the

13

United States.[5]

The court also disagrees with Telcordia's assertion that Alcatel's website "never discloses that its U.S. activities are performed by some entity (or entities) other than Alcatel S.A." (D.I. 20, at 4.) First, when one enters the Alcatel website and clicks on "United States" as its country/region the web address changes from "www.alcatel.com" to "www.usa.alcatel.com." Further, when one clicks on the "About Alcatel" dropdown menu and selects "Alcatel in the U.S.A.," he or she is provided with information regarding Alcatel USA, including its business locations. Moreover, the web page states "[i]t is the policy of *Alcatel USA* to satisfy the expectation of our customers." www.usa.alcatel.com/company/ausa_info.jhtml (last visited May 23, 2005) (emphasis added). Thus, the Alcatel web site does distinguish Alcatel S.A. from Alcatel USA. This fact does not support the exercise of jurisdiction over Alcatel S.A. Accordingly, Alcatel S.A.'s alleged contacts with the United States do not provide a basis for the court to conclude that it has a "continuous and systematic" presence in the United States.

Nor does the combination of Alcatel S.A.'s alleged contacts with the United States provide the court with a sufficient basis to conclude that the requirements for general jurisdiction are met. *BP Chemicals Ltd. v. Formosa Chemical & Fibre Corp.*, 229 F.3d 254 (3d Cir. 2000) is instructive on this point. In *BP Chemicals*, the Third Circuit found that a foreign defendant did not have

---

[5] Telcordia asserts that there can be "no question that Alcatel S.A.'s website solicits requests for information concerning its products (including allegedly infringing products) from Delaware residents, pointing to a "website page concerning the possible purchase of Alcatel products" with Delaware chosen as the potential buyer's state. (D.I. 20, at 5; Ex. 11.) Telcordia misses the point, however, as the record does not support any documented sales to persons in Delaware (or any other state in the United States). Nor does it support any interaction between Alcatel S.A. and Delaware residents, as the web site page, in Telcordia's own words, demonstrates only the *possible* purchase of Alcatel products.

sufficient contacts with the United States as a whole to justify the exercise of Rule 4(k)(2) jurisdiction, even though the defendant exported its products to the United States, held a small ownership interest in a Delaware corporation, and entered into contracts requiring its personnel to travel to the United States for training.  *Id.* at 263.  The Court of Appeals also found that the cumulative effect of the defendants contacts did not meet the requirements for general jurisdiction. In the present case, Alcatel S.A.'s alleged contacts fall short of those alleged by the plaintiff in *BP Chemicals*.  As such, the court finds that there is no basis for exercising Rule 4(k)(2) jurisdiction over Alcatel S.A.

### C.    Jurisdictional Discovery

Lastly, Telcordia asserts that if the court does not conclude that Alcatel S.A. "is subject to personal jurisdiction under the *Delaware long-arm statute*," it should permit limited jurisdictional discovery rather than granting Alcatel S.A.'s motion to dismiss.  (D.I. 20, at 11) (emphasis added). Telcordia asserts that its claims against Alcatel S.A. are not clearly frivolous, and that discovery is necessary due to the "limited publicly available information" that it has gathered without discovery. (D.I. 20, at 11.)  Telcordia further asserts that the case will not be delayed as a result of any discovery on the personal jurisdiction issue.

Conversely, Alcatel S.A. contends that Telcordia's claims against it are clearly frivolous, because Telcordia has not carried its burden of making "a *prima facie* showing that Alcatel S.A. is subject to personal jurisdiction in Delaware."  (D.I. 23, at 17.)  In addition, Alcatel S.A. contends that it "strains belief that Plaintiff (1) did not know which entities in the Alcatel Family to sue, and (2) that Alcatel S.A. was not one of them." (*Id.* at 17.)  According to Alcatel S.A., Telcordia has had prior business interactions with Alcatel entities regarding the patent-in-suit, as well as other

15

communications technology. (*Id.* at 2.) Alcatel S.A. further contends that Telcordia is "arguably the most knowledgeable company in the telecommunications field with respect to what products are sold by the various players in the market." (*Id.* at 1.) Thus, it "is hard to believe that it [Telcordia] does not know exactly who the relevant players in the market are." (*Id.*) Lastly, Alcatel S.A. contends that Telcordia is engaging in a fishing expedition, noting that the United States Supreme Court has held that courts should "exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position." (*Id* at 18-19 (citing *Societe Nationale Industrielle Aerospatiale v. United States District Court for Southern Dist. Iowa*, 482 U.S. 522, 546 (1987)). The court is persuaded by Alcatel S.A.'s argument.

"Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (internal citations omitted). Thus, resolution of Telcordia's request "begins with the presumption in favor of allowing discovery to establish personal jurisdiction." *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474 (D. Del. Oct. 5, 1995). However, "[t]he court must be satisfied that there is some indication that this particular defendant is amenable to suit in this forum." *Id.* at 475. For example, "a plaintiff may not rely on the bare allegations in his complaint to warrant further discovery." *Id.* at 476. Likewise, "a mere unsupported allegation that [a] defendant 'transacts business' in an area is 'clearly frivolous.'" *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997); *see B.L. Poe v. Babcock Int'l*, 662 F. Supp. 4, 7 (M.D. Pa. Mar. 14, 1985) ("Since plaintiff has met defendants' affidavit evidence with mere speculation,

16

plaintiff's request for an opportunity to conduct discovery on the matter must be denied. It would be inappropriate for this court to allow plaintiff to conduct a fishing expedition in order to construct a basis for jurisdiction."). Rather, "there must be *some* competent evidence to demonstrate that personal jurisdiction over [a] defendant might exist before allowing discovery to proceed." *Hansen*, 163 F.R.D. at 475. Furthermore, "[w]hen the lack of personal jurisdiction is clear, . . . further discovery serves no purpose and should be denied." *Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*, 62 Fed. Appx. 322, 338 (Fed. Cir. 2003) (unpublished).

Here, as previously discussed in Section IV.A., *supra*, the record evidence regarding Telcordia's agency theory of specific jurisdiction is insufficient to support the conclusion that Alcatel USA was acting as Alcatel S.A.'s agent. In addition, Telcordia did not assert that the court could exercise personal jurisdiction over Alcatel S.A. based on the general jurisdiction subsection of the Delaware long-arm statute. For these reasons, the court believes it is clear that it may not exercise personal jurisdiction over Alcatel S.A. pursuant to the Delaware long-arm statute. Thus, further discovery would not be worthwhile. In other words, granting Telcordia's request for jurisdictional discovery would amount to allowing it to conduct a fishing expedition in order to form a basis for jurisdiction. The court, therefore, will deny Telcordia's request for jurisdictional discovery.

Dated: May 27 , 2005                    /s/ Gregory M. Sleet
                                        UNITED    STATES    DISTRICT
                                        JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


TELCORDIA TECHNOLOGIES, INC.,    )

                                     )

        Plaintiff,                )

                                       )

        v.                     )       Civil Action No. 04-874 GMS

                                     )

ALCATEL S.A. and ALCATEL USA,     )

INC.,                               )

                                     )

        Defendants.          )


## **ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY

ORDERED that:

1.      Alcatel S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction (D.I. 17) is

        GRANTED.

2.      Telcordia's request for jurisdictional discovery is DENIED.


Dated: May 27, 2005               /s/ Gregory M. Sleet_____

                             UNITED STATES DISTRICT JUDGE