## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Aladdin Knowledge Systems, Ltd., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 05-149 |
| | : | |
| Feitian Technologies Co., Ltd., | : | |
| and | : | JURY TRIAL DEMANDED |
| RF Ideas, Inc., d/b/a Security Tokens, | : | |
| and | : | |
| AZ-Tech Software, Inc., | : | |
| and | : | |
| Softkey E-Solution Sdn Bhd, | : | |
| and | : | |
| Novaris Innovative Technologies, | : | |
| and | : | |
| Future Systems, Inc., | : | |
| and | : | |
| RS-Computer | : | |
| and | : | |
| OpenFortress Digital signatures | : | |
| and | : | |
| Secure Technology, Inc. | : | |
| | : | |
| Defendants. | : | |
| | : | |

## MEMORANDUM OF LAW OF PLAINTIFF ALADDIN KNOWLEDGE SYSTEMS, LTD. IN OPPOSITION TO THE MOTION OF DEFENDANT SOFTKEY E-SOLUTIONS SDN BHD TO QUASH SERVICE AND TO DISMISS FOR LACK OF PERSONAL JURISDICTION

KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP
David S. Eagle, Esquire (Bar No. 3387)
Patrick A. Costello, Esquire (Bar No. 4535)
919 Market Street
Suite 1000
Wilmington, DE 19801-3062
Telephone (302) 552-5508
*deagle@klehr.com*
*pcostello@klehr.com*

– and –

Michael K. Coran, Esquire
Mary Ellen O'Laughlin, Esquire
Damian Biondo, Esquire
260 South Broad Street, 4th Floor
Philadelphia, PA 19102
Telephone (215) 568-6060

*Counsel for Plaintiff Aladdin Knowledge Systems, Ltd*

# TABLE OF CONTENTS

Table of Authorities ..............................................................................................ii

BACKGROUND ..............................................................................................1

STATEMENT OF FACTS ...............................................................................1

LEGAL STANDARD.........................................................................................2

ARGUMENT......................................................................................................5

A.      Since Softkey Maintains An Interactive Internet Website, Where
Infringing Products Can Be Ordered, Exercising Personal Jurisdiction
Is Likely Proper, If Only "Something More" Can Be Shown .............................6

B.      Service Has Been Properly Effected.......................................................6

CONCLUSION...................................................................................................8

## TABLE OF AUTHORITIES

ALTECH Industrial v. Al Technology Specialty Steel Corp.,
    542 F. Supp. 53 (D. Del. 1982)................................................................3

Asahi Metal Industrial Co., Ltd. v. Superior Court of California,
    480 U.S. 102, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987)................................4

In re Automotive Refinishing Paint Antitrust Litigation,
    2002 WL. 31261330 (E.D. Pa. July 31, 2002)............................................4

Barrett v. Catacombs Press,
    44 F. Supp. 2d 717 (E.D. Pa. 1990) ........................................................6

Boone v. Oy Partek Ab,
    724 A.2d 1150 (Del.Super.1997)...............................................................3

Burger King Corp. v. Rudzewicz,
    471 U.S. 462, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)..........................3, 4

Centralized Health Systems, Inc. v. Cambridge Medical Instruments, Inc.,
    1989 WL. 136277 (E.D.Pa. Nov.8, 1989) ..................................................5

Compaq Computer Corp. v. Packard Bell Electronics, Inc.,
    948 F. Supp. 338 (D.Del.1996).................................................................2

E.I. DuPont de Nemours & Co. v. Rhodia Fiber & Resin Intermediates, S.A.S.,
    197 F.R.D. 112 (D. Del. 2000) .................................................................3

Harmon v. Eudaily,
    407 A.2d 232 (Del. Supr. Ct. 1979)...........................................................3

Int'l Shoe Co. v. Washington,
    326 U.S. 310 66 S.Ct. 154, 90 L.Ed. 95 (1945)............................................3

Jeffreys v. Exten,
    784 F. Supp. 146 (D.Del.1992).............................................................2, 3

Massachusetts School of Law at Andover, Inc. v. American Bar Association,
    107 F.3d 1026 (3d Cir.1997).....................................................................4

Max Daetwyler Corp. v. Meyer,
    762 F.2d 290 (3d Cir.1985), cert. denied, 474 U.S. 980, 106 S.Ct. 383, 88
    L.Ed.2d 336 (1985) ..................................................................................2

McNiel Nutrionals, LLC v. The Sugar Assoc.,
    Civ. A. No. 05-69, (D. Del. Apr. 29, 2005) (Sleet, J.)....................................5

DEL1 61794-1

Mellon Bank (East) PSFS, National Association v. Farino,
    960 F.2d 1217 (3d Cir.1992)...........................................................................................4

Pinker v. Roche Holdings Ltd.,
    292 F.3d 361 (3d Cir. 2002)........................................................................................3, 4

Toys "R" Us v. Two Step, S.A.,
    318 F.3d 446 (3d. Cir. 2003).......................................................................................5, 6

W. Africa Trading & Shipping Co., et al. v. London International Group, et al.,
    968 F. Supp. 996 (D. N.J.1997) .....................................................................................4

World-Wide Volkswagen Corp. v. Woodson,
    444 U.S. 286, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980)................................................4

## STATUTES

Fed. R. Civ. P. 12........................................................................................................1

10 Del. C. § 3104(c).....................................................................................................2

DEL1 61794-1

Plaintiff Aladdin Knowledge Systems, Ltd. ("Aladdin") submits this memorandum of law in opposition to the motion of Defendant Softkey E-Solution Sdn Bdn ("Softkey") to dismiss for lack of personal jurisdiction.

## BACKGROUND

Aladdin initiated this action by filing its complaint on March 11, 2005. On June 16, 2005, Softkey moved this Court, pursuant to Fed. R. Civ. P. 12 to quash service of Aladdin's Complaint and to dismiss for lack of personal jurisdiction. Principally, Softkey asserts that it is not a resident of Delaware and has no purposeful contact with the State of Delaware. Softkey also asserts that it has not been properly served in this case. Based upon the documentary evidence, submitted herewith, that contradicts these assertions, Plaintiff requests that the Court deny Softkey's motion to quash service and to dismiss or, in the alternative, to order limited jurisdictional discovery pursuant to FED. R. CIV. P. 12(b)(1) for Plaintiff to explore the extent to which Softkey maintains contacts with Delaware. Alternatively, if the Court determines to dismiss the complaint, the dismissal should be without prejudice so that Plaintiff may re-file the complaint in another jurisdiction.

## STATEMENT OF FACTS

Aladdin has sued Softkey along with eight (8) other defendants for infringement of two (2) patents upon computer-security technology.

### The Softkey Website

Softkey is a foreign corporation who is "specialized" by its own description "on providing digital security devices and solutions." Softkey maintains an Internet website at URL <http://www.Softkey.com.my, with a hyperlink to its "online store" at URL <http://www.Rockey.com.my (collectively, "Softkey Website"), where products that infringe on

one or more of Aladdin's patents in suit can be purchased directly from the Internet and whose prices are exclusively listed in U.S. dollars. The Softkey Website is equipped to provide all its information in English. Relevant printouts from the Softkey Website are attached hereto as Exhibit "A".

## LEGAL STANDARD

The determination of whether to exercise personal jurisdiction over a defendant involves a two-step analysis. First, the Court must determine whether the Delaware long-arm statute authorizes the exercise of jurisdiction. *See Max Daetwyler Corp. v. Meyer*, 762 F.2d 290, 293 (3d Cir.1985), cert. denied, 474 U.S. 980, 106 S.Ct. 383, 88 L.Ed.2d 336 (1985); *Jeffreys v. Exten*, 784 F.Supp. 146, 150 (D.Del.1992). Second, if such statutory authority exists, the Court must decide whether exercising that authority comports with the requirements of the Due Process Clause. *Id.*; *see also Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 948 F.Supp. 338, 342 (D.Del.1996).

### Delaware's Long-Arm Statute

The Delaware long-arm statute provides that personal jurisdiction is proper over any nonresident who, in person or through an agent:

> (1) Transacts any business or performs any character of work or service in the State;
> (2) Contracts to supply services or things in this State;
> (3) Causes tortious injury in the State by an act or omission in this State;
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;

10 Del. C. § 3104(c).

2

The above provisions have been construed "liberally so as to provide jurisdiction to the maximum extent possible" in order "to provide residents a means of redress against those not subject to personal service within the State." *Boone v. Oy Partek Ab*, 724 A.2d 1150, 1156-57 (Del.Super.1997)  Where the claim is one for tortious injury under subsection (c)(3), a single act or omission in the state in which the injury was caused will suffice to establish personal jurisdiction. *See E.I. DuPont de Nemours & Co. v. Rhodia Fiber & Resin Intermediates, S.A.S.*, 197 F.R.D. 112 (D. Del. 2000); *accord Jeffreys v. Exten*, 784 F.Supp. 146 (D. Del. 1992).

When *in personam* jurisdiction is challenged by a motion to dismiss, the Plaintiff has the burden to show a basis for long-arm jurisdiction; however, this burden is met by a threshold prima facie showing that jurisdiction is conferred by the statute.  *See Harmon v. Eudaily*, 407 A.2d 232 (Del. Supr. Ct. 1979).  The record, furthermore, is construed most strongly against the moving party.  *Id.*  The allegations of the complaint are therefore accepted as true in considering the jurisdictional question.  *See ALTECH Indus. v. Al Tech Specialty Steel Corp.*, 542 F.Supp. 53 (D. Del. 1982).

### Federal Due Process

Beyond this basic nexus, for a finding of specific personal jurisdiction, the Due Process Clause requires (1) that the "defendant ha[ve] constitutionally sufficient 'minimum contacts' with the forum," *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)), and (2) that "subjecting the defendant to the court's jurisdiction comports with 'traditional notions of fair play and substantial justice,'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). The first requirement, "minimum contacts," has been defined as "'some act by which the defendant purposefully avails itself of the privilege of conducting

3

activities within the forum State, thus invoking the benefits and protections of its laws.'" *Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 109, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) (quoting *Burger King Corp.*, 471 U.S. at 475, 105 S.Ct. 2174). Second, jurisdiction exists only if its exercise "comports with traditional notions of fair play and substantial justice," i.e., the defendant "should reasonably anticipate being haled into court" in that forum. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

### Jurisdictional Discovery

Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, *Pinker*, 292 F.3d at 368, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is "clearly frivolous." *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir.1997). If a plaintiff presents factual allegations that suggest "with reasonable particularity" the possible existence of the requisite "contacts between [the party] and the forum state," *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir.1992), the plaintiff's right to conduct jurisdictional discovery should be sustained.

Where the plaintiff has made this required threshold showing, courts within this Circuit have sustained the right to conduct discovery before the district court dismisses for lack of personal jurisdiction. *See, e.g., In re Automotive Refinishing Paint Antitrust Litigation*, 2002 WL 31261330, at *9 (E.D. Pa. July 31, 2002) (denying motion to dismiss and permitting jurisdictional discovery where plaintiff made a "threshold prima facie showing of personal jurisdiction over Defendants"); *W. Africa Trading & Shipping Co., et al. v. London Int'l Group, et al.*, 968 F. Supp. 996, 1001 (D. N.J.1997) (denying defendant's motion to dismiss where the

4

plaintiffs' "request for jurisdictional discovery is critical to the determination of whether [the court can] exercise personal jurisdiction over the defendant."); *Centralized Health Systems, Inc. v. Cambridge Medical Instruments, Inc.*, 1989 WL 136277, at *1 (E.D.Pa. Nov.8, 1989) (holding motion to dismiss in abeyance to permit party to take discovery on jurisdiction where distribution arrangement might satisfy minimum contacts). This Court, in fact, has construed quite liberally the "some indication" requirement needed to establish the need for limited jurisdictional discovery. *See McNiel Nutrionals, LLC v. The Sugar Assoc.*, Memorandum and Order, at 7, Civ. A. No. 05-69, (D. Del. Apr. 29, 2005) (Sleet, J.).

## ARGUMENT

Softkey maintains a globally accessible interactive Internet website. As such, a slightly lower showing of "something more" need only be shown to establish personal jurisdiction over Softkey. This "something more" can be provided by both Internet and non-Internet related activities. The Third Circuit has held that ignoring the likely prospect that the required "something more" can be demonstrated after jurisdictional discovery is conducted constitutes error. *See, Toys "R" Us v. Two Step, S.A.*, 318 F.3d 446, 455-56 (3d. Cir. 2003) (district court erred in denying jurisdictional discovery when "unwavering focus on the web site precluded consideration of Internet and non-Internet contacts—indicated in various parts of the record— which if explored, might provide the "something more" needed to bring [defendant] within our jurisdiction").

Softkey, furthermore, has provided statements in the Declaration of Edward Law, attached as Exhibit A to its motion, that are contrary to the statements and other representations made available on the Softkey Website, including the statement that its "website is not directed to Delaware residents." [Declaration of Edward Law, ¶13]. At a minimum, Aladdin is entitled

to discovery sufficient to investigate the truth of other jurisdiction-specific statements Softkey

has made in its motion and supporting documents.

**A.    Since Softkey Maintains An Interactive Internet Website, Where Infringing Products Can Be Ordered, Exercising Personal Jurisdiction Is Likely Proper, If Only "Something More" Can Be Shown**

As the attached documents establish, Softkey maintains a globally accessible interactive

Internet website from which customers may place orders for products that infringe Aladdin's

patents.  Softkey further has designed its website specifically to target customers from within the

United States, providing all information in the English language and advertising the purchase

price of all products offered in U.S. dollars.  In Delaware the law of personal jurisdiction

currently requires "something more" than a globally interactive website.  *See Toys "R" Us, Inc.*

*v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003) (citing *Barrett v. Catacombs Press*, 44

F.Supp.2d 717, 726 (E.D. Pa. 1990)).  The "something more" has been satisfied by

communications or business trips to the forum, purchase contracts with forum residents,

contracts that apply the law of the forum state, and advertising or other marketing activities

directed to the forum.  *Id.*   As such, the "something more" required by the case law is considered

a lower threshold requirement than would be imposed in the absence of a worldwide interactive

Internet website.  *Id.*

The information Softkey posts on its website reveals that a very substantial likelihood

exists that the "something more" required by the law is present and satisfied by the activities of

Softkey.  Aladdin should, at the very minimum, be granted limited jurisdictional discovery to

investigate the contacts Softkey has with Delaware.

**B.    Service Has Been Properly Effected**

Softkey's contention that it was not properly served with the summons and complaint,

and that the Court should therefore "quash the attempted service," is without basis.  *See* Softkey

6

motion at 4. Softkey states: "Plaintiff attempted service on defendant Softkey by delivering an English-language copy of the summons and complaint, *without translation*, to an unspecified person at Softkey's Malaysian address," citing Aladdin's return of service. (D.I. 19). *See* Softkey motion at 4. (Emphasis added). Accordingly, Softkey appears to be arguing that service of an English language summons and complaint on a defendant corporation in Malaysia is improper service. However, Softkey offers no authority for such an argument. Softkey's only proffered support for its motion, ¶12 of the Declaration of Edward Law, merely provides that "Defendant has no registered agent for service of process in Delaware, and it has not been served with this lawsuit." *See* Softkey motion at 4; Declaration of Edward Law, ¶12. To the contrary, Aladdin has properly served Softkey in Malaysia in accordance with the applicable rules of civil procedure and under Malaysian law.

The U.S. Department of State maintains an Internet website at URL <http://www.travel/state.gov ("State Dept. Website"), a copy of which is attached as Exhibit "C." The State Dept. Website provides that "English is the official language of Malaysia" and that "[s]ervice of process can be effected in Malaysia in a variety of ways, including…by retaining a Malaysia attorney who will serve the documents and execute an affidavit of service at the U.S. embassy." This was the manner of service employed by Plaintiff. (D.I. 19). As set forth in the Affidavit of Eugene Jayaraj, Aladdin's Malaysian counsel, "there is no legal requirement under Malaysian law that a Bahasa Malaysia translation of the Summons…and Complaint must be served together with the English version." Affidavit of Eugene Jayaraj, attached as Exhibit "B," ¶6. English copies of the Summons, Civil Cover Sheet and Complaint together with the exhibits therein were properly served upon Softkey at their Malaysian

7

headquarters. *Id.*, ¶3. Aladdin's service on Softkey was properly effected, requiring the denial of Softkey's motion to quash.

## CONCLUSION

Softkey's motion to quash service and to dismiss should be denied. As set forth above, service was properly effected and Softkey has provided no basis for a contrary finding. Further, Softkey's Internet website is specifically directed toward a U.S. market, including residents of Delaware. Aladdin has met its burden of demonstrating that discovery on the limited issue of personal jurisdiction is warranted prior to a final ruling on this motion. In the event that Aladdin's claims against Softkey are dismissed, dismissal should be without prejudice so that Aladdin may re-file elsewhere.

KLEHR, HARRISON, HARVEY, BRANZBURG
& ELLERS LLP

Date: June 30, 2005                                By:

David S. Eagle, Esquire (Bar No. 3387)
Patrick A. Costello, Esquire (Bar No. 4535)
919 Market Street
Suite 1000
Wilmington, DE  19801-3062
Telephone (302) 552-5508
*deagle@klehr.com*
*pcostello@klehr.com*

- and –

Michael K. Coran, Esquire
Mary Ellen O'Laughlin, Esquire
Damian Biondo, Esquire
260 South Broad Street, 4th Floor
Philadelphia, PA  19102
Telephone (215) 568-6060

Counsel for Plaintiff
Aladdin Knowledge Systems, Ltd.