## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Aladdin Knowledge Systems, Ltd., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 05-149 |
| | : | |
| Feitian Technologies Co., Ltd., | : | |
| and | : | JURY TRIAL DEMANDED |
| RF Ideas, Inc., d/b/a Security Tokens, | : | |
| and | : | |
| AZ-Tech Software, Inc., | : | |
| and | : | |
| Softkey E-Solution Sdn Bhd, | : | |
| and | : | |
| Novaris Innovative Technologies, | : | |
| and | : | |
| Future Systems, Inc., | : | |
| and | : | |
| RS-Computer | : | |
| and | : | |
| OpenFortress Digital signatures | : | |
| and | : | |
| Secure Technology, Inc. | : | |
| | : | |
| Defendants. | : | |

---

**MEMORANDUM OF LAW OF PLAINTIFF ALADDIN KNOWLEDGE SYSTEMS, INC. LTD. IN OPPOSITION TO THE MOTION OF DEFENDANT AZ-TECH SOFTWARE, INC. TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP
David S. Eagle, Esquire (Bar No. 3387)
Patrick A. Costello, Esquire (Bar No. 4535)
919 Market Street
Suite 1000
Wilmington, DE  19801-3062
Telephone (302) 552-5508
deagle@klehr.com
pcostello@klehr.com

                                  – and –

Michael K. Coran, Esquire
Mary Ellen O'Laughlin, Esquire
Damian Biondo, Esquire
260 South Broad Street, 4th Floor
Philadelphia, PA  19102
Telephone (215) 568-6060

Counsel for Plaintiff Aladdin Knowledge Systems, Ltd.

TABLE OF CONTENTS

BACKGROUND ..................................................................................................1

STATEMENT OF FACTS ..................................................................................2

LEGAL STANDARD..........................................................................................3

ARGUMENT.......................................................................................................6

A.   Since AZ-Tech Maintains An Interactive Internet Website,
     Where Infringing Products Can Be Ordered, Exercising Personal
     Jurisdiction Is Likely Proper, If Only "Something More" Can Be Shown..7

CONCLUSION.....................................................................................................8

i

# TABLE OF AUTHORITIES

ALTECH Industrial v. Al Technology Specialty Steel Corp.,
    542 F. Supp. 53 (D. Del. 1982)......................................................................4

Asahi Metal Industrial Co., Ltd. v. Superior Court of California,
    480 U.S. 102, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987).................................4

In re Automotive Refinishing Paint Antitrust Litigation,
    2002 WL. 31261330 (E.D.Pa. July 31, 2002)...............................................5

Barrett v. Catacombs Press,
    44 F. Supp. 2d 717 (E.D. Pa. 1990) ..............................................................7

Boone v. Oy Partek Ab,
    724 A.2d 1150 (Del.Super.1997)...................................................................3

Burger King Corp. v. Rudzewicz,
    471 U.S. 462, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)..............................4

Centralized Health Systems, Inc. v. Cambridge Medical Instruments, Inc.,
    1989 WL. 136277 (E.D.Pa. Nov.8, 1989) .....................................................5

Compaq Computer Corp. v. Packard Bell Electronics, Inc.,
    948 F. Supp. 338 (D. Del.1996).....................................................................3

E.I. DuPont de Nemours & Co. v. Rhodia Fiber & Resin Intermediates, S.A.S.,
    197 F.R.D. 112 (D. Del. 2000) ......................................................................4

Harmon v. Eudaily,
    407 A.2d 232 (Del. 1979) ..............................................................................4

Int'l Shoe Co. v. Washington,
    326 U.S. 310, 66 S. Ct. 154, 90 L.Ed. 95 (1945)..........................................4

Jeffreys v. Exten,
    784 F. Supp. 146 (D. Del.1992).................................................................3, 4

Massachusetts School of Law at Andover, Inc. v. American Bar Association,
    107 F.3d 1026 (3d Cir.1997).........................................................................5

Max Daetwyler Corp. v. Meyer,
    762 F.2d 290 (3d Cir.1985), cert. denied, 474 U.S. 980, 106 S.Ct. 383, 88
    L.Ed.2d 336 (1985) .......................................................................................3

ii

McNiel Nutrionals, LLC v. The Sugar Assoc.,
  Civ. A. No. 05-69, (D. Del. Apr. 29, 2005) (Sleet, J.)......................................................6

Mellon Bank (East) PSFS, National Association v. Farino,
  960 F.2d 1217 (3d Cir.1992)...........................................................................................5

Motorola, Inc. v. PC-Telegraph, Inc.,
  58 F. Supp. 2d 349 (D. Del. 1999)..................................................................................7

Pinker v. Roche Holdings Ltd.,
  292 F.3d 361 (3d Cir. 2002)........................................................................................4, 5

Toys "R" Us v. Two Step, S.A.,
  318 F.3d 446 (3d. Cir. 2003).......................................................................................6, 7

W. Africa Trading & Shipping Co., et al. v. London International Group, et al.,
  968 F. Supp. 996 (D.N.J.1997) .......................................................................................5

World-Wide Volkswagen Corp. v. Woodson,
  444 U.S. 286, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980).................................................5

## STATUTES

FED. R. CIV. P. 12(b)(1).............................................................................................................2

Fed. R. Civ. P. 12(b)(2).............................................................................................................1

10 Del. C. § 3104(c)...............................................................................................................3, 8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

Aladdin Knowledge Systems, Ltd.,   :
            :
   Plaintiff,      :
            :  CIVIL ACTION
  v.         :  NO. 05-149
            :
Feitian Technologies Co., Ltd.,   :
   and       :  JURY TRIAL DEMANDED
RF Ideas, Inc., d/b/a Security Tokens, :
   and       :
AZ-Tech Software, Inc.,    :
   and       :
Softkey E-Solution Sdn Bhd,   :
   and       :
Novaris Innovative Technologies,  :
   and       :
Future Systems, Inc.,     :
   and       :
RS-Computer       :
   and       :
OpenFortress Digital signatures   :
   and       :
Secure Technology, Inc.    :
            :
   Defendants.     :
_____:

## MEMORANDUM OF LAW OF PLAINTIFF ALADDIN KNOWLEDGE SYSTEMS, LTD. IN OPPOSITION TO THE MOTION OF DEFENDANT AZ-TECH SOFTWARE, INC. TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Plaintiff Aladdin Knowledge Systems, Ltd. ("Aladdin") submits this memorandum of law in opposition to the motion of Defendant AZ-Tech Software, Inc. ("AZ-Tech") to dismiss for lack of personal jurisdiction.

## BACKGROUND

Aladdin initiated this action by filing its complaint on March 11, 2005. On May 27, 2005, AZ-Tech moved this Court, pursuant to Fed. R. Civ. P. 12(b)(2), to dismiss for lack of personal jurisdiction. Principally, AZ-Tech asserts that it is not a resident of Delaware and has

no purposeful contact with the State of Delaware. Plaintiff requests that the Court deny AZ-Tech's motion to dismiss or, in the alternative, to order limited jurisdictional discovery pursuant to FED. R. CIV. P. 12(b)(1) for Plaintiff to probe the extent to which AZ-Tech maintains contacts with Delaware. Alternatively, if the Court determines to dismiss the complaint, the dismissal should be without prejudice so that Plaintiff may re-file the complaint in Missouri, the alleged location of AZ-Tech's principal place of business and state of incorporation.

## STATEMENT OF FACTS

Aladdin has sued AZ-Tech along with eight (8) other defendants for infringement of two (2) patents on computer-security technology.

### The AZ-Tech Website

According to its Internet website that AZ-Tech maintains at URL <http://www.az-tech.com> ("AZ-Tech Website"), AZ-Tech is a Missouri corporation founded in 1986 that specializes in the manufacture and distribution of computer security products, with offices at 201 East Franklin Street, Suite 11, Richmond, Missouri 64085-1893. The AZ-Tech Website displays for sale products that infringe on one or more of Aladdin's patents in suit, provides contact information for placing orders via telephone, fax, or email, and provides extensive utility software downloads for operating the infringing products. The purchase of infringing products via email can be accomplished directly on the AZ-Tech Website. The AZ-Tech Website prominently advertises extensive customer support, free of charge, for both the infringing products and the software downloads.

Relevant printouts from the AZ-Tech Website are attached hereto as Exhibit "A".

2

## **LEGAL STANDARD**

The determination of whether to exercise personal jurisdiction over a defendant involves a two-step analysis.  First, the court must determine whether the Delaware long-arm statute authorizes the exercise of jurisdiction.  *See Max Daetwyler Corp. v. Meyer*, 762 F.2d 290, 293 (3d Cir.1985), cert. denied, 474 U.S. 980, 106 S.Ct. 383, 88 L.Ed.2d 336 (1985); *Jeffreys v. Exten*, 784 F.Supp. 146, 150 (D. Del. 1992).  Second, if such statutory authority exists, the court must decide whether exercising that authority comports with the requirements of the Due Process Clause.  *Id.*; *see also Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 948 F.Supp. 338, 342 (D. Del.1996).

### **Delaware's Long-Arm Statute**

The Delaware long-arm statute provides that personal jurisdiction is proper over any nonresident who, in person or through an agent:

> (1) Transacts any business or performs any character of work or
> service in the State;
> (2) Contracts to supply services or things in this State;
> (3) Causes tortious injury in the State by an act or omission in this
> State;
> (4) Causes tortious injury in the State or outside of the State by an
> act or omission outside the State if the person regularly does or
> solicits business, engages in any other persistent course of conduct
> in the State or derives substantial revenue from services, or things
> used or consumed in the State;

10 Del. C. § 3104(c).

The above provisions have been construed "liberally so as to provide jurisdiction to the maximum extent possible" in order "to provide residents a means of redress against those not subject to personal service within the State." *Boone v. Oy Partek Ab*, 724 A.2d 1150, 1156-57 (Del.Super.1997).  Where the claim is one for tortious injury under subsection (c)(3), a single act or omission in the state in which the injury was caused will suffice to establish personal

jurisdiction. *See E.I. DuPont de Nemours & Co. v. Rhodia Fiber & Resin Intermediates, S.A.S.*, 197 F.R.D. 112 (D. Del. 2000); *accord Jeffreys v. Exten*, 784 F.Supp. 146 (D. Del. 1992).

When *in personam* jurisdiction is challenged by a motion to dismiss, the plaintiff has the burden to show a basis for long-arm jurisdiction; however, this burden is met by a threshold prima facie showing that jurisdiction is conferred by the statute. *See Harmon v. Eudaily*, 407 A.2d 232 (Del. 1979). The record, furthermore, is construed most strongly against the moving party. *Id.* The allegations of the complaint are therefore accepted as true in considering the jurisdictional question. *See ALTECH Indus. v. Al Tech Specialty Steel Corp.*, 542 F.Supp. 53 (D. Del. 1982).

### Federal Due Process

Beyond this basic nexus, for a finding of specific personal jurisdiction, the Due Process Clause requires (1) that the "defendant ha[ve] constitutionally sufficient 'minimum contacts' with the forum," *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)), and (2) that "subjecting the defendant to the court's jurisdiction comports with 'traditional notions of fair play and substantial justice,'" *id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L.Ed. 95 (1945)). The first requirement, "minimum contacts," has been defined as "'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 109, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) (quoting *Burger King Corp.*, 471 U.S. at 475, 105 S.Ct. 2174). Second, jurisdiction exists only if its exercise "comports with traditional notions of fair play and substantial justice," i.e., the defendant "should reasonably anticipate being haled into court" in

4

that forum. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

### Jurisdictional Discovery

Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, *Pinker*, 292 F.3d at 368, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is "clearly frivolous." *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir.1997). If a plaintiff presents factual allegations that suggest "with reasonable particularity" the possible existence of the requisite "contacts between [the party] and the forum state," *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir.1992), the plaintiff's right to conduct jurisdictional discovery should be sustained.

Where the plaintiff has made this required threshold showing, courts within this Circuit have sustained the right to conduct discovery before the district court dismisses for lack of personal jurisdiction. *See, e.g.*, *In re Automotive Refinishing Paint Antitrust Litigation*, 2002 WL 31261330, at *9 (E.D.Pa. July 31, 2002) (denying motion to dismiss and permitting jurisdictional discovery where plaintiff made a "threshold prima facie showing of personal jurisdiction over Defendants"); *W. Africa Trading & Shipping Co., et al. v. London Int'l Group, et al.*, 968 F.Supp. 996, 1001 (D.N.J.1997) (denying defendant's motion to dismiss where the plaintiffs' "request for jurisdictional discovery is critical to the determination of whether [the court can] exercise personal jurisdiction over the defendant."); *Centralized Health Systems, Inc. v. Cambridge Medical Instruments, Inc.*, 1989 WL 136277, at *1 (E.D.Pa. Nov.8, 1989) (holding motion to dismiss in abeyance to permit party to take discovery on jurisdiction where distribution arrangement might satisfy minimum contacts). This Court, in fact, has construed quite liberally

5

the "some indication" requirement needed to establish the need for limited jurisdictional discovery. *See McNiel Nutrionals, LLC v. The Sugar Assoc.*, Memorandum and Order, at 7, Civ. A. No. 05-69, (D. Del. Apr. 29, 2005) (Sleet, J.).

## ARGUMENT

AZ-Tech maintains a globally accessible interactive Internet website from which customers may place orders for products that infringe on one or more of Aladdin's patents in suit. AZ-Tech's Website is specifically designed to target customers within the United States and provides software downloads available to users of the infringing products located throughout the world. As such, a slightly lower showing of "something more" need only be shown to establish personal jurisdiction over AZ-Tech. This "something more" can be provided by both Internet and non-Internet related activities. The Third Circuit has held that ignoring the likely prospect that the required "something more" can be demonstrated after jurisdictional discovery is conducted constitutes error. *See, Toys "R" Us v. Two Step, S.A.*, 318 F.3d 446, 455-56 (3d. Cir. 2003) (District court erred in denying jurisdictional discovery when "unwavering focus on the web site precluded consideration of Internet and non-Internet contacts—indicated in various parts of the record—which if explored, might provide the "something more" needed to bring [defendant] within our jurisdiction").

The Affidavit of Bill J. Lewis, attached as Exhibit A to AZ-Tech's motion ("Lewis Affidavit"), contains statements that are contrary to the statements and other representations made on the AZ-Tech Website, including the statement that "AZ-Tech does not direct its web site or any advertising to Delaware." [Lewis Affidavit, ¶4]. At a minimum, Aladdin is entitled to discovery sufficient to investigate the truth of other jurisdiction-specific statements AZ-Tech has made in its motion and supporting documents.

**A.**    **Since AZ-Tech Maintains An Interactive Internet Website, Where Infringing Products Can Be Ordered, Exercising Personal Jurisdiction Is Likely Proper, If Only "Something More" Can Be Shown**

As the attached portion of AZ-Tech's Website establishes, AZ-Tech maintains a globally accessible interactive Internet website from which customers may place orders for products that infringe Aladdin's patents.  AZ-Tech has designed its website specifically to target customers from within the United States, including Delaware.  In Delaware the law of personal jurisdiction currently requires "something more" than a globally interactive website.  *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003) (citing *Barrett v. Catacombs Press*, 44 F.Supp.2d 717, 726 (E.D. Pa. 1990)).  The "something more" has been satisfied by communications or business trips to the forum, purchase contracts with forum residents, contracts that apply the law of the forum state, and advertising or other marketing activities directed to the forum.  *Id.*   As such, the "something more" required by the case law is considered a lower threshold requirement than would be imposed in the absence of a worldwide interactive Internet website.  *Id.*

This elusive "something more" is likely satisfied by use of the software downloads and customer support prominently advertised on the AZ-Tech Website and available from the AZ-Tech Website.  The Delaware courts have already intimated that such facts will fulfill the requirement.  *See*, *e.g., Motorola, Inc. v. PC-Tel, Inc.*, 58 F.Supp.2d 349, 352 (D. Del. 1999) (noting that defendant maintained an interactive website with software downloads and customer support via web and phone).  The information AZ-Tech posts on its website reveals that a very substantial likelihood exists that the "something more" required by the law is present and satisfied by the activities of AZ-Tech.

The Court should consider the carefully worded Lewis Affidavit as instructive not only for what it states, but for what it omits. Mr. Lewis, AZ-Tech's President, states "AZ-Tech has made no sales of any products to any resident of Delaware." [Lewis Affidavit, ¶5]. However, neither AZ-Tech nor Mr. Lewis make any assertions whatsoever regarding the extent to which residents of Delaware have taken advantage of the customer support and software downloads available on the AZ-Tech Website. Further, although Mr. Lewis also states, "AZ-Tech does not direct its web site or any advertising to Delaware, " Lewis Affidavit, ¶4, he does not deny that AZ-Tech regularly solicits business in Delaware through the AZ-Tech Website. Nor does he contend that the business offers, customer support and software downloads for operating the products that infringe on Aladdin's patents in suit contained on the AZ-Tech Website, accessible and available to any Delaware resident, do not constitute the "perform[ance] [of] any character of work or service in the State" or "a persistent course of conduct in the State," grounds for a finding of personal jurisdiction under Delaware's long-arm statute. *See* 10 <u>Del</u>. <u>C</u>. § 3104(c)(1) and (4). In view of the above, Aladdin should, at the very minimum, be granted limited jurisdictional discovery to investigate the contacts AZ-Tech has with Delaware.

## CONCLUSION

AZ-Tech's motion to dismiss should be denied. As set forth above, AZ-Tech's Internet website is specifically directed toward a U.S. market, including residents of Delaware. Aladdin has met its burden of demonstrating that discovery on the limited issue of personal jurisdiction is

warranted prior to a final ruling on this motion.  In the event that Aladdin's claims against AZ-

Tech are dismissed, dismissal should be without prejudice so that Aladdin may re-file elsewhere.

KLEHR, HARRISON, HARVEY, BRANZBURG
& ELLERS LLP


Date: July 13, 2005                    By: _____
                                           David S. Eagle, Esquire (Bar No. 3387)
                                           Patrick A. Costello, Esquire (Bar No. 4535)
                                           919 Market Street
                                           Suite 1000
                                           Wilmington, DE  19801-3062
                                           Telephone (302) 552-5508
                                           *deagle@klehr.com*
                                           *pcostello@klehr.com*

                                                - and –

                                           Michael K. Coran, Esquire
                                           Mary Ellen O'Laughlin, Esquire
                                           Damian Biondo, Esquire
                                           260 South Broad Street, 4th Floor
                                           Philadelphia, PA  19102
                                           Telephone (215) 568-6060

                                           Attorneys for Plaintiff
                                           Aladdin Knowledge Systems, Ltd.

PHIL1 631847-2