IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALADDIN KNOWLEDGE SYSTEMS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-149 (GMS) |
| | ) | |
| FEITIAN TECHNOLOGIES CO., LTD., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**FEITIAN TECHNOLOGIES CO., LTD.'S
OPENING BRIEF IN SUPPORT OF ITS
MOTION TO QUASH SERVICE AND
DISMISS FOR LACK OF PERSONAL JURISDICTION**

MORRIS, NICHOLS, ARSHT & TUNNELL
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
  Attorneys for Feitian Technologies Co., Ltd.

OF COUNSEL:

Matthew G. Reeves
LOCKE LIDDELL & SAPP LLP
600 Travis, Suite 600
Houston, Texas  77002-3095
(713) 226-1200

September 12, 2005

<u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF CITATIONS ........................................................................................................ ii

INTRODUCTION .................................................................................................................1

STATEMENT OF FACTS .....................................................................................................1

ARGUMENT ........................................................................................................................1

I.     PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL
       JURISDICTION. .......................................................................................................1

       A.    Legal Standards. .............................................................................................1

       B.    Feitian Does Not Have Minimum Contacts With The State Of Delaware. .....................3

       C.    The Court's Assertion of Personal Jurisdiction Over Feitian Would Violate
             Traditional Notions of Fair Play and Substantial Justice. ................................................4

II.    THE COURT SHOULD QUASH PLAINTIFF'S ATTEMPT TO SERVE FEITIAN. ..........4

CONCLUSION ....................................................................................................................5

TABLE OF CITATIONS

Page(s)

**Cases**

*Asahi Metal Industries, Co. v. Superior Court,*
  480 U.S. 192 (1987)..................................................................................................... 2

*Bell Paper Box, Inc. v. U.S. Kids, Inc.,*
  22 F.3d 816 (8th Cir. 1994) ........................................................................................ 2

*Burger King Corp. v. Rudzewicz,*
  471 U.S. 462 (1985)..................................................................................................... 2

*Commissariat a l'Energie Atomique v. Chi Mei Optical Electronics Corp.,*
  395 F.3d 1315 (Fed. Cir. 2005)..................................................................................... 1

*Helicopteros Nacionales de Colombia S.A. v. Hall,*
  466 U.S. 408 (1984)................................................................................................. 2, 3

*International Shoe Co. v. Washington,*
  326 U.S. 310 (1945)..................................................................................................... 4

*Toys "R" Us, Inc. v. Step Two, S.A.,*
  318 F.3d 446 (3d Cir. 2003)......................................................................................... 2

*Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products,*
  75 F.3d 147 (3d Cir. 1996)........................................................................................... 2

*Worldwide Volkswagen Corp. v. Woodson,*
  444 U.S. 286 (1980)..................................................................................................... 2

## INTRODUCTION

Defendant Feitian Technologies Co. Ltd. ("Feitian") files this Motion to Quash Service and to Dismiss the Complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12.

## STATEMENT OF FACTS

Plaintiff, Aladdin Knowledge Systems, Ltd., sued defendant Feitian for patent infringement of two computer-related patents.

Defendant Feitian is a non-resident of Delaware and has had no purposeful contact with the State of Delaware. Feitian is not a Delaware corporation and does not reside or do business in Delaware.

Feitian has made no sales of the accused products, or indeed, any products, to any resident of Delaware. Nor does Feitian direct its advertising to Delaware.

## ARGUMENT

I. **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION.**

A. **Legal Standards.**

Before a court can assert personal jurisdiction in a patent infringement case over a non-resident defendant, plaintiff must show both that the state long-arm statute applies, and that the requirements of due process are satisfied. *Commissariat a l'Energie Atomique v. Chi Mei Optical Electronics Corp.*, 395 F.3d 1315, 1319 (Fed. Cir. 2005). There is a question whether the Delaware Long-Arm Statute extends to the full extent that due process would permit. *See id.* at 1320. For the purposes of this motion, however, it will be assumed that the Delaware statute extends to the full extent of due process. Even so, federal courts cannot assert jurisdiction over a non-resident defendant unless the non-resident defendant has purposefully established "minimum contacts" with the forum state, and the exercise of jurisdiction comports with "fair

play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985); *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980).

Under a minimum contacts analysis, the court must determine whether the non-resident defendant has purposefully availed itself of the benefits and protection of the forum state by conducting activities within the forum state. *Asahi Metal Industries, Co. v. Superior Court*, 480 U.S. 192, 198 (1987). In measuring minimum contacts, the court should consider the nature and quality of the contacts with the forum state, the quantity of the contacts, the relation of the cause of action to the contacts, the interest of the forum state in providing a forum for its residents, and the convenience of the parties. *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 818-19 (8th Cir. 1994). Minimum contacts are not established unless the court finds that it has either specific or general jurisdiction over defendants. *Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products*, 75 F.3d 147, 150 (3d Cir. 1996).

The Court cannot exercise specific jurisdiction over a non-resident defendant unless the non-resident defendant's activities were purposefully directed to the forum state, and the litigation resulted from alleged injuries that arise out of those activities. *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984). Mere operation of a commercially interactive website does not subject the operator to personal jurisdiction in a forum state. *Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 454 (3d Cir. 2003). There must be additional evidence that the defendant purposefully availed itself of conducting activity in the forum state by directly targeting its website to the state, knowingly interacting with residents of the state via the website, or through sufficient other related contacts. *Id.*

The Court cannot exercise general jurisdiction over a non-resident defendant unless there are continuous and systematic contacts between the non-resident defendant and the forum state. *Helicopteros*, 466 U.S. at 416.

**B.    Feitian Does Not Have Minimum Contacts With The State Of Delaware.**

The Court has neither general nor specific jurisdiction over Feitian because Feitian has had no contacts with Delaware whatsoever. Feitian is a Chinese entity with its principal place of business at Bldg. 7A, 5th Floor, No. 40 Xueyuan Road, Haidian District, Beijing, P.R. China. *See* Zhao Declaration ¶ 2 (attached hereto as Exhibit A).

Feitian is not qualified to do business in Delaware, it has no employees residing or domiciled in Delaware, nor has it contracted with persons residing in Delaware to act on its behalf with respect to marketing, distributing or servicing any of its goods or services. Zhao Declaration ¶¶ 3-4.

Feitian has no branch office or comparable facilities in Delaware and has no telephone listings, offices, or mailing address in Delaware. It has no bank accounts or other tangible personal or real property in Delaware. Feitian does not direct any of its advertising specifically toward Delaware residents, nor does it advertise in any newspapers or other publications that are directed primarily toward Delaware residents. Zhao Declaration ¶¶ 5-6.

Feitian has made no sales of the accused products in Delaware whatsoever. Feitian has made no sales of any product or service of any kind in Delaware, nor has Feitian received any revenue from any resident of Delaware. Zhao Declaration ¶¶ 7-8.

Feitian has made no business trips to Delaware. It has not directed any telephone or fax communications to Delaware. It has no vendors in Delaware, does not attend trade shows in Delaware, and has no purchase contracts with Delaware residents or contracts that apply the

law of Delaware. Feitian has no registered agent for service of process in Delaware, and it has not been served in this lawsuit. Feitian's website is not directed to Delaware residents. It would be unreasonable to require Feitian to defend this action in courts in Delaware because Feitian has no contacts with Delaware and is located in China. Zhao Declaration ¶¶ 9-14.

C.    **The Court's Assertion of Personal Jurisdiction Over Feitian Would Violate Traditional Notions of Fair Play and Substantial Justice.**

The Court's assertion of jurisdiction over Feitian would offend traditional notions of fair play and substantial justice and would be inconsistent with the constitutional requirements of due process. *International Shoe Co. v. Washington,* 326 U.S. 310 (1945). The Court should decline to exercise jurisdiction over Feitian because Feitian has no minimum contacts with Delaware. Further, Delaware has no interest in adjudicating this dispute. Feitian has no contacts with Delaware whatsoever. Plaintiff is also a non-resident of Delaware. There is therefore no one in Delaware with any interest in this dispute, and asserting personal jurisdiction over Feitian would serve no interest of this Court.

## II.    THE COURT SHOULD QUASH PLAINTIFF'S ATTEMPT TO SERVE FEITIAN.

Plaintiff's attempted service should be quashed because it does not comport with the requirements of the Hague Convention. Plaintiff has not presented evidence that it obtained an executed certificate of service as required by Article 6 of the Hague Convention.

## CONCLUSION

Feitian has not had minimum contacts with Delaware. The Court's assertion of jurisdiction over Feitian will offend traditional notions of fair play and substantial justice and would violate Feitian's due process rights under the United States Constitution. For these reasons, plaintiff's Complaint should be dismissed for lack of personal jurisdiction.

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ Rodger D. Smith II*
_____
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19897-1347
(302-658-9200
rsmith@mnat.com
   Attorney for Feitian Technologies Co., Ltd.

OF COUNSEL:

Matthew G. Reeves
LOCKE LIDDELL & SAPP LLP
600 Travis Street
Suite 600
Houston, Texas  77002-3095
(713) 226-1200

September 12, 2005

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALADDIN KNOWLEDGE SYSTEMS, LTD., | § § § | |
| Plaintiff | § § | C.V. NO. 05-149-GMS |
| v. | § § | (Gregory M. Sleet) |
| FEITIAN TECHNOLOGIES CO., LTD., et al | § § | |

## DECLARATION OF ZHAO WENWANG
## IN SUPPORT OF MOTION TO DISMISS
## FOR LACK OF PERSONAL JURISDICTION AND LACK OF SERVICE

I declare:

1.  My name is Zhao Wenwang. I am Assistant Manager, Department of International Sales & Marketing, for Defendant, Feitian Technologies Co., Ltd., and I have personal knowledge of all facts stated herein, which are true and correct.

2.  Defendant, Feitian Technologies Co., Ltd., is a Chinese entity with its principal place of business at Bldg 7A, 5th Floor, No.40 Xueyuan Road, Haidian District, Beijing, P.R China.

3.  Defendant is not qualified to do business in Delaware.

4.  Defendant has no employees residing or domiciled in Delaware, nor has it contracted with persons residing in Delaware to act on its behalf with respect to marketing, distributing or servicing any of Defendant's goods or services.

5.  Defendant has no branch office or comparable facilities in Delaware and has no telephone listings, offices, or mailing address in Delaware.

6.  Defendant has no bank accounts or other tangible personal or real property in Delaware. Defendant does not direct any of its advertising specifically toward

Delaware residents, nor does it advertise in any newspapers or other publications that are directed primarily toward Delaware residents.

7. Defendant has made no sales of the accused products in Delaware whatsoever.

8. Defendant has made no sales of any product or service of any kind in Delaware, nor has Defendant received any revenue from any resident of Delaware.

9. Defendant has made no business trips to Delaware.

10. Defendant has not directed any telephone or fax communications to Delaware.

11. Defendant has no vendors in Delaware, does not attend trade shows in Delaware, and has no purchase contracts with Delaware residents or contracts that apply the law of Delaware.

12. Defendant has no registered agent for service of process in Delaware, and it has not been served in this lawsuit.

13. Defendant's website is not directed to Delaware residents.

14. It would be unreasonable to require Defendant to defend this action in courts in Delaware because Defendant has no contacts with Delaware and is located in China.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _09/07_____, 2005.

_____
Zhao Wenwang

2

## CERTIFICATE OF SERVICE

I, Rodger D. Smith, hereby certify that on September 12, 2005, I caused to be electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> David S. Eagle, Esquire
> Klehr, Harrison, Harvey, Branzburg & Ellers
> 919 Market Street
> Suite 1000
> Wilmington, DE  19801

I also certify that copies were caused to be served on September 12, 2005, upon the following in the manner indicated:

### BY HAND

> David S. Eagle, Esquire
> Klehr, Harrison, Harvey, Branzburg & Ellers
> 919 Market Street
> Suite 1000
> Wilmington, DE  19801

> */s/  Rodger D. Smith (#3778)*
> Morris, Nichols, Arsht & Tunnell
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE  19899
> (302) 658-9200
> rsmith@mnat.com