IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALADDIN KNOWLEDGE SYSTEMS LTD., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| FEITIAN TECHNOLOGIES CO. LTD., RF IDEAS INC., d/b/a SECURITY TOKENS, INC. AZ-TECH SOFTWARE INC., SOFTKEY E-SOLUTION SDN BHD, NOVARIS INNOVATIVE TECHNOLOGIES, FUTURE SYSTEMS INC., RS-COMPUTER, OPENFORTRESS DIGITAL SIGNATURES, SECURE TECHNOLOGY. | ) ) ) ) ) C.A. No. 05-149 (GMS) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM**

This is a suit for patent infringement initiated by Plaintiff Aladdin Knowledge Systems Ltd. ("Aladdin") against all of the above-named defendants. Presently before the court are several of those defendants' motions to quash service and/or dismiss for lack of personal jurisdiction. The court will first address the motions to quash, and then the court will address the motions to dismiss.

**I.  MOTIONS TO QUASH**

"[T]he rules concerning service of process exist to provide notice. *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 486 (3d Cir. 1993). That purpose is of primary importance and once it has been met, the rules can be construed somewhat liberally. However, 'although notice underpins Federal Rule of Civil Procedure 4 concerning service, notice cannot by

itself validate an otherwise defective service.' *Id.* at 492." *Ayres v. Jacobs & Crumplar, P.A.*, No. 94-658-SLR, 1995 U.S. Dist. LEXIS 17712, at *6-*7 (D. Del. Nov. 20, 1995), *aff'd*, 99 F.3d 565 (3d Cir. 1996). "[S]ervice upon a domestic or foreign corporation . . . shall be effected: (1) in a judicial district of the United States [in accordance with state law, or] by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h). "In certain instances, good faith reliance on the apparent authority of an individual to accept service on behalf of a business has been found sufficient. The inquiry in such a case should focus on whether the individual's role in the organization made service on her fair, reasonable, and just." *Ayres*, 1995 U.S. Dist. LEXIS 17712, at *7 (quotations omitted) (citations omitted).

    A.    **RS-Computer ("RSC")**

RSC, a German corporation, has moved to quash service because it says it was never actually served by Aladdin. Instead, Aladdin served Sysgen Data, Ltd. ("Sysgen"), an allegedly unrelated non-party located in Melville, NY. Aladdin, however, points to a page taken from RSC's website, wherein it is represented that RSC "maintains a branch office in New York, where it services its U.S. customer base." (D.I. 32, Ex. A.) Under the heading "CONTACT" on RSC's website, only two addresses are listed: that of RS Computer in Germany, and that of Sysgen in Melville, NY. (Id.) Likewise, the Sysgen website, under the heading "ABOUT US: CONTACT US," also list only two addresses: that of Sysgen in Melville, NY, and that of "RS Computer / Sysgen" in Germany. (Id., Ex. B.)

Given the excerpts from RSC's website identifying Sysgen as the New York "branch office," Aladdin was clearly justified in believing that Sysgen had apparent authority to accept service on

behalf of RSC. Additionally, given the excerpts from Sysgen's website representing itself as "RS Computer / Sysgen," its role in the RSC organization made service on Sysgen "fair, reasonable, and just." Therefore, the court will deny RSC's motion to quash.

**B.    Feitian Technologies Co. Ltd. ("Feitian")**

Feitian, a Chinese entity with its principal place of business in Beijing, has moved to quash because service was allegedly improper under the Hague Convention. However, in the time between the filing of Feitian's opening brief and the filing of its reply brief, Aladdin appears to have remedied the alleged problem. (D.I. 46.) Therefore, Feitian's motion to quash is now moot.

**C.    Softkey E-Solution Sdn Bdh ("Softkey")**

Softkey, a Malaysian entity, has moved to quash because Aladdin attempted to serve an untranslated English-language copy of the summons and complaint on an "unspecified person at Softkey's Malaysian address." (D.I. 30 at 4.) Aladdin responds with supporting documentation tending to show that English is the official language of Malaysia, and that service was legally proper. In its reply brief, Softkey fails to challenge Aladdin's assertions. Therefore, the court holds that Softkey waived any further objection to service.

**D.    Secure Technology**

Secure Technology, a sole proprietorship in Florida, has moved to quash because Aladdin attempted service through the Corporation Trust Company in Delaware, which is the registered agent for a corporation named "Secure Technology, Inc." Secure Technology alleges that it is not the same entity as the Delaware corporation. However, since the filing of Secure Technology's motion, Aladdin appears to have remedied the alleged problem. Thus, the motion to quash is now moot.

II.  **MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

The standard for evaluating personal jurisdiction is a familiar one:

> Rule 12(b)(2) of the Federal Rules of Civil Procedure requires a court to dismiss a case when the court lacks personal jurisdiction over the defendant[]." *E.I. DuPont de Nemours & Co. v. Rhodia Fiber & Resin Intermediates*, 197 F.R.D. 112, 119 (D.Del.2000). In determining whether personal jurisdiction exists, courts engage in a two step analysis. First, the court must decide whether jurisdiction is authorized by the long-arm statute of the state in which the court sits. *Transportes Aereos de Angola v. Ronair, Inc.*, 544 F. Supp. 858 at 864-65 (D. Del. 1982). If jurisdiction is proper per the long-arm statute, the court must then determine whether exercising jurisdiction comports with the requirements of the Due Process Clause of the Fourteenth Amendment. *Id.* (noting, however, "intent of the legislature to exercise jurisdiction over non-residents whenever feasible"); *Compaq Computer Corp. v. Packard Bell Elecs.*, 948 F. Supp. 338, 342 (D. Del. 1996) (citation omitted). To satisfy the second prong of this analysis, the court must find the existence of "minimum contacts" between the defendant and the forum state, "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945) (citation omitted). Specifically, [the plaintiff] must show that [the defendant] "purposefully availed itself of the privilege of conducting activities within the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 78 S. Ct. 1228 (1958)); *see also Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 108-09, 94 L. Ed. 2d 92, 107 S. Ct. 1026 (1987). Unless the contacts are continuous and systematic, they must be related to the present cause of action. *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 414-15, 80 L. Ed. 2d 404, 104 S. Ct. 1868 (1984).
>
> In determining the jurisdictional question, the court must accept as true the allegations in the complaint. *Altech Indus., Inc. v. Al Tech Specialty Steel Corp.*, 542 F. Supp. 53, 55 (D. Del. 1982). However, [the plaintiff] bears the burden of alleging facts sufficient to make a prima facie showing of personal jurisdiction over [the defendant]. *ICT Pharms., Inc. v. Boehringer Ingelheim Pharms., Inc.*, 147 F. Supp. 2d 268, 270-71 (D. Del. 2001). To meet this burden, [the plaintiff] must adduce facts which "'establish with reasonable particularity'" that jurisdiction over [the defendant] exists. *Id.* (quoting *Joint Stock Soc'y v. Heublein, Inc.*, 936 F. Supp. 177, 193 (D. Del. 1996)).

*Telcordia Techs., Inc. v. Alcatel S.A.*, No. 04-874-GMS, 2005 U.S. Dist. LEXIS 10194, at *3-*6 (D.

Del. May 27, 2005).

The standard is complicated, however, by the ubiquity of the internet. Fortunately, in *Toys "R" Us, Inc. v. Step Two, S.A.*, the Third Circuit offered some concrete guidance in this regard:

> [T]he mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world. Rather, there must be evidence that the defendant "purposefully availed" itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts.

318 F.3d 446, 454 (3d Cir. 2003). Nevertheless, even where personal jurisdiction has not been established, if there are non-frivolous reasons to believe that some probing into a defendant's contacts with the forum state might yield "something more," i.e., contacts that would bring the defendant within the court's jurisdiction, then limited jurisdictional discovery is warranted. *Id.* at 456.

### A.   RSC

RSC operates a website accessible from Delaware on which it offers allegedly-infringing products for sale. Although that alone is insufficient to establish personal jurisdiction, the explicit references made by RSC and Sysgen to each other on their respective websites lend credence to Aladdin's theory that RSC is connected at least to New York. The court also notes that Sysgen's website lists several Delaware corporations as "partners." *At* http://www.sysgen.com/webdata/Partners (last visited Feb. 17, 2006). This string of connections, in the court's opinion, comprise non-frivolous reasons to believe that some probing into RSC's contacts with Delaware might yield "something more." Therefore, the court will permit limited jurisdictional discovery into RSC's contacts with this state, and deny the motion to dismiss without prejudice pending the results of that discovery.

### B. Feitian

Feitian, like RSC, is also a foreign entity operating a website from which Delaware residents can theoretically order accused products. In 2003, according to an affidavit submitted by the president of former co-defendant RF Ideas, Inc., d/b/a Security Tokens, Inc. ("RF Ideas"), a Delaware corporation, RF Ideas became a distributor for Feitian with the authority to distribute the accused products anywhere in the United States, including Delaware. (D.I. 43, Ex. E ¶ 4.) Feitian points out, however, that the affidavit fails to assert that any accused products were actually sold by RF Ideas in Delaware. Nevertheless, the court believes Aladdin has shown non-frivolous reasons to believe that "something more" might be found upon further probing. As such, Aladdin will be permitted to engage in limited jurisdictional discovery into Feitian's contacts with Delaware, and the motion to dismiss will be denied without prejudice pending the results of that discovery.

### C. Softkey

Softkey is yet another foreign entity operating a website from which Delaware residents can theoretically order accused products. But, unlike Feitian and RSC, Softkey appears to have no other connection to Delaware. The only arguable connection is Softkey's "partnership" with Feitian. *At* http://www.softkey.com.my/partners.htm (last visited Feb. 17, 2006). Thus far, however, the court has merely held that there exist non-frivolous reasons to believe Feitian *might* be subject to personal jurisdiction in this district. The fact that Softkey is a partner – an undefined term – with an entity that may or may not be connected to Delaware is simply too tenuous a link on which to justify jurisdictional discovery.[1] Therefore, Softkey will be dismissed without prejudice.

---

[1] The court is cognizant of potential tension between its decision to allow jurisdictional discovery as to RSC, and its decision to disallow jurisdictional discovery as to Softkey. However, in the former case, there is there is significant evidence that RSC itself is "partners"

### D.  AZ-Tech Software, Inc. ("AZ-Tech")

AZ-Tech, an entity both incorporated in and having its principal place of business in Missouri, also operates a website accessible from Delaware on which residents of this state can theoretically order accused products. And, like Softkey, AZ-Tech's website advertises a "partnership" with Feitian. *At* http://www.az-tech.com/news.html (last visited February 17, 2006). Beyond that, however, there appears to be no connection with Delaware. AZ-Tech, then, is indistinguishable from Softkey insofar as their respective motions to dismiss are concerned. Thus, AZ-Tech will also be dismissed without prejudice.

### E.  Secure Technology's Motion

According to an affidavit filed in support of its brief, Secure Technology has no current or past contacts with Delaware. (D.I. 16, Ex. A ¶¶ 3-11, 13-14.) Secure Technology further contends that the existence of a Delaware company with a similar name (the only difference being the "Inc." appended on the end of the Delaware name) is mere coincidence. In response, Aladdin submitted the "Contact Us" page from what seems to be a third-party website (http://www.secure-technology.com) on which "Secure Technology, Inc." is listed with the same address as Secure Technology of Florida. According to Aladdin, the inclusion of "Inc." is evidence that Secure Technology of Florida and Secure Technology, Inc. of Delaware may be the same entity. As such, Aladdin believes jurisdictional discovery is warranted.

The court disagrees. It is entirely plausible that two unrelated entities could share the name

---

with several Delaware corporations via its seeming identity with Sysgen. Softkey, on the other hand, is a "partner" with Feitian, whose connection to this state is that it contracted with a Delaware corporation to distribute its products. There is no evidence that Softkey and Feitian are as closely linked as RSC and Sysgen appear to be.

"Secure Technology," especially in the digital age where the fear of having un-secure technology is on the minds of many. In addition, an assertion on a third party website does not strike the court as particularly reliable, especially in light of the fact that people often append "Inc." to entity names whether or not it is appropriate. Furthermore, as Secure Technology of Florida points out, Aladdin is free to explore the identity of Secure Technology, Inc. of Delaware through any channels provided by this state's Division of Corporations. At present, it does not appear that Aladdin has done so in any meaningful way. Therefore, Secure Technology will be dismissed without prejudice.

Dated: February 24, 2006

_____
UNITED STATES DISTRICT JUDGE

FILED
FEB 24 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALADDIN KNOWLEDGE SYSTEMS LTD., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| FEITIAN TECHNOLOGIES CO. LTD., RF IDEAS INC., d/b/a SECURITY TOKENS, INC. AZ-TECH SOFTWARE INC., SOFTKEY E-SOLUTION SDN BHD, NOVARIS INNOVATIVE TECHNOLOGIES, FUTURE SYSTEMS INC., RS-COMPUTER, OPENFORTRESS DIGITAL SIGNATURES, SECURE TECHNOLOGY. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 05-149 (GMS) |
| Defendants. | ) |

**ORDER**

IT IS HEREBY ORDERED THAT:

1. RSC's motion to quash and dismiss (D.I. 13) be DENIED;

2. Feitian's motion to quash and dismiss (D.I. 40) be DENIED;

3. Softkey's motion to quash and dismiss (D.I. 29) be DENIED in part and GRANTED in part;

4. Softkey be DISMISSED without prejudice;

5. Secure Technology's motion to quash and dismiss (D.I. 15) be DENIED in part and GRANTED in part;

6. Secure Technology be DISMISSED without prejudice;

7. AZ-Tech's motion to dismiss (D.I. 25) be GRANTED;

8. AZ-Tech be DISMISSED without prejudice; and

9. Aladdin be permitted to take limited and appropriate jurisdictional discovery from RSC and Feitian pursuant to a stipulated discovery schedule to be filed with the court.

Dated: February 24, 2006

_____
UNITED STATES DISTRICT JUDGE



FILED
FEB 2 4 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE