# KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP
## ATTORNEYS AT LAW

**PATRICK A. COSTELLO**
Direct Dial: (302) 552-5504
PCOSTELLO@klehr.com

Admitted in Delaware,
New Jersey and Pennsylvania

919 MARKET STREET
SUITE 1000
WILMINGTON, DELAWARE 19801-3062

(302) 426-1189
FAX (302) 426-9193

www.klehr.com

**New Jersey Office**
457 Haddonfield Road
Suite 510
Cherry Hill, New Jersey 08002-2220
(856) 486-7900

**Philadelphia Office**
260 South Broad Street
Philadelphia, Pennsylvania 19102-5003
(215) 568-6060

July 10, 2006

**VIA E-FILING**

The Honorable Gregory M. Sleet
U.S. District Court, District of Delaware
844 N. King Street, Lockbox 19
Wilmington, DE 19801

RE: **Aladdin Knowledge Systems, Ltd. v. Feitian Technologies Co., Ltd., et al.,
Civil Action No. 05-CV-149 (GMS)**

Dear Judge Sleet:

In anticipation of the discovery teleconference scheduled for July 12, 2006 at 10 a.m. in the above-captioned matter, the parties jointly submit the following items to be presented to the Court:

**Plaintiff's Issues:**

1.  The objections of Defendants Feitian Technologies Co., Ltd. ("Feitian") and RS-Computer ("RSC") to Plaintiff's interrogatories and document requests asserted on the basis of time period. (Plaintiff seeks information for the time period October 1999 to present and contends that this time frame is relevant based on its allegations that Feitian acquired the information it used to create the devices that are disclosed and claimed in the patents in suit as a result of its distribution contract with Plaintiff, which Plaintiff terminated in October 1999; Defendants contend that the alleged distribution contract is not at issue in this suit, it predates the filing of the patents and so could not be the accused products, and the patents did not issue until 2004). Feitian's responses to Request for Production of Document Nos. 2, 3, 6-37; Feitian's response to Interrogatory Nos. 1, 2, 9, 10, 12, 13, 15, 16, 18, 20-24; RSC's response to Interrogatory Nos. 1, 2, 3, 10; RSC's response to Request for Production Nos. 2-6, 12-14, 17, 24, 25, 28, 30, 31.

2.  Defendants' objections to Plaintiff's discovery requests asserted on the basis of geographic scope. (Defendants contend the Court expressly allowed only limited jurisdictional discovery regarding contacts with Delaware, not the entire U.S.; Plaintiff contends that its discovery goes to direct as well as indirect contacts with Delaware, and that this information can then be examined to determine if those efforts and actions are connected with this jurisdiction or

DEL1 64255-2

**KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP**

The Honorable Gregory M. Sleet
July 10, 2006
Page 2

whether the federal long-arm statute is applicable). Feitian response to Request for Admission Nos. 9 –27; Feitian's response to Request for Production Nos. 1-37; Feitian's response to Interrogatory Nos. 1-10, 13-17, 19-25; RSC's response to Request for Admission No. 8; RSC's response to Interrogatory Nos. 1, 2, 4-7, 9, 11-13, 15, 16, 19-23; RSC's response to Request for Production Nos. 1-30.

    3.    Defendants' objections to Plaintiff's discovery requests asserted on the basis that they seek information not related to the allegedly infringing products. (Plaintiff seeks all defense contacts with Delaware for the purpose of establishing jurisdiction; Defendants contend that information on non-accused products is irrelevant to a claim of specific jurisdiction and that Plaintiff has no basis to allege that the Defendants' contacts are so continuous and systematic that it should be allowed broad discovery to try to show general jurisdiction). Feitian's response to Request for Production Nos. 8-15, 17, 18, 24-37; Feitian's response to Interrogatory Nos. 4, 5, 7-10, 14, 15, 18, 20-24; RSC's response to Interrogatory Nos. 3, 4, 11-16; RSC's response to Request for Production Nos. 3, 4, 6, 12, 24, 25, 28, 30, 31.

    4.    Feitian's objection to Interrogatory No. 25 (seeking identification of the documents reviewed in preparing the Declaration attached to its motion to dismiss for lack of jurisdiction) on the basis of attorney-client privilege or work product and geographic scope. (Plaintiff contends these are improper objections and that Feitian has failed to supplement its response despite representing that it would, and to the extent privileged or protected information is withheld defendants should produce a privilege log (also implicated are Plaintiff's document requests seeking documents identified in response to the interrogatories); Defendants contend that privilege objections are always proper and that Defendants have already told Plaintiff, anyway, that Feitian is not withholding any documents on the basis of privilege at this time and that RS-Computer did not review any documents).

**Defendants' Issues:**

    5.    Defendants have not served any discovery requests and do not have separate issues to put on the current agenda beyond their objections to the plaintiff's requests.

Respectfully,

*[signature]*

Patrick A. Costello (DE Bar No. 4535)
*pcostello@klehr.com*

cc:    Michael K. Coran, Esquire (via email)
       Mary Ellen O'Laughlin, Esquire (via email)
       Matt Reeves, Esquire (via email)
       Rodger D. Smith, Esquire (via email and e-filing)

DEL1 64255-2