# KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP
ATTORNEYS AT LAW

**Patrick A. Costello**

Direct Dial: (302) 552-5504

PCOSTELLO@klehr.com

Admitted in Delaware,
New Jersey and Pennsylvania

919 MARKET STREET
SUITE 1000
WILMINGTON, DELAWARE 19801-3062

(302) 426-1189
FAX (302) 426-9193
www.klehr.com

New Jersey Office
457 Haddonfield Road
Suite 510
Cherry Hill, New Jersey 08002-2220
(856) 486-7900

Philadelphia Office
260 South Broad Street
Philadelphia, Pennsylvania 19102-5003
(215) 568-6060

August 24, 2006

**VIA E-FILING**

The Honorable Gregory M. Sleet
U.S. District Court, District of Delaware
844 N. King Street, Lockbox 19
Wilmington, DE 19801

> RE: **Aladdin Knowledge Systems, Ltd. v. Feitian Technologies Co., Ltd., et al., Civil Action No. 05-CV-149 (GMS)**

Dear Judge Sleet:

Following the July 12, 2006 discovery teleconference in this matter, the parties jointly submit this letter agenda for the teleconference scheduled for **August 28, 2006 at 11:30 a.m.**

**Plaintiff's Position**: In discovery responses Defendants deny doing business in Delaware; they admit selling products in the U.S. outside of Delaware, but object to providing any information about any contacts outside of Delaware as beyond the scope of jurisdictional discovery. Plaintiff is entitled to discovery of Defendants' U.S. contacts outside of Delaware to establish jurisdiction under Fed.R.Civ.P. 4(k)(2), the rule commonly referred to as "the federal long arm statute."[1] "Rule 4(k)(2)...sanctions personal jurisdiction over foreign defendants for claims arising under federal law when the defendant has sufficient contacts with the nation as a whole to justify the imposition of United States' law but without sufficient contacts to satisfy the due process concerns of the long-arm statute of any particular state."[2] BP Chemical Ltd. v. Formosa Chemical & Fibre Corp., 229 F.3d 254, 258 (3d Cir. 2000). To determine whether Rule 4(k)(2) jurisdiction exists, a court examines a defendant's *nationwide* contacts. Id. at 259; see also, Mellor v. Moe, 2006 WL 1644877, *2, n.7 (D. N.J. Jun. 14, 2006) ("Given the national scope of Rule 4(k)(2), it is appropriate to grant Plaintiffs the opportunity to discover [defendant's] contacts throughout the United States," thus, a court will permit "discovery to

---

[1] Courts refer to Rule 4(k)(2) as the federal long arm "statute" even though technically it is a rule of civil procedure. See, e.g., Toys 'R Us, Inc. v. Step Two, S.A., 318 F.3d 446, 455 (3d Cir. 2003).

[2] The federal long arm statute, Fed.R.Civ.P. 4(k)(2), adopted in 1993, provides: " If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service is also effective, with respect to claims arising under federal law, to establish personal jurisdiction over the person of any defendant *who is not subject to the jurisdiction of the courts of general jurisdiction of any state*." (Emphasis added). Patent infringement claims arise under federal law and therefore Rule 4(k)(2) is applicable. Telecordia Technologies, Inc. v. Alcatel S.A., 2005 WL 1268061, *4 (D. Del. May 27, 2005).

PHIL1 692858-1

investigate contacts with all states, including [the forum state]."); Toys 'R Us, Inc. v. Step Two, S.A., 318 F.3d 446, 458 (3d Cir. 2003) (jurisdictional discovery on U.S. business activities to "help determine whether jurisdiction exists under the federal long-arm statute."). Defendants refuse to select a more appropriate forum for transfer or provide any information concerning contacts outside of Delaware. Although not yet addressed by the Third Circuit, other Circuit Courts have held that this refusal operates to release Plaintiff from having to establish the "negation requirement" of Rule 4(k)(2), i.e., from having to show that Defendants are not subject to personal jurisdiction in any single state, and provides additional support for Plaintiff's discovery of Defendants' contacts outside of Delaware to establish Rule 4(k)(2)'s remaining prong -- that this Court's exercise of jurisdiction under the federal long arm statute comports with the Due Process requirement: ISI International, Inc. v. Borden Ladner Gervais LLP, 256 F.3d 548, 552 (7th Cir. 2001) (where defendant "contends that he cannot be sued in the forum state and refuses to identify any other where suit is possible, then the federal court is entitled to use Rule 4(k)(2)…This procedure makes it unnecessary to traipse through the 50 states, asking whether each could entertain the suit."); accord, Mwani v. Bin Laden, 417 F.3d 1, 11 (D.C. Cir. 2005). Plaintiff respectfully requests that Defendants' objections to jurisdictional discovery on the basis of geographic scope be overruled.

**Defendants' Position:** The Court correctly limited discovery to Defendants' contacts with Delaware, and it should not reverse its ruling. Rule 4(k)(2) jurisdiction only applies if the Defendant lacks sufficient contacts with any state to subject it to personal jurisdiction. Telcordia v. Alcatel S.A. 2005 WL 1268061 (D. Del 2005). Plaintiff bears the burden of showing Defendants lack sufficient contacts with other states. Id. at 5. When evidence exists that Defendants have contacts with other states, this supports an argument that the Defendants are subject to jurisdiction in some other state and undermines an argument that they are not subject to jurisdiction in any state. Commissariat A L'Energie Atomique v. ChiMei Optoelectronics Corp. 293 F. Supp. 2d 423, 430 (D. Del. 2003). Plaintiff admits there is evidence that Defendants have contacts with other states. See Plaintiff's Position above. Granting discovery under Rule 4(k)(2) when evidence of Defendants' contacts with other states already exists serves no purpose and "would amount to allowing [Plaintiff] to conduct a fishing expedition in order to form a basis for jurisdiction." Telcordia, 2005 WL 1268061 at 9. Such discovery should be denied. Id. Plaintiff cites ISI and Bin Laden for the proposition that it is "released" from having to establish the negation requirement unless Defendants waive their rights to challenge jurisdiction in some other forum. First, this Court has rejected the burden shifting approach proposed by Plaintiff, and it is not the law in this jurisdiction. Telcordia, 2005 WL 126801 at 5. Second, these cases are factually different from the situation here. They do not stand for the proposition that Rule 4(k)(2) is appropriate under the facts of this case.

Respectfully,

Patrick A. Costello (DE Bar No. 4535)

cc:   Mary Ellen O'Laughlin, Esq.
      Matthew Reeves, Esq.
      Rodger D. Smith, Esq.