IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALADDIN KNOWLEDGE SYSTEMS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-149-GMS |
| | ) | |
| FEITIAN TECHNOLOGIES CO., LTD., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**SUPPLEMENTAL BRIEF OF DEFENDANT FEITIAN
TECHNOLOGIES CO., LTD. IN SUPPORT OF ITS MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

    MORRIS, NICHOLS, ARSHT & TUNNELL LLP
    Rodger D. Smith II (#3778)
    1201 N. Market Street
    P.O. Box 1347
    Wilmington, DE  19899-1347
    (302) 658-9200
    rsmith@mnat.com
      *Attorney for Defendants Feitian Technologies*
      *Co., Ltd. and R-S Computer*

OF COUNSEL:

Matthew G. Reeves
Locke Liddell & Sapp LLP
600 Travis Street
3400 JP Morgan Chase Tower
Houston, TX  77002
(713) 226-1200

January 2, 2007

i.

## TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| TABLE OF CITATIONS | | ii |
| INTRODUCTION | | 1 |
| ARGUMENT | | 1 |
| I. | PLAINTIFF CANNOT ESTABLISH THE "SOMETHING MORE" NECESSARY TO EXERCISE PERSONAL JURISDICTION UNDER DELAWARE'S LONG-ARM STATUTE. | 1 |
| II. | PLAINTIFF HAS NOT MET THE REQUIREMENTS FOR ESTABLISHING PERSONAL JURISDICTION UNDER FED. R. CIV. P. 4(K)(2) | 3 |
| III. | TRANSFER UNDER 28 U.S.C. § 1631 IS IMPROPER IN THIS CASE | 5 |
| IV. | FEITIAN FULLY COOPERATED THROUGHOUT DISCOVERY AND COMPLIED WITH THE COURT'S DISCOVERY ORDER | 6 |
|  | A.   Feitian Acted In Good Faith | 6 |
|  | B.   Feitian's Rule 30(b)(6) Witness Was Prepared | 7 |
| CONCLUSION | | 9 |

ii.

## TABLE OF CITATIONS

Page(s)

Cases

*Am. Beef Packers, Inc. v. I.C.C.*
    711 F.2d 388 (D.C. Cir. 1983)      5

*Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corp.*
    293 F. Supp. 2d 423 (D. Del. 2003)      4

*In re Exclusive Indus. Corp.*
    751 F.2d 806 (5th Cir. 1985)      5

*Lan-Dale Co. v. U.S.*
    60 Fed. Cl. 299 (2004)      6

*Liriano v. U.S.*
    95 F.3d 119 (2d Cir. 1996)      5

*Nose v. Rementer*
    610 F. Supp. 191 (D. Del. 1985)      5

*Puri v. Gonzales*
    No. 05-36182, 2006 WL 2773841 (9th Cir. Sept. 28, 2006)      5

*Telcordia Technologies, Inc. v. Alcatel S.A.*
    2005 WL 1268061 (D. Del. 2005)      4

Statutes

28 U.S.C. § 1338      4

28 U.S.C. § 1631      1, 5, 9

Fed. R. Civ. P. 4(k)(2)      1, 2, 3, 4

INTRODUCTION

Defendant Feitian Technologies Co., Ltd.'s ("Feitian") motion to dismiss for lack of personal jurisdiction (D.I. 40) should be granted because -- even after extensive jurisdictional discovery -- Plaintiff Aladdin Knowledge Systems, Ltd. ("Plaintiff") (by its own admission) has been unable to establish the "something more" required to exercise personal jurisdiction based on Delaware's long-arm statute. Personal jurisdiction is also not proper under Fed. R. Civ. P. 4(k)(2) because the exercise of such jurisdiction is appropriate only if the defendant lacks sufficient contacts with any single state to subject it to personal jurisdiction, which is not the case here as admitted throughout Plaintiff's brief. Finally, transfer is not proper because 28 U.S.C. § 1631 is not applicable in cases where the transferor court does not have personal jurisdiction over the defendant, which is the case here.

ARGUMENT

I. PLAINTIFF CANNOT ESTABLISH THE "SOMETHING MORE" NECESSARY TO EXERCISE PERSONAL JURISDICTION UNDER DELAWARE'S LONG-ARM STATUTE.

From the start, this case has been nothing but an exercise in forum shopping. Plaintiff originally sued nine defendants, including Feitian, RS-Computers, Softkey-E Solution, Secure Technology, Inc. and AZ-Tech Software, Inc. On February 24, 2006, the Court dismissed AZ-Tech Software, Inc., Softkey E-Solution, and Secure Technology, Inc. for lack of personal jurisdiction, leaving only Feitian and RS-Computers in the case (D.I. 48). The Court permitted Plaintiff to conduct limited jurisdictional discovery concerning RS-Computer's and Feitian's contacts with Delaware. The result of that discovery proved what RS-Computer and

2.

Feitian had maintained all along, namely, that neither company had any contacts with the State of Delaware.

Rather than concede the lack of personal jurisdiction, Plaintiff asked the Court to expand the scope of the limited jurisdictional discovery to include California, alleging that it wanted to establish personal jurisdiction under Fed. R. Civ. P. 4(k)(2). That additional discovery, however, has only hurt, not helped, Plaintiff's case by further undermining its claim that jurisdiction in Delaware is appropriate, and Plaintiff admits as much. Buried in a footnote, Plaintiff admits that it has no basis for personal jurisdiction in Delaware over RS-Computer and claims that it is dismissing RS-Computer from the case (Plaintiff's Supplemental Brief, D.I. 81 at 3 n.2).

Moreover, as to Feitian, Plaintiff admits it cannot establish the "something more" required to exercise jurisdiction based on Delaware's long-arm statute (*id.* at 1). This should be the end of the matter, and the Court should dismiss Plaintiff's complaint for lack of personal jurisdiction against Feitian with prejudice.

Indeed, the fact that none of the defendants, including Feitian, RS-Computers, Softkey-E Solution, Secure Technology, or AZ-Tech Software, Inc., have any contacts with the State of Delaware calls into question whether Plaintiff had a good faith basis for bringing this lawsuit in Delaware in the first place. Apparently recognizing this, Plaintiff goes out of its way in its Supplemental Brief to allege that it "had good-faith reasons for initially instituting suit" in Delaware (D.I. 81 at 1). It claims that its "pre-suit investigation" indicated that "a number of Feitian's U.S. distributors, including its principal distributor, RF Ideas, Inc. d/b/a Security Tokens ('RF Ideas') were incorporated in Delaware and presumably did business there" (*id.* at 2). However, other than RF Ideas, there is no evidence that any other party was incorporated

3.

in Delaware.  Further, Plaintiff offers no basis for -- or evidence to support -- its presumption that any of these companies did business in Delaware.

Plaintiff also claims that it had a good-faith basis for bringing the suit in Delaware because "Feitian has been an advertiser and publications distributor throughout the United States, including Delaware" (D.I. 81 at 2).  However, there is no evidence of this either.  Feitian has never distributed any publication in Delaware.  Plaintiff also claims that it had a good-faith basis because Feitian maintains an interactive website, accessible from Delaware (*id.*).  But the law in Delaware is crystal clear that an interactive website is not enough unless there is "something more" to establish a link with Delaware, and it is this "something more" that Plaintiff did not have at the time it filed this lawsuit -- and has not established through the jurisdictional discovery permitted by the Court.  Plaintiff never had any basis to bring its lawsuit in Delaware against Feitian, or any of these other parties for that matter.

II. PLAINTIFF HAS NOT MET THE REQUIREMENTS FOR ESTABLISHING PERSONAL JURISDICTION UNDER FED. R. CIV. P. 4(K)(2)

Although Plaintiff was unable to find any evidence to support personal jurisdiction over Feitian in Delaware, Plaintiff argues that this Court should exercise jurisdiction over Feitian under Fed. R. Civ. P. 4(k)(2).  It is well-settled, however, that jurisdiction under Rule 4(k)(2) is appropriate only if the defendant lacks sufficient contacts with any single state to subject it to personal jurisdiction, which is not the case here -- as admitted throughout Plaintiff's brief.

For Rule 4(k)(2) to apply, "(1) the case must arise under federal law, (2) the foreign defendant must lack sufficient contacts with any single state to subject it to jurisdiction there, and (3) the foreign defendant must have sufficient contacts with the United States as a

4.

whole to satisfy due process." *Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 293 F. Supp. 2d 423, 430 (D. Del. 2003).  Patent cases like this one arise under federal law, and 28 U.S.C. § 1338 gives federal district courts original jurisdiction.  *Telcordia Technologies, Inc. v. Alcatel S.A.*, 2005 WL 1268061, at *4 (D. Del. 2005).

Plaintiff, however, bears the burden of demonstrating that Defendant is not subject to jurisdiction in any state.  *Telcordia Technologies*, 2005 WL 1268061, at *5; *see also Commissariat,* 293 F. Supp. 2d at 430 (holding that "Plaintiffs must demonstrate that defendant is 'not subject to the jurisdiction of any state' under Rule 4(k)(2)" and finding that Rule 4(k)(2) is a "narrow exception.").

Plaintiff here asks the Court to relieve it of its burden based on the decisions of other Circuit Courts, despite the Third Circuit's silence on the issue (D.I. 81 at 22).  This Court, however, recently considered that same argument -- and rejected it.  *Telcordia Technologies*, 2005 WL 1268061, at *5.  Plaintiff has failed to show that Defendant is not subject to the jurisdiction of any single state, and as such, Plaintiff has failed to establish jurisdiction in this Court pursuant to Rule 4(k)(2).

In fact, Plaintiff spends eleven pages of its Supplemental Brief explaining how jurisdiction would be proper in the Northern District of Illinois (D.I. 81 at 24-34).  Plaintiff makes no attempt to explain how on the one hand it believes that jurisdiction is proper in Delaware under Rule 4(k)(2) -- which specifically requires that a defendant not be subject to the jurisdiction of any state to be applicable -- and on the other hand how it believes that Defendant would be subject to jurisdiction in the Northern District of Illinois.  By its own admission, Plaintiff believes that jurisdiction is proper in the Northern District of Illinois, which precludes Plaintiff from arguing that jurisdiction is proper in Delaware pursuant to Rule 4(k)(2).

5.

III.    TRANSFER UNDER 28 U.S.C. § 1631 IS IMPROPER IN THIS CASE

Finally, in a desperate attempt to stave off dismissal, Plaintiff argues that the case should be transferred to the Northern District of Illinois pursuant to 28 U.S.C. § 1631. However, the legislative history of Section 1631 suggests that a transfer is appropriate only if the transferor court lacks subject matter jurisdiction, not where the court lacks personal jurisdiction as is the case here. Furthermore, Section 1631 (or the jurisdictional "savings provision") is intended to assist litigants who seek redress in federal court but are confused about the proper forum because of jurisdictional "complexities" and save litigants from being time-barred by the statute of limitations if the litigant were forced to re-file in the appropriate forum. Neither of those factors is relevant here. Section 1631 is inapplicable, and the case should not be transferred.

It is clear from the legislative history that Section 1631 applies only if the transferor court lacks subject matter jurisdiction, not personal jurisdiction. *See Nose v. Rementer*, 610 F. Supp. 191, 192, n.1 (D. Del. 1985) (holding based on the legislative history that Section 1631 applies only if the transferor court lacks subject matter jurisdiction). There is no dispute here that the Court has subject matter jurisdiction over this patent case.

Furthermore, courts have made clear that Section 1631 was drafted to assist litigants who seek redress in federal court, but are confused about the proper forum. *Puri v. Gonzales*, No. 05-36182, 2006 WL 2773841, at *4 (9th Cir. Sept. 28, 2006); *Liriano v. U.S.*, 95 F.3d 119, 122-23 (2d Cir. 1996); *In re Exclusive Indus. Corp.*, 751 F.2d 806, 809 (5th Cir. 1985); *Am. Beef Packers, Inc. v. I.C.C.*, 711 F.2d 388, 390 (D.C. Cir. 1983). By providing an alternative to dismissal, Section 1631 aids parties by preventing actions filed within the statute of limitations from becoming time-barred due to their being filed in an improper forum. *Lan-Dale*

6.

*Co. v. U.S.*, 60 Fed. Cl. 299, 305 (2004).  Given the purpose of Section 1631 as a remedy for confused litigants, it is clear that transfer under Section 1631 does not apply to this case.

### IV. FEITIAN FULLY COOPERATED THROUGHOUT DISCOVERY AND COMPLIED WITH THE COURT'S DISCOVERY ORDER

Even though it now admits it has no factual basis to support a finding of personal jurisdiction, Plaintiff apparently would like the Court to find that Feitian is subject to personal jurisdiction in Delaware as a discovery sanction.

#### A. Feitian Acted In Good Faith

The declaration of Zhao Wenwang fully comports with the rules of procedure. Mr. Wenwang was the Assistant Manager in the Department of International Sales and Marketing at Feitian at the time he submitted his declaration. He is no longer with Feitian. At the time of his declaration, however, he had personal knowledge of all the facts stated in his declaration. (D.I. 41, Ex. A, ¶ 1). He was fully competent to testify to the matters in his declaration, and all of those matters have been proven true.

Plaintiff complains that Mr. Wenwang did not actually write the declaration himself. This is not a requirement, however. Mr. Wenwang must have personal knowledge of the facts stated in the declaration, and he did. There is no evidence to the contrary. Next, Plaintiff claims that Mr. Wenwang's statement that Feitian has not contracted with any persons residing in Delaware to act on his behalf with respect to marketing, distribution or servicing of any defendant's goods or services is contradicted by a declaration by RF Ideas and by the distribution agreement with Feitian. The fact that Plaintiff disputes one of the facts in Mr. Wenwang's declaration does not mean that it should be stricken.

7.

Moreover, to the extent there is any conflict, it is Mr. Wenwang's declaration that is supported by the facts of this case. RF Ideas, Inc. is located at 714 Bridle Lane, Cary, Illinois 60013. There is no evidence that RF Ideas did any business or had any locations in Delaware, and RF Ideas did not "act on behalf" of Feitian nor is there any evidence of this.

In short, everything in Mr. Wenwang's declaration has been proven to be true and correct, and Plaintiff cannot point to any evidence to the contrary.

### B.   Feitian's Rule 30(b)(6) Witness Was Prepared

Feitian's Rule 30(b)(6) witness was fully prepared. The deposition of Feitian's Rule 30(b)(6) witness was taken over two nights. The first night was only two days after the Court ordered that discovery be expanded to include California. On the first night, Mr. Li had not had a chance to review the information concerning the California contacts. The deposition was continued, however, for a second night by agreement. On the second night, Plaintiff took a complete deposition of Mr. Li, who was fully prepared for the deposition. Virtually all of Plaintiff's complaints (*see* D.I. 81 at 8-14) concern the first night of the deposition, not the second night. Indeed, even Plaintiff grudgingly admits that "Mr. Li's preparation for the second night of his deposition was seemingly somewhat better than the first" (D.I. 81 at 15).

Mr. Li was fully prepared to talk about Feitian's contacts in Delaware and California. For example:

> Q.   Did you look anywhere else for any documents concerning sales to Delaware or California other than in Mr. Liu's computer?
>
> A.   Yes, I look for it in all the files, but I did not find any.

(D.I. 82, Ex. H at 21-22).

> Q.   So are you testifying today that you have looked through all of Feitian's business records from October 1999 to the present concerning sales or communications from or to Feitian and

>       Delaware and California and you have produced everything to your attorney; is that correct?
>
>       A.     Yes

(*Id.* at 23).

>       Q.     And did you find any documents indicating any sales or services by AZ-Tech in California?
>
>       A.     No, I did not find.
>
>       Q.     What about any such documents concerning sales or services in Delaware?
>
>       A.     No.

(*Id.* at 80).

>       Q.     Do you know whether or -- in preparing for today's deposition, did you check to see whether or not Feitian had ever provided a software developer kit to anyone in California or Delaware?
>
>       A.     I did look, but I did not find any.
>
>       Q.     Did you check to see if Feitian had any records concerning any shipments of product to Delaware or California in preparing for your deposition?
>
>       A.     I looked, but I did not find any information.

(*Id.* at 88).

Finally, Plaintiff's allegations concerning the "dearth of business records" maintained by Feitian is nothing but wild speculation. Plaintiff's arguments, which are based on its own speculation about the type of information that other companies might have, is meritless.

## CONCLUSION

Plaintiff has admitted that, even after extensive discovery on the issue, it was unable to find "something more" that would permit this Court to exercise personal jurisdiction over Feitian under the Delaware long-arm statute. Moreover, Plaintiff's attempt to establish jurisdiction under Rule 4(k)(2) is misguided as Plaintiff did not show that Feitian would not be subject to jurisdiction in any other state. Finally, transfer is not appropriate because 28 U.S.C. § 1631 applies only if the transferor court has personal jurisdiction over the defendant, which is not the case here.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Rodger D. Smith II

Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
rsmith@mnat.com
  *Attorneys for Defendants Feitian Technologies
  Co., Ltd. and RS-Computer*

OF COUNSEL:

Matthew G. Reeves
Locke Liddell & Sapp LLP
600 Travis Street
3400 JP Morgan Chase Tower
Houston, TX  77002
(713) 226-1200

January 2, 2007

**CERTIFICATE OF SERVICE**

I, Rodger D. Smith II, hereby certify that on January 2, 2007, I caused to be electronically filed the foregoing SUPPLEMENTAL BRIEF OF DEFENDANT FEITIAN TECHNOLOGIES CO., LTD. IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, which will send notification of such filing(s) to the following:

> David S. Eagle
> Patrick A. Costello
> Klehr, Harrison, Harvey, Branzburg & Ellers

and that on January 2, 2007, I caused copies to be served upon the following in the manner indicated:

**BY HAND**

> David S. Eagle
> Patrick A. Costello
> Klehr, Harrison, Harvey, Branzburg & Ellers
> 919 Market Street
> Suite 1000
> Wilmington, DE  19801

> */s/ Rodger D. Smith II*
> Rodger D. Smith II (#3778)
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> (302) 658-9200
> rsmith@mnat.com