IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Aladdin Knowledge Systems, Ltd., | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 05-149 (GMS) |
| Feitian Technologies Co., Ltd., et al., | : | |
| Defendants. | : | |

**PLAINTIFF ALADDIN KNOWLEDGE SYSTEMS, LTD.'S REPLY BRIEF ADDRESSING THE SUPPLEMENTAL BRIEF OF DEFENDANT FEITIAN TECHNOLOGIES CO., LTD.**

CO-COUNSEL:

Michael K. Coran, Esquire
Mary Ellen O'Laughlin, Esquire
Albert Keyack, Esquire
260 S. Broad Street, 4th Floor
Philadelphia, PA 19102-5003

David S. Eagle (DE Bar No. 3387)
Patrick A. Costello (DE Bar No. 4535)
KLEHR, HARRISON, HARVEY, BRANZBURG
& ELLERS LLP
919 Market Street, Suite 1000
Wilmington, DE 19801-3062
Telephone (302) 552-5508
deagle@klehr.com
pcostello@klehr.com

Dated: January 5, 2007

Counsel for Plaintiff Aladdin Knowledge Systems, Ltd.

Table of Contents

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| I. INTRODUCTION | 1 |
| II. ARGUMENT | 1 |
| III. CONCLUSION | 4 |

# TABLE OF AUTHORITIES

## FEDERAL CASES

Ameripay, LLC v. Ameripay Payroll, Ltd., 334 F. Supp. 2d 629 (D. N.J. 2004) ...............4

Chicosky v. Presbyterian Med. Ctr., 979 F. Supp. 316 (D. N.J. 1997)...............................3

Cimon v. Gaffney, 401 F.3d 1 (1st Cir. 2005).....................................................................3

Exton v. Our Farm, Inc., 943 F. Supp. 432 (D. N.J. 1996).................................................3

Gallant v. Trustees of Columbia University, 111 F. Supp. 2d 638 (E.D. Pa. 2000)............3

Jaffe v. Julien, 754 F. Supp. 49 (E.D. Pa. 1991)..................................................................3

McTyre v. Broward General Medical Center, 749 F. Supp. 102 (D. N.J. 1990)................3

Neary v. B&L Service, Inc., 2004 WL 1240624 (E.D. Pa. June 2, 2004)...........................3

Nolt & Nolt, Inc. v. Rio Grande, Inc., 738 F. Supp. 163 (E.D. Pa. 1990) ..........................3

Nose v. Rementer, 610 F. Supp. 191 (D. Del. 1985)................................................1, 2, 3, 4

Novacare, Inc. v. Strategic Theracare Alliance, 1999 WL 259848 (E.D. Pa. April
    30, 1999) ........................................................................................................................3

Renner v. Lanard Toys Ltd.., 33 F.3d 277 (3d Cir. 1994) ...................................................3

Ross v. Colorado Outward Bound School, Inc., 822 F.2d 1524 (10th Cir. 1987)...............3

Utilitech, Inc. v. Somerset Medical Center, 2006 WL 1687046 (E.D. Pa. June 15,
    2006) ..............................................................................................................................3

## STATUTES AND RULES

28 U.S.C. § 1404(a) ..................................................................................................1, 2, 3, 4

28 U.S.C. § 1631.......................................................................................................1, 2, 3, 4

Fed.R.Civ.P. 4(k)(2)........................................................................................................1, 4

## LEGISLATIVE HISTORY

S. Rep. 97-275, 1982, 1, *reprinted in* 1982 U.S.C.C.A.N. 11 ...........................................2

S.Rep. No. 97-275, 97th Cong., 2d sess. 11, *reprinted in* 1982 U.S. Code Cong. &
    Ad. News 11, 21............................................................................................................2

## MISCELLANEOUS

15 Federal Practice & Procedure Juris.3d § 3842 (2006 Supplement) ................................. 3

I.  **INTRODUCTION**

Plaintiff Aladdin Knowledge Systems, Ltd. ("Aladdin") opposes the dismissal of this action against Defendant Feitian Technologies Co., Ltd. ("Feitian") because it has established a basis on this record for retaining jurisdiction in this Court pursuant to Fed.R.Civ.P. 4(k)(2) and, in the alternative, has shown that this action may be transferred to the U.S. District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1631 and 28 U.S.C. § 1404(a).[1]

Aladdin submits this Reply Brief to address the inaccurate contention contained in Feitian's supplemental submission to the Court that the legislative history of 28 U.S.C. § 1631 mandates that a transfer of an action under that section is limited to occasions where the transferring court does not have subject matter jurisdiction.[2] The courts in this Circuit have routinely held that transfer of an action to another district court is appropriate under 28 U.S.C. § 1631 in circumstances where the transferring court lacks personal jurisdiction.

II. **ARGUMENT**

In Section III of its Supplemental Brief, Feitian asserts that 28 U.S.C. § 1631 is "inapplicable, and the case should not be transferred" to the Northern District of Illinois because:

> [i]t is clear from the legislative history that Section 1631 applies only if the transferor court lacks subject matter jurisdiction, not personal jurisdiction. *See Nose v. Rementer*, 610 F. Supp. 191, 192, n.1 (D. Del. 1985) (holding based on the legislative history that Section 1631 applies only if the transferor court lacks subject matter jurisdiction). There is no dispute here that the Court has subject matter jurisdiction over this patent case.

[D.I. 84, p. 5]. In making this argument, Feitian: (1) disregards the plain language of the statute and misrepresents the actual holding of *Nose v. Rementer*, the sole case its cites containing any reference to § 1631's legislative history; (2) disregards not only the numerous decisions in this Circuit spanning

---

[1] Supplemental Brief of Aladdin Knowledge Systems, Ltd. in Opposition to the Motion of Defendant Feitian Technologies Co., Ltd. to Dismiss for Lack of Personal Jurisdiction, D.I. 81, pp. 1, 5-30.
[2] *See* Supplemental Brief of Defendant Feitian Technologies Co., Ltd. in Support of Its Motion to Dismiss for Lack of Personal Jurisdiction ("Supplemental Brief"). [D.I. 84].

several decades using 28 U.S.C. § 1631 as a basis for transferring a case when the transferor court lacks personal jurisdiction, but the authority cited by Aladdin in its supplemental memorandum of law [D.I. 81, p. 35]; and, (3) ignores Aladdin's argument that transfer is also appropriate pursuant to 28 U.S.C. § 1404(a) [D.I. 81, pp. 35-40].

Contrary to Feitian's assertion, in *Nose v. Rementer* the court did not hold that "Section 1631 applies only if the transferor court lacks subject matter jurisdiction." [D.I. 84, p. 5].[3] Rather, the court held that since the case was transferred from the District Court of Maryland due to lack of personal jurisdiction, Delaware's personal injury statute of limitations applied and, because it had expired prior to suit, defendant's summary judgment motion had to be granted. *Rementer*, 610 F. Supp. at 192-93. The court's mention of subject matter jurisdiction in the legislative history was non-binding dicta, set forth in a footnote using language not as determinative as Feitian implies. *See id.* at 192 n.1.[4] The actual language of the statute makes no reference to a specific type of jurisdiction; its wording reflects Congress' desire to "enhance citizen's access to justice" by providing a mechanism for transfer rather than dismissal where there is "a want of jurisdiction."

Acknowledging that the legislative history could provide a reason to narrow the statute's use, since its enactment various courts have discussed whether a § 1631 transfer is limited to cases where the court lacks subject matter jurisdiction; the courts that "construe § 1631 narrowly do so in reliance on the statute's legislative history…while those that read the statute expansively generally rely on its

---

[3] Section 1631 was enacted as part of the Federal Courts Improvement Act of 1982. In identifying the "Purpose of the Bill," the Judiciary Committee stated, "[t]he Courts Improvement Act is one of the court reform bills considered by the committee during the 19th Congress as part of a comprehensive program designed to improve the quality of our federal court system and to enhance citizen access to justice." S. Rep. 97-275, 1982, *1, 1982 U.S.C.C.A.N. 11.

[4] This section of § 1631's legislative history provides, in pertinent part: "In recent years much confusion has been engendered by provisions of existing law that leave unclear which of two or more federal courts including courts at both the trial and appellate level—have subject matter jurisdiction over certain categories of civil actions. The problem has been particularly acute in the area of administrative law where misfilings and dual filings have become commonplace." S.Rep. No. 97-275, 97th Cong., 2d sess. 11, *reprinted in* 1982 U.S. Code Cong. & Ad. News 11, 21.

2

language and Congress' intent in passing it." *Cimon v. Gaffney*, 401 F.3d 1, 7 (1st Cir. 2005) (Noting the "debate" over the statute's application and citing cases).

Despite the debate in other circuits,[5] the courts in this Circuit have almost uniformly construed § 1631 broadly, referring to it as a basis for transferring a case when the transferor court lacks personal jurisdiction.[6] Feitian's failure to acknowledge these or any of the cases cited by Aladdin holding that transfer is appropriate under § 1631 where the transferor court lacks personal jurisdiction is a concession that the Court has the authority to transfer the action pursuant to 28 U.S.C. § 1631. In addition to the cases already cited, Aladdin directs the Court to the following cases in this Circuit using § 1631 as a basis for transfer for lack of personal jurisdiction: *Renner v. Lanard Toys Ltd.*, 33 F.3d 277, 284 (3d Cir. 1994) (noting that if minimum contacts not shown after remand for jurisdictional discovery, "district court may consider…whether it would be appropriate to transfer…[under] § 1631; *Utilitech, Inc. v. Somerset Medical Center*, 2006 WL 1687046, *8 (E.D. Pa. June 15, 2006) (transfer under § 1631 for lack of personal jurisdiction); *Gallant v. Trustees of Columbia Univ.*, 111 F. Supp.2d 638, 647-48 (E.D. Pa. 2000) (agreeing with cases "holding that the plain language of the statute does not limit the applicability of section 1631 to subject matter jurisdiction"); *Novacare, Inc. v. Strategic Theracare Alliance*, 1999 WL 259848, *11 (E.D. Pa. April 30, 1999) (court *sua sponte* invoked § 1631, noting it "clearly has the power under both statutes [§§ 1404(a) and 1631] to transfer the

---

[5] *See, e.g., discussion in* 15 Fed. Prac. & Proc. Juris.3d § 3842 (2006 Supplement).
[6] With the early exceptions of dicta in *Nose v. Rementer* (D. Del. 1985) and the finding in *McTyre v. Broward Gen. Med. Ctr.*, 749 F. Supp. 102, 105 (D. N.J. 1990) (noting contrary holding in *Ross v. Colorado Outward Bound School, Inc.*, 822 F.2d 1524-1526-27 (10th Cir. 1987)), Aladdin has not found any case in this Circuit discussing the issue that has indicated it would limit § 1631 transfers to cases involving lack of subject matter jurisdiction; rather transfer where personal jurisdiction is lacking is routinely made under § 1631. *See, e.g., Nolt & Nolt, Inc. v. Rio Grande, Inc.*, 738 F. Supp. 163, 166 (E.D. Pa. 1990); *Jaffe v. Julien*, 754 F. Supp. 49, 53 (E.D. Pa. 1991); *Neary v. B&L Service, Inc.*, 2004 WL 1240624, *2 (E.D. Pa. June 2, 2004). Further, notwithstanding its discussion in *McTyre*, the District of New Jersey has subsequently found 28 U.S.C. § 1631 to be a basis for a transfer where personal jurisdiction is lacking. *See, e.g., Exton v. Our Farm, Inc.*, 943 F. Supp. 432, 441 (D. N.J. 1996) ("Faced with the choice of dismissing…for lack of personal jurisdiction or transferring the case…the 'interests of justice' dictate transfer is appropriate pursuant to Section 1631.").

action"); *Chicosky v. Presbyterian Med. Ctr.*, 979 F. Supp. 316, 320, n.3 (D. N.J. 1997) (listing cases transferring for lack of personal jurisdiction under § 1404(a) or § 1631).

Feitian's discussion of *Rementer* case is further misleading to the Court because it omits the sentence preceding the footnote discussing § 1631's legislative history: "Although the court was apparently in error in relying on 28 U.S.C. § 1631 as the basis for its authority to transfer the case, there is no doubt that the court had authority to make the transfer under 28 U.S.C. § 1404(a)." *Rementer*, 610 F. Supp. at 192. Feitian makes no mention of Aladdin's analysis of the private interest and the public interest factors considered for 28 U.S.C. § 1404(a) transfer motions and its argument that transfer is also proper under § 1404(a), an apparent concession that if the Court does not invoke jurisdiction under Fed.R.Civ.P. 4(k)(2) it may transfer the case to the Northern District of Illinois pursuant to 28 U.S.C. § 1631.

Feitian also contends § 1631 is inapplicable "[g]iven [its clear] purpose…as a remedy for confused litigants," whose action is now time-barred, citing cases outside this Circuit. [D.I.84, pp. 5, 6]. However, none of the cited cases provide that transfer under § 1631 is so limited and there is authority in this Circuit to the contrary. *See Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp.2d 629, 636 (D. N.J. 2004) (case transferred under § 1631, "expiration of statute of limitations" not relevant to the jurisdictional inquiry, only to transfer of venue analysis).

### III.  CONCLUSION

Given the clear authority in this Circuit transferring actions under § 1631 where the court lacks personal jurisdiction without reference to any other factor including confusion, mistake, or expired statute of limitation, Feitian's argument that § 1631 is inapplicable to this case should be disregarded. Further, transfer is appropriate under 28 U.S.C. § 1404(a).

CO-COUNSEL:

Michael K. Coran, Esquire
Mary Ellen O'Laughlin, Esquire
Albert Keyack, Esquire
260 South Broad Street, 4th Floor
Philadelphia, PA 19102
Telephone (215) 568-6060


Dated: January 5, 2007

KLEHR, HARRISON, HARVEY, BRANZBURG
& ELLERS LLP


By: /s/ Patrick A. Costello
David S. Eagle (Bar No. 3387)
Patrick A. Costello (Bar No. 4535)
919 Market Street, Suite 1000
Wilmington, DE 19801-3062
Telephone (302) 552-5508
Fax (302) 426-9193
deagle@klehr.com
pcostello@klehr.com

*Attorneys for Plaintiff
Aladdin Knowledge Systems, Ltd*

## CERTIFICATE OF SERVICE

I, Patrick A. Costello, hereby certify that on January 5, 2007, copies of the foregoing *Plaintiff Aladdin Knowledge Systems, Ltd.'s Reply Brief Addressing The Supplemental Brief Of Feitian Technologies Co., Ltd.* were served upon counsel listed below in the manner indicated:

**Via E-File and Hand Delivery**

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899

/s/ Patrick A. Costello
Patrick A. Costello (Bar No. 4535)