# EXHIBIT 3

DEL1 62473-1



Slip Copy                                                                                                          Page 1

Slip Copy, 2006 WL 1687046 (E.D.Pa.)
(Cite as: Slip Copy)

Briefs and Other Related Documents
Utilitech, Inc. v. Somerset Medical CenterE.D.Pa.,2006.Only the Westlaw citation is currently available.
United States District Court,E.D. Pennsylvania.
UTILITECH, INC.
v.
SOMERSET MEDICAL CENTER.
Civil Action No. 06-1232.

June 15, 2006.

John F. Yaninek, Mette, Evans & Woodside, Harrisburg, PA, for Utilitech, Inc.
James Bucci, Genova Burns & Vernoia, Philadelphia, PA, for Somerset Medical Center.

*MEMORANDUM*
BAYLSON, J.

I. *Background*

*1 This case arises from a service contract between Plaintiff UtiliTech, Inc. ("Plaintiff" or "UtiliTech"), a utility and telecommunications analysis firm based in Wyomissing, Pennsylvania, and Defendant Somerset Medical Center ("Defendant" or "SMC"), a non-profit New Jersey corporation which operates a hospital in Somerville, New Jersey. In 2002, UtiliTech offered SMC its auditing services in order to help SMC reduce utility costs. Representatives from UtiliTech traveled to New Jersey several times to meet with SMC, and the parties signed a Master Services Agreement (the "Agreement") in the spring of 2002. In the Agreement, SMC engaged UtiliTech: (1) to audit SMC's telecommunication and utility service contracts and bills "for the purpose of determining overcharges or irregularities;" and (2) to analyze SMC's energy expenditures and make recommendations regarding energy management, pricing, and procurement. Def's Br., Ex. 3 at ¶ 2. 1. As payment, UtiliTech was to receive a percentage of the monthly savings realized by SMC. Complaint at ¶ 8. The Agreement was signed on June 3, 2002 in Somerville, New Jersey, by Tom Wilgocki, Associate Director of Plant Operations for SMC, and mailed to Wyomissing, Pennsylvania, where it was signed on July 1, 2002, by Steve Bobick, President of UtiliTech. Pl's Resp. at 5.

Pursuant to the Agreement, UtiliTech initiated an audit and analysis process of SMC's expenses, began searching for energy suppliers, and sent requests to suppliers for bid proposals. Throughout this process, UtiliTech communicated with SMC about market prices, supplier proposals, and cost increases through phone calls, faxes, and e-mails. UtiliTech claims that on April 22, 2003, it mailed SMC a new version of the Agreement, concerning the energy procurement section of the document. SMC never signed the new agreement and denies receiving it. UtiliTech alleges that SMC then breached the original Agreement by signing a competitive procurement offer with Sempra Solutions, another New Jersey corporation. Pl's Resp. at 9.

On March 2, 2006, Plaintiff filed a Complaint in the Berks County Court of Common Pleas, claiming breach of contract (Count I) and unjust enrichment (Count II). On March 22, 2006, Defendant filed a Notice of Removal and the case was transferred to this Court. The Court has diversity jurisdiction over this Complaint pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000 and is between citizens of different states. Plaintiff is a resident of Pennsylvania and Defendant is a citizen of New Jersey.

Presently before the Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 4) filed on April 4, 2006. Plaintiff filed a response (Doc. No. 7) on April 27, 2006, and Defendant filed a reply (Doc. No. 9) on May 3, 2006.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                              Page 2

Slip Copy, 2006 WL 1687046 (E.D.Pa.)
(Cite as: Slip Copy)

## II. *Parties' Contentions*

### A. *Defendant's Motion*

In its Motion to Dismiss, Defendant argues that the case should be dismissed for lack of personal jurisdiction. Alternatively, Defendant asks that the case be transferred to the United States District Court for the District of New Jersey.

*2 Defendant contends that no personal jurisdiction exists over Defendant because Plaintiff has failed to establish either general or specific jurisdiction. Defendant asserts there is no basis for general jurisdiction because SMC does not have continuous or systematic contacts with Pennsylvania. Specifically, SMC notes that it is incorporated in New Jersey, its principal place of business is in New Jersey, it operates exclusively in New Jersey, and it has no operations in Pennsylvania. Defendant maintains that no grounds for specific jurisdiction exist because the cause of action does not arise from activities within the forum state. Defendant maintains that the parties' conduct in the events leading up to the execution of the Agreement, the parties' actual course of dealing after the Agreement was executed, and the terms of the Agreement itself took place in or relate to New Jersey and thus all demonstrate the lack of any purposeful contacts between SMC and Pennsylvania. In addition, Defendant declares that to exercise jurisdiction over the SMC would be unreasonable and inconsistent with notions of fair play and substantial justice because SMC would be forced to defend the case outside of New Jersey, because the witnesses are New Jersey residents, and because the state of New Jersey has a greater interest in adjudicating the dispute than Pennsylvania, since the hospital is located in New Jersey.

### B. *Plaintiff's Response*

Plaintiff argues that the Court does have personal jurisdiction over the Defendant. Plaintiff contends that it has made a prima facie showing of minimum contacts for general jurisdiction because the Defendant's website states that SMC has both patients and staff who reside in Pennsylvania, staff that teaches in Pennsylvania, and includes directions to the hospital from Philadelphia. In addition, Plaintiff argues that Defendant is located only forty miles from the Pennsylvania border and participates in a regional organ sharing program that coordinates organ donation in Pennsylvania, New Jersey, and West Virginia. In arguing that there is specific personal jurisdiction over the Defendant, Plaintiff contends that the exchange of mail, telephone calls, and e-mail between UtiliTech and SMC constituted purposefully directed contacts toward the forum state such that Defendant should have anticipated being haled into court here.

Finally, Plaintiff asserts that to move the case to New Jersey would not comport with notions of fair play and substantial justice because key witnesses involved in the case are from Pennsylvania and because, pursuant to the choice of law clause in the Agreement, the adjudication of the dispute will require the application of Pennsylvania law.

### C. *Defendant's Reply*

In its reply, Defendant argues that Plaintiff has failed to establish general personal jurisdiction because Defendant has no contacts and is not involved in any activities within Pennsylvania. Defendant contends that the Plaintiff's arguments to the contrary are without merit. Defendant asserts that nowhere has Plaintiff shown that SMC has purposely availed itself of the benefit of Pennsylvania law. Defendant argues that there cannot be specific personal jurisdiction because the Plaintiff admitted in its complaint that the cause of action arises not from an incident in Pennsylvania, but from an alleged breach of contract in New Jersey. Moreover, Defendant contends that a non-commercial website accessible to anyone cannot confer specific personal jurisdiction. Defendant further avers that both the residency or origin of SMC patients and staff and the hospital's participation in a regional organ sharing program are irrelevant to the analysis of whether SMC had continuous and systematic contacts with Pennsylvania for the purposes of this case.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Slip Copy, 2006 WL 1687046 (E.D.Pa.)
(Cite as: Slip Copy)

Page 3

*3 In addition, Defendant claims that a choice of law clause does not confer specific personal jurisdiction. With regard to Plaintiff's argument that Pennsylvania courts would be better equipped to decide Pennsylvania contract law, Defendant responds that New Jersey courts are more appropriate because the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1, governs conduct of parties who do business with New Jersey residents in New Jersey.

### III. *Legal Standard*

When deciding a motion to dismiss pursuant to F.R. Civ. P. 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir.1994). The court may grant the motion only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the Plaintiff, the Plaintiff is not entitled to relief. *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183 (3d Cir.2000). Accordingly, a federal court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Doe v. Delie*, 257 F.3d 309, 313 (3d Cir.2001).

### IV. *Discussion*

"[T]o exercise personal jurisdiction over a defendant, a federal court sitting in diversity must undertake a two-step inquiry." *Integral Nuclear Assocs., LLC v. Nair*, 2005 WL 2012036, at *4 (E.D.Pa. Aug. 19, 2005) (quoting from *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir.1998)). First, the Court considers the forum state's long-arm statute to determine whether personal jurisdiction over the defendant is proper. F.R. Civ. P. 4(e). Here, Pennsylvania's longarm statute is coextensive with the reach of the United States Constitution, providing for personal jurisdiction over a nonresident "to the fullest extent allowed under the Constitution of the United States." 42 Pa. Cons.Stat. Ann. § 5322(b). Therefore, parties with constitutionally sufficient minimum contacts with Pennsylvania are subject to suit in the Commonwealth because the parties can "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Second, the Court must assess whether the exercise of jurisdiction comports with the Due Process Clause of the Constitution. *IMO Indus.*, 155 F.3d at 259.

#### A. *General Jurisdiction*

General jurisdiction exists "when the plaintiff's cause of action arises from the defendant's non-forum related activities." *North Penn Gas Co. v. Corning Natural Gas Corp.*, 897 F.2d 687, 690 n. 2 (3d Cir.1990). The Plaintiff must demonstrate that the Defendant has maintained "continuous and systematic" contacts with the forum. *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods.*, 75 F.3d 147, 150 (3d Cir.1996) (citing *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 n. 9, 416 (1984); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n. 15 (1985)). To constitute "continuous and systematic contacts," the facts presented by the plaintiff must be "extensive and persuasive." *Reliance Steel Prods. v. Watson, Ess, Marshall & Enngas*, 675 F.2d 587, 589 (3d Cir.1982).

*4 SMC was incorporated in New Jersey, its principal place of business is in New Jersey, it operates exclusively in New Jersey, and it has no operations in Pennsylvania. Def's Br. at 2. Plaintiff's argument that there is general jurisdiction over Defendant because the hospital is located within forty miles of the Pennsylvania border is without merit. Defendant is still a citizen of New Jersey and whether it conducts business in Pennsylvania does not depend on its proximity to the Pennsylvania border. Plaintiff cites no case law showing the existence of a jurisdictional "forty mile" rule. Similarly without merit is Plaintiff's argument that Defendant participates in a regional organ sharing program. While it is true that the United Network for Organ Sharing distributes donated organs across the region, SMC decides neither the origin of the organs they receive nor the destination of the organs

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                          Page 4

Slip Copy, 2006 WL 1687046 (E.D.Pa.)
(Cite as: Slip Copy)

they donate, and the Court refuses to find that minimum contacts have been established in this manner. Plaintiff's argument that there is jurisdiction because Defendant has patients from Pennsylvania and that some of its staff teach in, were educated in, or are from Pennsylvania is also without merit. SMC has no operations or employees in Pennsylvania and whether certain staff members teach or were educated in that state is not relevant to the question of personal jurisdiction before the Court.

Plaintiff also argues that jurisdiction has been established over Defendant because Defendant's website contains driving directions to the hospital from Philadelphia. Plaintiff argues that the inclusion of directions on the site shows that the Defendant is purposefully soliciting business from Pennsylvania. Operating a website is not in itself sufficient to establish personal jurisdiction. *See Miller Yacht Sales v. Smith*, 384 F.3d 93, 106 (3d Cir.2004). Even a commercially interactive website is not by itself a sufficient basis for personal jurisdiction. *Toys "R" Us v. Step Two*, 318 F.3d 446, 454 (3d. Cir.2003); *see also Kennedy Indus. v. Aparo*, 2006 WL 560147, at *3 (E.D.Pa. Mar. 6, 2006) (finding that seventeen sales to Pennsylvania residents via website were not minimum contacts sufficient to establish general jurisdiction). Here, the inclusion of driving directions on the website does not indicate that SMC is targeting Pennsylvania residents as either patients or employees. There are numerous reasons for the provision of driving directions from the Philadelphia area, including, for example, allowing easier access for visitors of hospital patients.[FN1] Plaintiff has failed to cite any case law holding that the publication of driving directions on a website establishes minimum contacts, and the Court is unwilling to find otherwise.

> FN1. Though Plaintiff has made considerable efforts to raise before the Court every possible link between SMC and the state of Pennsylvania included on the SMC website, Defendant has noted, and the Court believes it bears mention, that the "fact sheet" provided on the same website provides the following general description of the hospital: "Founded in 1899, Somerset Medical Center is a 355-bed acute care and teaching hospital in Somerville, providing comprehensive inpatient, outpatient, same-day, medical/surgical and rehabilitation services to *residents of Central New Jersey*" (emphasis added). Def's Reply at 5.

**B. *Specific Jurisdiction***

Specific jurisdiction exists "where the plaintiff's claim 'is related to or arises out of the defendant's contacts with the forum.'" *Rotondo Weinreich Enters. v. Rock City Mech., Inc.*, 2005 WL 119571, at *2 (E.D.Pa. Jan. 19, 2005) (quoting *Pennzoil Prods. Co. v. Colelli & Assocs.*, 149 F.3d 197, 201 (3d Cir.1998)). The Supreme Court has held that specific jurisdiction is proper when the defendant "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King*, 471 U.S. at 472 (internal citations and quotations omitted). The Court must therefore determine "whether the defendant had minimum contacts with the forum such that it would have reasonably anticipated being haled into court there," and if so, "whether the assertion of personal jurisdiction would comport with fair play and substantial justice."[FN2] *Integral Nuclear Assocs.*, 2005 WL 2012036, at **5-6.

> FN2. Though in addition to minimum contacts a court must also determine in its discretion that the exercise of discretion satisfies the second part of the test and comports with "fair play and substantial justice," *see Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods.*, 75 F.3d 147, 150-51 (3d Cir.1996) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)), the Court need not address that issue in this case. The Court will not engage in a fair play and substantial justice analysis because, as discussed below, UtiliTech has not met its burden of demonstrating SMC's minimum contacts with the forum.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                   Page 5

Slip Copy, 2006 WL 1687046 (E.D.Pa.)
(Cite as: Slip Copy)

*5 To find the minimum contacts required, the Court considers "foreseeability [,] [which] is critical to due process analysis ... [and can be demonstrated by] the defendant's conduct and connection with the forum ... such that he should reasonably anticipate being haled into court there." *Burger King,* 471 U.S. at 474 (quoting *World-Wide Volkswagen Corp.,* 444 U.S. at 295); *see also Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino,* 960 F.2d 1217, 1221 (3d Cir.1992) (noting that in assessing personal jurisdiction courts should consider "the relationship among the forum, the defendant, and the litigation" and determine whether the defendant's actions and connection with the forum state are sufficient to make him reasonably anticipate being haled into court there (quoting *Shaffer v. Heitner,* 433 U.S. 186, 204 (1977)).

The Third Circuit has outlined the approach district courts should take in determining whether personal jurisdiction should be exercised in cases involving contracts:

In contract cases, courts should inquire whether the defendant's contacts with the forum were instrumental in either the formation of the contract or its breach. Parties who reach out beyond their state and create continuing relationships and obligations with citizens of another state are subject to the regulations of their activity in that undertaking. Courts are not reluctant to find personal jurisdiction in such instances. Modern transportation and communications have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity.

*General Elec. Co. v. Deutz AG,* 270 F.3d 144, 150 (3d Cir.2001) (quotations, citations, and brackets omitted). In *Deutz,* the Third Circuit clarified that " it is not significant that one or the other party initiated the relationship," because "[i]n the commercial milieu, the intention to establish a common venture extending over a substantial period of time is a more important consideration." *Id.* at 151.

While activities such as simply entering into a contract and/or having isolated or occasional telephone, electronic, and/or written communications with a Pennsylvania resident do not in themselves constitute the minimum contacts necessary for specific jurisdiction, purposeful and voluntary contacts by the defendant that give rise to the cause of action do justify the exercise of jurisdiction. *See Integral Nuclear Assocs.,* 2005 WL 2012036, at * *5-6. In *Fidelity Leasing, Inc. v. Limestone County Board of Education,* 758 A.2d 1207 (Pa.Super.Ct.2000), the Pennsylvania Superior Court discussed personal jurisdiction in the context of a contract dispute, writing as follows:

It is well-settled that an individual's contract with a non-resident party *alone* cannot automatically establish sufficient minimum contacts in the other party's home state. Rather, the totality of the circumstances, including the parties' prior negotiations, their contemplated future consequences, their actual course of dealing and the terms of the contract must be evaluated in order to determine whether the non-resident is subject to the Commonwealth's forum. It is necessary that the defendant's contacts are purposeful and voluntary and give rise to the cause of action.

*6 *Id.* at 1211.

Here, much like the interaction between the parties in *Integral Nuclear Associates,* SMC was involved in a contract with UtiliTech, but any connections to Pennsylvania were limited to phone calls, e-mails, mailings, and faxes between UtiliTech's Pennsylvania office and SMC in Somerville, New Jersey. Although UtiliTech representatives visited SMC in New Jersey, no SMC employee or representative entered Pennsylvania for any purpose related to its contract with UtiliTech. In *Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products Co.,* 75 F.3d 147, 151-52 (3d Cir .1996), involving a claim for breach of a supply agreement, the Third Circuit found that the defendant's contacts with the forum state were insufficient to establish minimum contacts because the defendant's personnel never visited Pennsylvania and "[t]he only contacts that [defendant] had with Pennsylvania consisted of some telephone calls and letters written to [plaintiff] in Pennsylvania." *Id.* at 152. The case at hand is distinguishable from situations where jurisdiction over the defendant has been premised on a contract with a citizen of the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Page 6

Slip Copy, 2006 WL 1687046 (E.D.Pa.)
**(Cite as: Slip Copy)**

forum state. In the instant case, Defendant also did not solicit Plaintiff's business (in fact, it was Plaintiff who solicited Defendant), nor did it initiate the process which led to the formation of the Agreement. Defendant did not send any payments to Plaintiff in the forum state, nor did it engage in any post-Agreement activities within the forum state.

Two Third Circuit cases decided after *Vetrotex* have reversed a trial court's dismissal for lack of personal jurisdiction, but the facts in those cases are distinguishable. *See Integral Nuclear Assocs.,* 2005 WL 2012036, at *6. *Remick v. Manfredy,* 238 F.3d 248 (3d Cir.2001), involved a motion to dismiss for lack of personal jurisdiction in a suit stemming from a contract for professional legal services. The defendant in *Remick* asserted that because he was not a resident of Pennsylvania, he should not be required to respond to a claim brought in Pennsylvania by the plaintiff, his lawyer. The Third Circuit disagreed and held that because many of the services performed by attorney Remick on behalf of the client were conducted at the attorney's Philadelphia office, the client should have expected to be subject to personal jurisdiction in Pennsylvania. The *Remick* court found that the contract claim at issue was more similar to the cases distinguished in *Vetrotex* and concluded that " [t]hese facts as a whole involved more entangling contacts than the mere 'informational communications' at issue in *Vetrotex.*" 238 F.3d at 256.

The other recent case regarding specific jurisdiction is *Miller Yacht Sales, Inc. v. Smith,* 384 F.3d 93 (3d Cir.2004), in which a boat seller brought suit in the District of New Jersey for trade-dress infringement, unfair competition, and tortious interference against a proposed marketing representative and dealer. The evidence showed that the defendant's representatives had made visits to New Jersey and had marketed their boats in New Jersey, advertising in magazines distributed in New Jersey and also attending trade shows in the state. The court found that *Vetrotex* was distinguishable and concluded that those contacts were sufficient to allow personal jurisdiction in New Jersey. 384 F.3d at 103-04.

*7 Although Plaintiff is entitled to have the facts inferred in its favor, it still bears the burden of establishing jurisdiction. *See id.* at 97. As fully explained below, the Court finds that *Vetrotex* controls, since the facts in this case are more like those in *Vetrotex* than the *Remick* and *Miller* cases, *supra.*

Plaintiff alleges that most of the work in performance of the contract was done in Pennsylvania. Plaintiff argues that, as in *Remick,* the Defendant should have expected that the work would be performed in Pennsylvania and therefore should have anticipated the possibility of being haled into court there. However, in *Remick,* the defendant had solicited the plaintiff's services, had signed a fee agreement pursuant to Pennsylvania law, and had made a payment to the plaintiff. In the present case, SMC did not solicit Plaintiff's services, nor did it make any payments to UtiliTech. The work that was to be performed under the contract was analyzing the hospital's expenditures, requiring research and information gathering that all took place in New Jersey. All of the work performed concerned or was directed at the hospital in New Jersey. In addition, the Supreme Court has rejected the notion that personal jurisdiction might turn on "conceptualistic ... theories of the place of contracting or of performance." *Burger King,* 471 U.S. at 478 (quoting *Hoopeston Canning Co. v. Cullen,* 318 U.S. 313, 316 (1943)); *see also Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc.,* 786 F.2d 1055, 1059 (11th Cir.1986) (stating that it is "the nonresident [party]'s actions which [are] important, rather than the location of the [resident plaintiff's] performance of its obligations under the contract" (citing *Scullin Steel Co. v. Nat'l Ry. Utilization Corp .,* 676 F.2d 309, 313-14 (8th Cir.1982)).

Plaintiff argues that because the Agreement between SMC and UtiliTech mandates the application of Pennsylvania law, the Defendant should reasonably have expected to be haled into court in Pennsylvania. However, the United States Supreme Court has established that a choice of law provision is not determinative of whether the court can exercise personal jurisdiction over a foreign defendant. *Burger King,* 471 U.S. at 481; *see also The Quandel Group v. Chamberlin Co., Inc.,* 1999

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                 Page 7

Slip Copy, 2006 WL 1687046 (E.D.Pa.)
**(Cite as: Slip Copy)**

WL 382878, at * *3-4 (E.D. Pa. June 14, 1999) (holding that a choice of law provision designating Pennsylvania law was not sufficient to establish personal jurisdiction).

Finally, Plaintiff contends that the exchange of phone calls, e-mails, mailings, and faxes between UtiliTech and SMC show purposeful contacts with the forum state and establish personal jurisdiction. At no time did a representative of SMC enter Pennsylvania in relation to the contract's formation or breach. Although "physical presence within the forum state is not required to establish personal jurisdiction over a nonresident defendant," *IMO Indus.*, 155 F.3d at 259, its "absence is a factor." *Integral Nuclear Assocs.*, 2005 WL 2012036, at *7. Moreover, the phone calls and other contacts in this case are no different than those at issue in *Vetrotex*. The Third Circuit has established that " informational communications in furtherance of a contract between a resident and a nonresident does not establish the purposeful activity necessary for a valid assertion of personal jurisdiction over the nonresident defendant." *Vetrotex*, 75 F.3d at 152 (brackets omitted) (citing *Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*, 5 F.3d 28, 32 (3d Cir.1993)). The communications between SMC and UtiliTech were occasional contacts made in the process of negotiating and fulfilling the contract and do not constitute "voluntary and purposeful" actions toward the forum state. Considering Defendant's demonstrated absence, UtiliTech has failed to establish that SMC purposefully directed its activities towards the forum state. *See Burger King*, 471 U.S. at 472. Rather, the Court finds that SMC's activities were exclusively in New Jersey and concerned the function of the New Jersey hospital, and its communications with Pennsylvania, and any other ties suggested by Plaintiff in its response brief, are insufficient to establish that Defendant had sufficient minimum contacts with the forum state to establish personal jurisdiction.

*8 In its brief, Defendant asserts that if the Court finds that jurisdiction does not exist in this Court, it should transfer the case to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1631. The Court finds that such a transfer is appropriate under the circumstances.

### V. *Conclusion*

For the reasons stated above, the Court concludes that there are insufficient minimum contacts to establish **personal jurisdiction** and Defendant's Motion will therefore be granted. The Court will also transfer the case to the District of New Jersey pursuant to 28 U.S.C. § **1631**.

An appropriate Order follows.

### *ORDER*

AND NOW this 15th day of June, 2006, upon consideration of Defendant's Motion to Dismiss for Lack of **Personal Jurisdiction** (Doc. No. 4), and the responses thereto, it is hereby ORDERED that the Motion is GRANTED. Pursuant to 28 U.S.C. § **1631**, this case is transferred to the United States District Court for the District of New Jersey.

E.D.Pa.,2006.
Utilitech, Inc. v. Somerset Medical Center
Slip Copy, 2006 WL 1687046 (E.D.Pa.)

Briefs and Other Related Documents (Back to top)

• 2006 WL 1766926 (Trial Motion, Memorandum and Affidavit) Defendant Somerset Health Care Corporation's Reply Brief in Support of Its Motion to Dismiss Complaint for Lack of Personal Jurisdiction, or in the Alternative, to Transfer to the District of New Jersey (May 3, 2006) Original Image of this Document with Appendix (PDF)
• 2006 WL 1357532 (Trial Motion, Memorandum and Affidavit) Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Complaint for Lack of Personal Jurisdiction, or in the Alternative to Transfer the Case (Apr. 26, 2006) Original Image of this Document (PDF)
• 2006 WL 1357531 (Trial Motion, Memorandum and Affidavit) Motion of Defendant to Dismiss Complaint for Lack of Personal Jurisdiction, or in the Alternative to Transfer Case (Apr. 12, 2006) Original Image of this Document (PDF)
• 2:06cv01232 (Docket) (Mar. 22, 2006)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.