IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALADDIN KNOWLEDGE SYSTEMS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-149-GMS |
| | ) | |
| FEITIAN TECHNOLOGIES CO., LTD., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT'S SUR-REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
rsmith@mnat.com
  *Attorney for Defendants Feitian Technologies
  Co., Ltd. and R-S Computer*

OF COUNSEL:

Matthew G. Reeves
Locke Liddell & Sapp LLP
600 Travis Street
3400 JP Morgan Chase Tower
Houston, TX  77002
(713) 226-1200

January 12, 2007

INTRODUCTION

The Court should dismiss this action for lack of personal jurisdiction. As set forth in Feitian's Supplemental Brief, Plaintiff has now admitted that minimum contacts do not exist to support retaining jurisdiction over Feitian. Moreover, Feitian has also demonstrated that there is no basis for the Court to retain jurisdiction under Fed. R. Civ. P. 4(k)(2) in the face of uncontested evidence that other jurisdictions may be appropriate. Indeed, Plaintiff's argument that this Court can retain jurisdiction under Rule 4(k)(2) is flatly contradicted by its claim that the Court should, in the alternative, transfer the action to the Northern District of Illinois.

ARGUMENT

None of the cases cited by Plaintiff in its reply brief support its claim that transfer is appropriate here under either 28 U.S.C. § 1631 or 28 U.S.C. § 1404(a).

Most of Plaintiff's reply brief focuses on whether transfer under Section 1631 is appropriate if a court lacks personal jurisdiction, not subject matter jurisdiction. The legislative history of Section 1631 and the Court's decision in *Nose v. Rementer*, 610 F. Supp 191, 192 (D. Del. 1985), demonstrate that Section 1631 applies only if the transfer court lacks subject matter jurisdiction.

Although the law may not be fully settled on the point, the cases cited by Plaintiff are not controlling and are not persuasive. In *Utilitec, Inc. v. Somerset Medical Ctr.*, 2006 WL 1687046 (E.D. Pa. June 16, 2006), the court provides no substantive analysis of the issue, and makes only a bald statement about the applicability of Section 1631. Moreover, transfer was apparently unopposed in that case.

2.

In *Gallant v. Trustees of Columbia University*, 111 F. Supp. 2d 638 (E.D. Pa. 2000), the court raised the issue of Section 1631 *sua sponte*. The issue was apparently decided without briefing or argument from the parties. The same is true for *Novacare, Inc. v. Strategic Theracare Alliance*, 1999 WL 259848 (E.D. Pa. April 30, 1999).

Even if the Court were to conclude, however, that it has the power to transfer this case under Section 1631, transfer is not appropriate here. Transfer is only appropriate under Section 1631 if it would serve the interests of justice. That requires more than the bare fact that Plaintiff filed in the wrong jurisdiction, particularly where, as here, Plaintiff was aware of the facts concerning other jurisdictions at the time it filed its lawsuit.

For example, in *Gallant*, 111 F. Supp 2d at 647, the court specifically noted that Plaintiff was in the position that if the action were dismissed rather than transferred, Plaintiff might be time-barred from bringing his claim in another forum. Similarly, in *Ameripay, LLC v. Ameripay Payroll Ltd.*, 334 F. Supp. 2d 629 (D.N.J. 2004), also cited by Plaintiff, the Court transferred under Section 1631 so that Plaintiff could seek equitable tolling relief where its claim had expired in the proper jurisdiction. Therefore, the court concluded that transfer in that case was warranted in the interest of justice.

The interests of justice do not favor Plaintiff here. Plaintiff brought suit in this jurisdiction against multiple defendants that have now been dismissed for lack of personal jurisdiction. Of the two remaining defendants, Plaintiff has stated that it will dismiss the case against RS Computer for lack of jurisdiction, and has admitted that it cannot establish minimum contacts for jurisdiction over Feitian. It is apparent that Plaintiff never had any reason or evidence to believe that these defendants, including Feitian, were subject to personal jurisdiction

3.

in Delaware. Plaintiff's decision to bring suit in Delaware was nothing more than forum shopping.

The Court should dismiss this action for lack of personal jurisdiction, and leave it to Plaintiff to re-file suit in a more appropriate jurisdiction, if it chooses. There are no interests of justice that would be served by transferring this litigation. The Plaintiff is free, and has always been free, to dismiss this suit and re-file somewhere else. There are no issues of statutes of limitation, *res judicata*, or anything else that would stop Plaintiff from re-filing this lawsuit in another jurisdiction. To transfer this case under the circumstances here would not advance the policies behind Section 1631 or Section 1404. Instead, it would invite future plaintiffs to file suit in their preferred jurisdiction, regardless of the facts, with the knowledge that if they fail, the Court will transfer the matter for them anyway. Such a result would invite more forum shopping, waste judicial resources, and unnecessarily increase the cost of litigation.

## CONCLUSION

Plaintiff had no reason to believe that Delaware was an appropriate jurisdiction for Feitian, or any of the other defendants, at the time it brought this lawsuit. There are no statutes of limitation or other bars preventing Plaintiff from re-filing this lawsuit in another jurisdiction, if it chooses so. Therefore, transfer under Section 1631 or Section 1404(a) is not appropriate, and the Court should simply dismiss this action for lack of personal jurisdiction.

4.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
rsmith@mnat.com
  *Attorneys for Defendants Feitian Technologies
  Co., Ltd. and RS-Computer*

OF COUNSEL:

Matthew G. Reeves
Locke Liddell & Sapp LLP
600 Travis Street
3400 JP Morgan Chase Tower
Houston, TX  77002
(713) 226-1200

January 12, 2007

667467

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on January 12, 2007, I caused to be electronically filed the foregoing DEFENDANT'S SUR-REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, which will send notification of such filing(s) to the following:

> David S. Eagle
> Patrick A. Costello
> Klehr, Harrison, Harvey, Branzburg & Ellers

and that on January 12, 2007, I caused copies to be served upon the following in the manner indicated:

### BY HAND

> David S. Eagle
> Patrick A. Costello
> Klehr, Harrison, Harvey, Branzburg & Ellers
> 919 Market Street
> Suite 1000
> Wilmington, DE  19801

*/s/ Rodger D. Smith II*
Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
(302) 658-9200
rsmith@mnat.com