IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALADDIN KNOWLEDGE SYSTEMS,       )
LTD.,                            )
                                 )
            Plaintiff,           )
                                 )    C.A. No. 05-149 (GMS)
        v.                       )
                                 )
FEITIAN TECHNOLOGIES CO.         )
LTD., et al.                     )
                                 )
                                 )
            Defendants.          )

## **ORDER**

Presently before the court is Feitian Technologies Co., Ltd., ("Feitian")'s motion to dismiss for lack of personal jurisdiction. (D.I. 40.) Aladdin Knowledge Systems, Ltd., ("Aladdin") seeks denial of this motion or, in the alternative, transfer of the suit to the United States District Court for the Northern District of Illinois. (D.I. 81.)

Aladdin concedes, and the court agrees, that it has not established personal jurisdiction over Feitian based on Delaware's long-arm statute. (D.I. 81 at 1.) For reasons set forth below, Aladdin also admits that personal jurisdiction over Feitian cannot be established pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure, which applies only when a defendant is not subject to jurisdiction in any state's courts of general jurisdiction. Fed. R. Civ. P. 4(k)(2); (D.I. 81 at 24-34.)

Through jurisdictional discovery, Aladdin adduced and submitted to the court "evidence of Feitian's contacts with Illinois sufficient to subject it to personal jurisdiction in that forum." (D.I. 81 at 24.) Feitian does not dispute this evidence or that such jurisdiction exists. (D.I. 84; D.I. 88.) Aladdin therefore requests that the court transfer this case to the United States District

Court for the Northern District of Illinois, where the case could have been originally brought, pursuant to 28 U.S.C. §1631.  (D.I. 81.)

Feitian opposes transfer under §1631 because this court has subject matter jurisdiction over the case.  (D.I. 84 at 5 (citing *Nose v. Rementer*, 610 F. Supp. 191, 192 n.1 (U.S.D.C.-Del. 1985).)  According to Feitian, *Nose* held that, "based on the legislative history[,] Section 1631 applies only if the transferor court lacks subject matter jurisdiction."  (D.I. 84 at 5 (citing *Nose*, 610 F. Supp. at 192 n.1).)  Contrary to Feitian's characterization, however, that was not the holding of the case.  (*Id.* (characterizing dicta in *Nose* as "holding").)  Moreover, that is not the law in this Circuit.  *E.g., Island Insteel Systems, Inc., et al. v. Waters et al.*, 296 F.3d 200, 218 n.9 (3d Cir. 2002) (noting district courts' authority, in the absence of in personam jurisdiction, to transfer actions under §1631).  In mischaracterizing dicta as holding in a District Court case from 1985, and in citing that dicta for a proposition contrary to the settled law of the Third Circuit, Feitian's argument may charitably be described as disingenuous.

Because personal jurisdiction exists in Illinois, and because transfer is in the interests of justice, the court will transfer this action.


IT IS HEREBY ORDERED THAT:

1.  The defendant's motion to dismiss for lack of personal jurisdiction is GRANTED in part;

2.  This action is transferred to the United States District Court for the Northern District of Illinois.


Dated:  February 19, 2008                    /s/ Gregory M. Sleet
                                             CHIEF, UNITED STATES DISTRICT JUDGE